IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES CHARLEY MOON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | 2:06-CV-384-WKW |
| RICHARD ALLEN, ET AL. ) | |
| ) | |
| Defendants. ) | |

## SPECIAL REPORT

COME NOW the Defendants, **Commissioner Richard Allen, Associate Commissioner Ruth Naglich, Warden J.C. Giles, Captain Larry Monk and Sergeant Sherwin Carter**, (referred to below as "the DOC defendants") by and through undersigned counsel, and in accordance with this Honorable Court's May 15, 2006 Order, offer the following written report.

## PARTIES

1. The Plaintiff, James Charley Moon, is an inmate of the Alabama Prison System.

2. Defendant Richard Allen is Commissioner of the Alabama Department of Corrections.

3. Defendant Ruth Naglich is the Health Services Commissioner for the Alabama Department of Corrections.

4. Defendant J.C. Giles is a Warden III for the Alabama Department of Corrections and is currently assigned to Ventress Correctional Facility.

5. Defendant Sherwin Carter is a Sergeant for the Alabama Department of Corrections and is currently assigned to Ventress Correctional Facility.

6. Defendant Larry Monk is a Captain for the Alabama Department of Corrections and is currently assigned to Ventress Correctional Facility.

## EXHIBITS

EXHIBIT 1 – Affidavit of J.C. Giles.

EXHIBIT 2 – Affidavit of Marshall L. Monk.

EXHIBIT 3 – Affidavit of Sherwin V. Carter.

## PLAINTIFF'S CLAIMS

Plaintiff claims that he did not receive proper dental care, which in turn led to a variety of other problems. He claims that the medication he was given for pain caused damage to his esophagus and that he has suffered from depression due to the lack of care. The Plaintiff seeks a recovery of over $6,000,000, injunctive relief and lifetime medical care.

## DEFENDANTS' RESPONSE

1. These Defendants deny that they violated the Plaintiff's constitutional rights.

2. These Defendants deny each and every material allegation not specifically admitted herein and demand strict proof thereof.

3. The Plaintiff has failed to state a claim upon which relief may be granted against these Defendants.

4. The Plaintiff makes no specific allegations against Commissioner Allen, Assistant Commissioner Naglich, Warden Giles, Captain Monk or Sergeant Carter.

5.  The Defendants are immune from suit under the Eleventh Amendment to the United States Constitution.

6.  The Defendants are immune from suit due to qualified immunity.

## STATEMENT OF FACTS

Ventress Correctional Facility provides all inmates access to both health and dental care at the Health Care Unit located at the facility.  Exhibit 1.  None of these Defendants possess any medical expertise and cannot make medical determinations regarding any inmate. Exhibits 1 and 2.  These Defendants rely on the expertise of the medical professionals under contract with the DOC to diagnose and treat inmates.  Exhibit 1 and 2.  The only time Plaintiff requested Captain Monk to allow him medical assistance, Plaintiff's request was granted and he was referred to a nurse for medical assistance.  Exhibit 2.  The only times Plaintiff has been denied canteen privileges were times when those privileges had been suspended due to rules violations by the Plaintiff.  Exhibits 2 and 3.  Plaintiff admits that after he placed these Defendants on notice of his complaints, proper action was taken.  Complaint, p.14.

## ARGUMENT

Plaintiff claims that these Defendants, as well as the medical defendants, failed to provide him with adequate medical care. The gist of Plaintiff's inadequate medical-treatment claim is that the DOC Defendants have refused to insure that he received proper treatment for certain dental problems, and that the failure to receive proper medical attention led to other problems.  Plaintiff alleges, without the support of any admissible medical evidence, that all of his problems are due to the inadequate and/or improper treatment of Plaintiff's dental condition.  There has been absolutely no

3

allegation made that any of the DOC Defendants deliberately denied Plaintiff the right to seek medical attention for his condition or that any of the DOC Defendants possess the requisite knowledge to question or overrule the opinion of a licensed physician with regard to Plaintiff's medical conditions.

To properly allege a constitutional violation based on failure to provide adequate medical care, a detainee "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Calhoun v. Thomas*, --- F.Supp.2d ----, 2005 WL 646803 (M.D. Ala. 2005); *Estelle v. Gamble,* 429 U.S. 97, 106 S.Ct. 285 (1976). "Deliberate indifference" requires that the official know of and disregard an excessive risk to inmate health or safety. *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The official "must *both* be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* (emphasis added). Deliberate indifference contemplates a state of mind more blameworthy than negligence. *Id.* at 835, 114 S.Ct. at 1978. A "serious medical condition" is an objectively serious medical need that, if left unattended, poses a serious risk of harm. *Taylor v. Adams,* 221 F.3d 1254 (11th Cir.2000). The condition must have either been diagnosed by a physician as mandating treatment or be "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Regional Youth Detention Center,* 40 F.3d 1176 (11th Cir.1994).

The Eighth Amendment "does not authorize judicial reconsideration of every governmental action affecting the interests or well-being of a prisoner." *Calhoun v. Thomas*, --- F.Supp.2d ----, 2005 WL 646803 (M.D. Ala. 2005); *Miller v. King,* 384 F.3d 1248, 1260 (11th Cir.2004) (internal quotations omitted) (quoting *Whitley v. Albers,* 475

4

U.S. 312, 319, 106 S.Ct. 1078, 1084, 89 L.Ed.2d 251 (1986)). Prison conditions rise to the level of an Eighth Amendment violation only when they involve the wanton and unnecessary infliction of pain. *Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002); *Farrow v. West,* 320 F.3d 1235 (11th Cir.2003). To demonstrate an Eighth Amendment violation with respect to conditions of confinement, a prisoner must satisfy both an objective and a subjective inquiry. *Miller,* 384 F.3d at 1261. Under the objective inquiry, he must prove that he was denied the "minimal civilized measure of life's necessities." *Id.* (quoting *Chandler v. Crosby,* 379 F.3d 1278, 1289-90 (11th Cir.2004)). The condition challenged must be "extreme" and must pose "an unreasonable risk of serious damage to his future health." *Chandler,* 379 F.3d at 1289-90. Under the subjective component, the prisoner must prove that the prison official acted with "deliberate indifference" in disregarding that risk. *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979. Plaintiff in this case can satisfy neither the objective inquiry nor the subjective inquiry.

The allegations made by Plaintiff in the case at bar simply do not rise to the level required by law to maintain an action. The only time the Plaintiff requested one of the DOC Defendants provide him with medical attention, that request was granted. Plaintiff further admits in his Complaint on page 14 that after he put the DOC on notice, he got treatment. His only argument is that it was too late and that by the time he put the DOC Defendants on notice of the situation "the damage had already been done." There is nothing to suggest that any of the DOC Defendants were *both* aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, or that any of them drew that inference. To the contrary, the only evidence regarding the DOC

Defendants' knowledge is that they provided Plaintiff access to medical care when requested. Plaintiff simply cannot meet his burden for bringing this type of action.

Plaintiff cannot establish that any DOC Defendant has been deliberately indifferent to Plaintiff's medical needs. None of the DOC Defendants made any decisions regarding the proper medical treatment for plaintiff, and did not intercede, overrule, or influence any decisions made by medical personnel regarding medical treatment for plaintiff. In addition, Plaintiff has never been denied medical care. The gravamen of Plaintiff's complaint is that he was negligently treated.

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' " and is a violation of the Eighth Amendment right to be free from cruel and unusual punishment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976). Deliberate indifference can be manifested by prison personnel intentionally denying or delaying access to medical care, by prison personnel interfering with prescribed treatment, or by prison doctors responding indifferently to a prisoner's medical needs. *Estelle,* 429 U.S. at 104-05. However, "an inadvertent failure to provide adequate medical care cannot be said to constitute 'an unnecessary and wanton infliction of pain' or to be 'repugnant to the conscience of mankind.*' Thus, a complaint that a physician has been negligent in . . . treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment*. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 105-06. (emphasis added).

The Supreme Court in *Estelle* considered that the inmate plaintiff had been seen by medical personnel numerous times and that he had received treatment. *Id.* at 107. The

6

Court, after considering the inmate's claim that other testing or treatment that had been warranted by his condition was not performed or prescribed, determined that the possibility that other tests or treatment might have been advisable in a certain situation was "[a]t most ... medical malpractice." *Id.* The court stated that "[a] medical decision not to order [certain treatment] does not represent cruel and unusual punishment." *Id.*

Like the inmate in *Estelle,* Plaintiff has undisputedly received medical care for his complaints. Even assuming that the medical care provided to Plaintiff has been negligent, which these Defendants certainly do not have a competent opinion on, and in any event do not believe, no constitutional claim arises. None of Plaintiff's allegations rises to the level necessary to state a constitutional claim of deliberate indifference to Plaintiff's medical needs.

Further, "[t]he State of Alabama, its agencies, and its officials acting in their official capacities are not considered 'persons' for purposes of an action for damages under 42 U.S.C. § 1983." *State Dep't of Pub. Safety v. Sexton,* 748 So.2d 200 (Ala. Civ. App. 1998) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)). Therefore, Plaintiff's claims for damages from the DOC employees under any § 1983 claim are prohibited by law.

This case should also be dismissed against the DOC Defendants because they are immune from suit. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." The Amendment therefore not only bars suits against a state by citizens of another state, but also bars suits against a state by that state's own citizenry. *See Edelman v. Jordan*, 415 U.S. 651, 663, 94 S. Ct.

7

1347, 1355 (1974) and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The Eleventh Amendment also prohibits suit against state officials and employees where the state is the real, substantial party in interest. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-02, 104 S. Ct. 900, 908-09, 79 L.Ed.2d 67 (1984). "For example, if a lawsuit seeks to order the state officer to pay funds directly from the state treasury for the wrongful acts of the state, then the state is the real party in interest and the Eleventh Amendment bars the suit." *Summit Medical Associates, P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999). This suit is in reality a suit against the State; thus, the DOC Defendants should be dismissed based on immunity.

In addition, the DOC Defendants are protected by qualified immunity. As stated by the Eleventh Circuit, "[q]ualified immunity protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998) (quoting *Lassiter v. Alabama A & M Univ. Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994) (en banc)). *Wilson, supra* (holding that the marshal, wardens, and corrections officer were protected by qualified immunity); *see also Pinkney v. Davis*, 952 F. Supp. 1561 (M.D. Ala. 1997) (holding that wardens, deputy warden, and other prison officials were entitled to qualified immunity). The Eleventh Circuit has held that "[p]rison officials have 'wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.'" *Wilson*, 163 F.3d at 1295, *quoting Bell v. Wolfish*, 441 U.S. 520, 547, 99 S.Ct.

1861, 1878 (1979).    None of the DOC Defendants have violated Plaintiff's clearly established rights; thus, they are entitled to qualified immunity.

## CONCLUSION

There are no genuine issues of material fact, and the Defendants Commissioner Richard Allen, Associate Commissioner Ruth Naglich, Warden J.C. Giles, Captain Larry Monk and Sergeant Sherwin Carter are entitled to judgment as a matter of law.

WHEREFORE, Defendants Commissioner Richard Allen, Associate Commissioner Ruth Naglich, Warden J.C. Giles, Captain Larry Monk and Sergeant Sherwin Carter respectfully request that this Honorable Court dismiss the claims against them.

Respectfully submitted,

TROY KING (KIN047)
Attorney General


s/ Benjamin H. Albritton
Benjamin H. Albritton (ALB008)
Assistant Attorney General

ADDRESS OF COUNSEL:

Office of the Attorney General
11 South Union Street
Montgomery, AL 36130
(334) 242-7300

**CERTIFICATE OF SERVICE**

I hereby certify that I have, this the 22nd day of June, 2006, served a copy of the foregoing upon the Plaintiff by placing same in the United States Mail, postage prepaid and properly addressed as follows:

James Charley Moon
Ventress Correctional Facility
P.O. Box 767
Clayton, AL 36106

                                                      s/ Benjamin H. Albritton
                                                      Benjamin H. Albritton
                                                      Assistant Attorney General