IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES CHARLEY MOON (AIS# 212228),　　*

　　Plaintiff,　　*

V.　　*　　2:06-CV-384-WKW

SAMUEL RAYAPATI, M.D., ET AL.,　　*

　　Defendants.　　*

## AFFIDAVIT OF MARVIN WEST, D.D.S.

BEFORE ME, Grace M. Maley, a notary public in and for said County and State, personally appeared **MARVIN WEST, D.D.S.** and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is Marvin West, D.D.S. I am a dentist and am over twenty-one years of age. I am personally familiar with all the facts set forth in this Affidavit. I have been licensed as a Dentist in Alabama since 1983. I have continuously practiced correctional dentistry since 2004. Beginning in March of 2004 I rotated my practice between Kilby Correctional Facility and Easterling Correctional Facility. Since June of 2005, I have practiced dentistry exclusively at Easterling Correctional Facility. My employment at Easterling is with Smallwood Prison Dental Services, Inc., the company that contracts with Prison Health Services, Inc. to provide dental services to inmates at Easterling.

James Moon (AIS #212228) was incarcerated at Ventress Correctional Facility at all times pertinent to his claims against me in this lawsuit. I am familiar with Mr. Moon and have been involved with the dental services provided to him at Ventress. In addition, I have reviewed

Mr. Moon's Complaint in this action as well as his dental records (certified copies of which are being produced to the Court along with this Affidavit).

While it is difficult to determine from Mr. Moon's Complaint how I have acted inappropriately, it appears that Mr. Moon alleges that I failed to provide him with appropriate dental treatment at Ventress subsequent to October 27, 2004. Mr. Moon's allegations in this regard are completely unfounded as I have provided this inmate with appropriate and timely dental care at all times.

On October 27, 2004, I provided Mr. Moon with dental evaluation and determined that a crown had fallen off of tooth #8. I also recognized that he had developed an abscess distal to tooth #29. I re-cemented Mr. Moon's crown and informed him that I would extract tooth #29 during his next examination. In order to treat Mr. Moon's abscess, I prescribed him Pen VK antibiotics and Tylenol for pain. Mr. Moon was afforded an annual dental examination less than two months later on December 20, 2004.

I again evaluated Mr. Moon on December 29, 2004 and discovered that his crown on tooth #8 had again detached. The crown was re-cemented. Mr. Moon made new complaints for pain at tooth #17. Mr. Moon chose to have tooth #17 extracted instead of tooth #29. Removing both teeth simultaneously would have made eating difficult. Tooth #17 and its roots were extracted subsequent to a mandibular and long buckle nerve block. I prescribed Mr. Moon Tylenol for pain. He was scheduled for a dental screening on March 17, 2005 but he did not present for the appointment.

Based on my review of Mr. Moon's dental records, and on my personal knowledge of the treatment provided to him, it is my opinion that all of his dental conditions and complaints have been evaluated and treated in a timely and appropriate fashion. Mr. Moon has been seen and

evaluated by the dental staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any dental complaints at Ventress Correctional Facility.

At all times, myself and the other dental health providers at Ventress have exercised the same degree of care, skill, and diligence as other similarly situated dental providers would have exercised under the same or similar circumstances. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing dental care, evaluation, and treatment to this inmate.

At no time have I or any of the dental staff at Ventress Correctional Facility denied Mr. Moon any needed dental treatment, nor have we ever acted with deliberate indifference to any serious dental need of Mr. Moon. At all times, Mr. Moon's dental complaints and conditions have been addressed as promptly as possible under the circumstances."

Further affiant sayith not.

_____
Marvin West, D.D.S.

STATE OF ALABAMA       )
                       )
COUNTY OF Barbour      )

Sworn to and subscribed before me on this the 26th day of September, 2006.

_____
Notary Public
My Commission Expires 03/31/07.