

EXHIBIT D

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES CHARLEY MOON (AIS# 212228), | * | |
| Plaintiff, | * | |
| V. | * | 2:06-CV-384-WKW |
| SAMUEL RAYAPATI, M.D., ET AL., | * | |
| Defendants. | * | |

### AFFIDAVIT OF WILLIAM E. SHIRLEY, D.D.S.

**BEFORE ME,** Reba Currie, a notary public in and for said County and State, personally appeared **WILLIAM E. SHIRLEY, D.D.S.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is William E. Shirley. I am a licensed general dentist and am over twenty-one years of age. I have been a licensed general dentist in Alabama since 1958. Since March of 2005, I have practiced dentistry with Ventress Correctional Facility located in Clayton, Alabama. My employment at Ventress is with Smallwood Prison Dental Services, Inc. the company that contracts with Prison Health Services, Inc. to provide dental services to inmates at Ventress.

James Moon (AIS #212228) is an inmate who has been incarcerated at Ventress Correctional Facility at all times pertinent to this lawsuit. I am familiar with Mr. Moon and have been involved with the dental services provided to him at Ventress. In addition, I have reviewed

Mr. Moon's Complaint in this action as well as his medical and dental records (certified copies of which are being produced to the Court along with this Affidavit).

While it is difficult to determine from Mr. Moon's Complaint how I have acted inappropriately, it appears that Mr. Moon alleges that I have failed to provide him with timely and appropriate dental care subsequent to March 30, 2005. Mr. Moon's allegations in this regard are completely unfounded as I have provided this inmate with appropriate and timely dental care at all times.

I first evaluated Mr. Moon on March 30, 2005, where I noted that he had a chronic periapical abscess.[1] Mr. Moon was provided x-ray evaluation and tooth # 29 was extracted. Mr. Moon was again seen for dental evaluation on April 15, 2005, where he received a general dental screening and was scheduled for dental evaluation on April 26, 2005. I evaluated Mr. Moon on this date and determined that tooth # 9 was non-vital. I instructed Mr. Moon that it needed to be extracted, but, he refused the procedure. Subsequent to Mr. Moon's refusal, I removed decay from the tooth's medial facial lingual surface and filled it with composite.

On September 20, 2005, I evaluated Mr. Moon and determined that he had bilateral mandibular lingual tori.[2] I concurred with Dr. Neal Miers in recognizing that these tori needed to be surgically removed prior to fitting him for lower partials. On December 5, 2005, I removed Mr. Moon's tori surgically. Mr. Moon returned to see me on December 12, 2005, for removal of his sutures. Subsequent to this date, Dr. Miers provided Mr. Moon with dental services in preparation for fitting him with partial dentures.

Based on my review of Mr. Moon's dental and medical records, and on my personal knowledge of the treatment provided to him, it is my opinion that all of his dental conditions and

---

[1] Periapical abscess is a collection of pus usually caused by an infected tooth.
[2] Mandibular tori are bony overgrowths that occur naturally.

2

complaints have been evaluated and treated in a timely and appropriate fashion. Mr. Moon has been seen and evaluated by the dental staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any dental complaints at Ventress Correctional Facility.

At all times, myself and the other dental health providers at Ventress have exercised the same degree of care, skill, and diligence as other similarly situated dental providers would have exercised under the same or similar circumstances. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing dental care, evaluation, and treatment to this inmate.

At no time have I or any of the dental staff at Ventress Correctional Facility denied Mr. Moon any needed dental treatment, nor have we ever acted with deliberate indifference to any serious dental need of Mr. Moon. At all times, Mr. Moon's dental complaints and conditions have been addressed as promptly as possible under the circumstances."

Further affiant sayith not.

_____
**WILLIAM E. SHIRLEY, D.D.S.**

STATE OF ALABAMA   )
                   )
COUNTY OF Barbour  )

Sworn to and subscribed before me on this the 25th day of Sept, 2006.

_____
Notary Public
My Commission Expires 9-8-08

3