IN THE  UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

JAMES CHARLEY MOON, #212 228          *

    Plaintiff,                                         *

    v.                                                     *          2:06-CV-384-WKW

SAMUEL RAYAPATI, M.D., *et al.*,          *

    Defendants.                                     *

_____

## ORDER ON MOTION

Pending before the court is Defendants PHS, Inc. and Samuel Rayapati's ["Rayapati"]

fourth request for additional time to file their answer and written report to the instant

complaint. In support of the motion filed on behalf of Rayapati, his counsel once again

asserts that he has been unable to contact Rayapati, who is no longer employed with PHS,

Inc.[1]  In support of PHS's  request for additional time to respond to the complaint, this

defendant states that its special report "will necessarily reference Dr. Rayapati's affidavit."

(Doc. No. 25.)

Upon consideration of Defendants PHS, Inc., and Rayapati's requests for additional

_____

[1]Defendant Rayapati was, however, employed at the Ventress Correctional Facility at the time
this complaint was filed, service for this defendant was accepted on his behalf  by a nurse at this facility
while Dr. Rayapati was still employed by PHS, Inc., and Dr. Rayapati's first motion for additional time to
file a written report was filed while he was still working at Ventress Correctional Facility as its Medical
Director.

time to file their answer and written report, the court finds that the motions are not well-taken, especially in light of the court's order entered August 29, 2006 which admonished the medical defendants that the court would not entertain any additional requests for further enlargements of time within which they were to file an answer and written report to Plaintiff's complaint. In addition, because PHS, Inc. seeks to support its written report on an affidavit from a defendant it clearly is having difficulty locating, the legitimacy of the stated basis of the motion is a dubious.

Accordingly, PHS, Inc.'s, and Rayapati's motions for additional time shall be granted in part and denied in part. Their requests for an additional 30 days in which to file an answer and written report (Doc. Nos. 21, 25) are DENIED.

It is further

ORDERED that Defendants PHS, Inc., and Rayapati are GRANTED an extension from September 26, 2006 to October 11, 2006, i.e., an additional fifteen (15) days, within which they must file their answer and written report. The written report filed on behalf of these defendants should include information delineating the medical treatment afforded Plaintiff by, among the other medical defendants, Defendant Rayapati. This information may be verified in an affidavit by the current medical director at Ventress Correctional Facility or other medical personnel qualified to explain and discuss the medical care and treatment of Plaintiff and specifically as it concerns Plaintiff's allegations of allegedly inadequate

medical care by Dr. Rayapati. The affidavit should be supported by any and all attachments

of those specific portions of Plaintiff's medical records (as contained in Exhibits A-1, A-2,

A-3 of Doc. Nos. 24 & 26) which are pertinent to and which support the specific conduct

and or actions as discussed in the affidavit.

Done this 29th day of September 2006.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED   STATES   MAGISTRATE   JUDGE