EXHIBIT
B


IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES CHARLEY MOON (AIS# 212228),          *

    Plaintiff,          *

V.          *          2:06-CV-384-WKW

SAMUEL RAYAPATI, M.D., ET AL.,          *

    Defendants.          *

              *

## AFFIDAVIT OF SAMUEL RAYAPATI, M.D.

**BEFORE ME,** _____, a notary public in and for said County and State, personally appeared **SAMUEL RAYAPATI, M.D.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is Samuel Rayapati. I am a medical doctor and am over twenty-one years of age. I am personally familiar with all of the facts set forth in this affidavit. I have been licensed as a physician in Alabama since 1992. I served as the Medical Director for Ventress Correctional Facility in Clayton, Alabama, from February of 2004 through July 7, 2006. I am currently practicing medicine in Wala Wala, Washington. At all pertinent times, my employment at Ventress Correctional Facility was with Prison Health Services, Inc. ("PHS"), the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

James Moon (AIS# 212228) is an inmate who has been incarcerated at Ventress Correctional Facility at all times relevant to this Complaint. I am familiar with Mr.

Moon's medical history and conditions, and have seen and evaluated him as a patient on numerous occasions. I have also reviewed Moon's medical records (certified copies of which are being produced to the Court along with this Affidavit.)

It is my understanding that Mr. Moon has made numerous allegations in this matter that I have failed to provide him with appropriate medical treatment. Specifically, Mr. Moon claims (1) that I failed to provide him with a follow-up esophagogastroduodenscopy (EGD) subsequent to being evaluated by Joseph Jackson, M.D. on December 9, 2004, (2) that I acted inappropriately in failing to transfer him from Ventress to another correctional facility to have an abscessed tooth pulled in 2004, (3) that I acted inappropriately in prescribing him pain medication for arthritis which caused esophageal erosion, (4) in contradiction, that I acted inappropriately in failing to provide him with pain relieving medication subsequent to suffering an acute case of pancreatitis in February of 2005, and (5) that I acted inappropriately in failing to provide him with a soft food diet in April of 2006 subsequent to his second esophageal dilation. All of Mr. Moon's allegations against me in this matter are unfounded.

On August 12, 2004, Mr. Moon was transferred to Donald H. Dahlene, M.D. for evaluation of complaints for acid reflux. Dr. Dahlene conducted an Upper GI and Barium Swallow Test. The studies showed that Mr Moon had gastroesophageal reflux to the level of the thoracic inlet as well as a small distal esophageal stricture approximately five centimeters proximal to the gastroesophageal junction. No hiatal hernia was noted. Dr. Dahlene believed that this stricture was most likely caused by Mr. Moon's acid reflux

Mr Moon was referred for specialty evaluation to Dr. Jackson of Digestive Disorders and Liver Disease Associates on December 9, 2004. Dr. Jackson performed an esophagogastroduodenoscopy and evaluated Mr. Moon for esophageal stricture. Dr. Jackson determined that Mr. Moon's esophageal erosion was likely aggravated by his taking a significant amount of non-steroidal, anti-inflammatory agents (NSAIDS) Due to the erosion, Dr. Jackson decided against conducting an esophageal dilation. Biopsies were taken to rule out malignancy. The stricture was benign.

Pursuant to Dr. Jackson's recommendation, I prescribed Mr. Moon Prilosec, a proton pump inhibitor, to combat his esophageal erosion. Mr. Moon has been maintained for acid reflux with Zantac and Ranitidine. These acid reducing medications have been adjusted as warranted by his changing condition. Moreover, pursuant to Dr. Jackson's recommendation, I discontinued Mr. Moon's pain relieving medications (NSAIDS) which were contraindicated for his treatment due to esophageal erosion.

On February 27, 2005, Mr. Moon was returned from Bullock County Hospital where he had been treated for an attack of acute pancreatitis. I subsequently admitted him for observation to Ventress' infirmary. On February 28, 2005, Mr Moon was transferred to Baptist South Hospital in Montgomery, Alabama for total treatment of his pancreatitis. Mr. Moon was transferred to Baptist South because Ventress' infirmary is not properly equipped to provide Mr. Moon with the care necessary to treat this condition. Moreover, since narcotics are not utilized in correctional medicine. Mr Moon needed to be admitted to a hospital for effective pain management.

Mr Moon was again transferred to Dr. Jackson for follow up evaluation and treatment on February 16, 2006 subsequent to resolution of his pancreatitis. He received a

3

second esophagogastroduodenoscopy as well as a balloon dilation of his benign stricture. Mr. Moon received another balloon dilation on April 4, 2006. Mr. Moon did not require a soft food diet subsequent to his second dilation. Such a diet was not medically indicated for his treatment.

With regard to Mr. Moon's complaints regarding dental treatment, I defer to Mr. Moon's treating dentists, Marvin West, D.D.S., William E. Shirley, D.D.S., and Travis Neal Miers, Jr., D.M.D. whose testimony has been submitted to the court in this matter. Mr. Moon has had access to appropriate dental care at all times. Mr. Moon's dental condition in 2004 did not warrant his being transferred for treatment to another correctional facility.

Based on my review of Moon's medical records, and on my personal knowledge of the treatment provided to him, it is my opinion that all of his medical conditions and complaints have been evaluated in a timely fashion at Ventress Correctional Facility, and that his diagnosed conditions have been treated in a timely and appropriate fashion. At all times, he has received appropriate medical treatment for his health conditions from me and the other PHS personnel at Ventress. At no time has he been denied any needed medical treatment. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate.

At no time have I or any of the medical or nursing staff at Ventress Correctional Facility denied Moon any needed medical treatment, nor have we ever acted with deliberate indifference to any serious medical need of Moon. At all times, Moon's

4

known medical complaints and conditions have been addressed as promptly as possible

under the circumstances."

     Further affiant sayith not.

                                         *Samuel Rayapati, MD*
                                         SAMUEL RAYAPATI, M.D.

STATE OF WASHINGTON            )

COUNTY OF                   )

     I, _____ a Notary Public in and for said State and County, hereby certify that SAMUEL RAYAPATI, M.D. who being known to me and who being duly sworn, and whose name is signed to the foregoing document, acknowledged before me on this date that being first informed of the contents of said document, having read the same, and understanding its purpose and effect, voluntarily executed the same upon the above-stated date.

     SWORN TO and SUBSCRIBED BEFORE ME on this the _____day of _____, 2006.

                                _____
                                NOTARY PUBLIC
                                My Commission Expires: _____

(NOTARIAL SEAL)

In The Circuit Court for Montgomery County, Ala.

James C. Moon # 212228
      Plaintiff - Pro-Se

Vs.

Samuel Rayapatti, M.D.
Ventress Correctional Medical Health Unit
and
M.D. assistant Ms. Burk, R.N.
Ventress Correctional Medical Health Unit
and
Prison Health Services Inc.
Ventress Correctional Medical Health Unit, et. al.
      Defendants

Re: Civil Action
Medical Malpractice
    — Suit —

Case No: CV-04-3287

EXHIBIT
C

2004 DEC -6  PM 12:51
FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

---

## Civil Action Complaint

Comes now Plaintiff James C. Moon Pro-Se,
pursuant to the appropriate rule and authority
herein respectfully files and submits his Civil
Action Complaint as follows:

## Plaintiff

James C. Moon, D.O.C.- AIS, No. 212228,
presently confined in Ventress Correctional
Facility, P.O.Box 767, Clayton, Ala. 36016.

## Defendants

(1) Samuel Rayapatti, M.D.
   Medical Department, Ventress Correctional
   Facility, PO Box 767, Clayton, Al. 36016

(2) M.D. assistant, Ms. Burk, R.N.
   Medical Department, Ventress Correctional
   Facility, PO Box 767, Clayton, Al. 36016

(3) Prison Health Services Inc.
   (V.C.F., Medical Provider for Inmate Treatment)
   West Park Dr. (Suite 200)
   Brentwood, Tn. 37027

## Jurisdiction

Jurisdiction of this Honorable Court is predicated on Alabama Code Title 6-3-9, Code Title 14-2-33 and Alabama Medical Liability Act. Code Title 6-5-480 etc. and such Authorities as:

1. City of Dothan —vs— Holloway 501 so. 2d. 1136 (Ala 1986)

2. Ravi —vs— Coates 662 So. 2d. 218 (Ala. 1995)

3. Delker —vs— Maass 843 F. Supp. 1390 (or. 1994)

4. Rodgers —vs— Adams 657 So. 2d. 838 (Ala 1995)

5. West —vs— Atkins 487 U.S. 42, 101 L. Ed. 2d 40 (1988)

6. Fountian —vs— State. 648 So. 2d. 591 (Al. Civ. App. 1994)

7. Smith —vs— Darring 659 So. 2d. 678 (Al. Civ. App. 1995)

8. Bivins —vs— Jeffers Vet Supply 873 F. Supp. 1500 (M.Dist) 1994)

9. Moore —vs— Glover 501 So. 2d. 1187 (Ala 1986)

10. Wisc. Dept. of. Corr —vs— Schacht 141 L. Ed. 2d. 364 (1998

## Statement of Facts

Plaintiff James C. Moon has <u>two</u> <u>very</u> <u>serious</u> Medical Problems, the main one, which was "misdiagnosed" by said Defendants as a Hianel Hernia and the medication prescribed for the same, did nothing but <u>harm</u> Plaintiff and provided <u>no relief</u> for the Problem - which was and is a <u>serious</u> restriction in Plaintiffs Esophagus Tube (Throat Passage) in which the diamater of the Esophagus Tube is approximatley 1/4" (Please <u>Note</u> Measurement of → <u>| | |</u> ← 1/4"), literally <u>preventing</u> Plaintiff from eating normally - he must chew his food thoroughly and eat very slowly but even then, he <u>still</u> has trouble swallowing his food and liquids as <u>he choke's and vomits</u> up most meals <u>and</u> his vital medications (Pills) on a daily basis. This serious problem is "compounded" by the fact the Prison System, specifically, Ventress Correctional Facility is so <u>Overcrowded</u> that it cause's Prison Officials (Guards) <u>to</u> intimidate inmates <u>who have</u> the blessing or the average, or "normal" ability to eat and drink liquids appropriately (because of a unusually <u>small</u> "dining room") the "Guards" rush "<u>normal</u>" inmate's through all meals served only allowing (5) minutes to "eat" a meal, in which Plaintiff <u>cannot</u> comply with because of his <u>seriously ill</u> medical condition. The forementioned <u>Fact's</u> have <u>caused</u> a mental, physical, <u>and</u> Financial hardship for Plaintiff for Over (2) <u>documentated</u> <u>Years</u>, as well as Plaintiff (52 yrs Old) and in failing health - having to "call" his (73 yr. Old) mother to

## Allegations and Claims

### (1) Count One:

Plaintiff alleges and claims that at all times relevant the Defendants were acting under color of State Laws in their Official, individual, and personal capacity when they committed the negligent and malfeasance acts herein outlined which did as a matter of fact cause Plaintiff to suffer unecessary harm, pain, and substancial Hardship, illegally in Violation of the Alabama Medical Liability Act, which Plaintiff seeks Just Relief fore:

### (2) Count Two:

Plaintiff alleges and claims that Defendant Dr. Rayapatti and his assistance and agents did as a matter of fact, refuse to, and fail to allow Plaintiff access to a Medical Expert to properly diagnose Plaintiff's serious life threatening problem for an unnecessary time in Clear Violation of well established medical standards, which caused Plaintiffs life to be placed in danger and harm, unnecessarily causing Plaintiff to suffer extreme Physical and Mental hardship, for which Plaintiff seeks Just relief for:

## (3) Count Three:

Plaintiff alleges and claims that the named Defendants, employee's, agents and assistance through negligence, incompetence, or indifference has allowed the Care and Medical Treatment of inmate's such as Plaintiff Moon to not only be insufficient, but to also be a Denial of well established Medical Care and Treatment, and the Treatment he was given falls extremely short of the standards outlined in the Alabama Medical Liability Act, and the Treatment's given to Plaintiff have actually harmed him in more ways than one, for which Plaintiff seeks Just relief for:

## (4) Count Four:

Plaintiff alleges and claims that the named Defendant's, agents, employee's, and assistance have a Custom and Policy of giving and rendering Substandard Medical Care and Treatment to the inmate's of The Ala. Prison System, in order to enrich their pockets, their income, and their Mother Company's profits, and to secure their continued employment, which did, and has harmed Plaintiff personally, for which Plaintiff seeks Just relief for:

## (5) Count Five:

Plaintiff alleges and claims that Defendant Dr. Rayapatti is, and has acted in an incomplete manner towards Plaintiffs very serious life threatening medical problem, and at all times relevent Defendant Misdiagnosed Plaintiff Esophaous Blockage from the start, which is a good example of him being incompetent and his indifferant attitude toward inmate's medical problem's in general, for which Plaintiff seeks Just relief for:

## (6) Count Six:

Plaintiff alleges and claims that Defendant Dr. Rayapatti's misdiagnosis of Plaintiff's Esophagas blockage has caused Plaintiff to suffer extreme Mental and Physical Harm, Pain, and Substancial Hardship to such an extent as to be a Violation of the (8) eighth Amendment to the U.S. Constitution, and did, as a matter of fact cause Plaintiff (over a long period of time) to suffer illegally and undustifiabley under Conditions that amounted to Cruel and Unusual Punishment, for which Plaintiff seeks Just relief for:

## (7) Count Seven:

Plaintiff allege's and claim's that Defendant Prison Health Service's Inc. is guilty of derelition of duty in their falure to hire a permanent Dentist for Care and Treatment of inmate's dental hygiene in Ventress Correctional Facility, that said Defendant has failed to live up to their agreement with the Ala. Dept. of Corrections, as Prison Health Services Inc. has not, and doe's not properly Care and Treat inmate's dental need's, such as Plaintiff's (Moon) seriously infected "Gums", "bad" teeth, and broken False Tooth, and as a direct result thereof, Plaintiff has sevierly suffered unnecessary harm, pain, and substancial Hardship over an Obviously unnecessary period of time, for which Plaintiff seeks Just relief for:

## (8) Count Eight:

Plaintiff allege's and claim's that there is No effective administrative Remedy in place at Ventress Correctional Facility for inmate's being denied proper and much needed Medical Care and Treatment, as Plaintiff has Filed "many" complaints as well as Medical "Sick-Call" Request Slips, and Defendant Burk, Nurse in Charge of "Overseeing" the running Order of the V.C.F. Health Care Unit, and, who's duty is to investigate inmate's Medical Complaints, has failed to obtain or expidict any Relief for Plaintiff's repeated Request's and Complaint's, as she takes side's with her friends and other Medical Personel in V.C.F., at the expense of Plaintiff Moon, for which Plaintiff seek's Just Relief for:

(9) <u>Count Nine.</u>

Plaintiff alleges and claims that as a direct result of Defendant's insolent, ostentatious display of arrogance, swagger, and indifference toward plaintiff's General Health "Needs" have caused the Condition's of Plaintiff's incarceration and confinement, to expose Plaintiff to Cruel and unusual Punishment: That, among other Things, Plaintiff chokes, spits up, and almost Suffocate's on a <u>daily</u> basis <u>Just triing to eat</u>, and he is being illegally <u>discriminated</u> against, unjustly by the Defendant's <u>who refuse to</u> prescribe a special <u>Medical Diet</u> when they were informed of Plaintiff's <u>documentated</u>, <u>Varifiable restriction</u> in his Esophagus Tube, and his Condition has been Known now for over (2) years by the Defendants, and Still, Defendants <u>refuse to allow</u> Plaintiff access to a <u>Qualified</u> Physician able to Correct said condition in an "rutine" Operation, for which Plaintiff seeks Just relief for:

(10) Count Ten.

Plaintiff alleges and claims that Defendant Dr. Rayapatti has shown and acted in an imcopetent manner, in a continual show of ineffective Medical Care and Treatment that was given Plaintiff Moon, as well as Defendant's inexcusable misdiagnosis of Plaintiff Moon's main Medical Problem and Chief Complaint, Blockage of Plaintiff's Esophagus Tube, seriously causing Plaintiff to Choke, Spit Up, Vomit up food, as well as his "pill" Medication, but allway's being One of four — on a daily basis. Plaintiff's Esophagus Tube is progresively getting worse, though, even now it is defective. to such an extent that Defendant Dr. Rayapatti chose to discontinue Plaintiff's prescribed Medicine ("Pills") that was a help for Plaintiff's Condition and illness: That Plaintiff Moon Also Suffer's from a ruptured Disc, at Lumber No. 4, and No. 5 — Secondly, The "Pill" Medication that was prescribed for the Ruptured Disc — Prior to Defendant Dr. Rayapatti's arrival at Ventress, was "taken away" from Plaintiff by Defendant Rayapatti's distorted opinion and decission to discontinue dispencing Plaintiff's allready proven, very helpfull, (as Plaintiff would testify under Oath) medication that was previously prescribed by a former Doctor here at Ventress Correctional, which can be varified by V.C.F. /H.C.U. medical records, Additionally, Plaintiff Moon was denied continuence of his No-Prolonged-Standing "Profile" which enabled Plaintiff to avoid future, and further injury, pain, and suffering due to Prolonged Standing otherwise required just to recieve Plaintiff's daily ration of "Meds" via Prison Pill lines rediciulously long, and time consuming,

Continued From (10) Count Ten.

("old" injury / illness: Plaintiff Moon suffer's from forementioned "Back" problems which are Permenent, as well as permenent damage to his Knee, and permenent damage to One Eye, all of which require (as well as forementioned Chief Complaint) a comparable degree of Healthcare, and appropriate diagnosis then to include proper Treatment, all of which that are used in, or by Hospitals generally in the Community."
(Please See Enclosed Page 3)

(11) Count Eleven:

Plaintiff alleges and claims that as a direct result of Defendant's negligent and malfeasance Non-Acts and conduct, Plaintiff has Suffered over a long period of time, a violation of the (8)th Amendment to the United States Constitution, and has been forced to suffer a depletion of his meager allowence by having to buy food items from the Prison's Commissary to substane his health, and such food items are not designed to be "Nutritional", or to keep one's health up to par: That is to "note", defendant's intent and policy to furnish inmate's such as Moon (Plaintiff) substandard Medical Care and Treatment, for which Plaintiff seeks "Just" relief for: that Plaintiff Moon, has no other means to obtain "that which he needs", not only an Operation to Enlarge his defective Esophagus Tube, and appropriate Dental Care and Treatment for his infected Gums, but Overall proper Care and Treatment that Plaintiff is Constitutionally entitled to recieve by

# Relief Sought

(1) Plaintiff respectfully requests, Trial by Jury

(2) Plaintiff requests a declaratory Judgement on All issue's and Claims.

(3) Plaintiff seeks, an injunction, directing defendant's to immediatley issue a liquate diet for Plaintiff Moon.

(4) Plaintiff requests a Compensative Judgement of $ 200,000.⁰⁰, and double punitive Judgement.

(5) Plaintiff seeks a Judgement directing defendant's to Re-embourse Plaintiff of all cost's incurred in the Prosecution of this meritiorious Cause of Action.

(6) Plaintiff seeks any and all other forms of relief that he is entitled too.

Respectfully Submitted;
S/ James C. Moon
James C. Moon # 212228
V.C.F., PO Box 767
Clayton, Al. 36016

~ 12 ~

D

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

JAMES C. MOON (AIS #212228),      *

     Plaintiff,      *

v.      *     CV-04-3287

     *

SAMUEL RAYAPATI, M.D., ET AL.,      *

     Defendants.      *

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COME NOW the Defendants, Samuel Rayapati, M.D. (incorrectly named in Plaintiff's Complaint as "Samuel Rayapatti"), Nettie Burks, R.N., H.S.A. (incorrectly named in the Plaintiff's Complaint as "Ms. Burk"), and Prison Health Services, Inc. (PHS), and present the following Brief in Support of their Motion for Summary Judgment.

### I. NARRATIVE SUMMARY OF UNDISPUTED FACTS

James C. Moon (AIS #212228) is an inmate who has been incarcerated at Ventress Correctional Facility since March of 2002. Mr. Moon makes complaints in this matter against Dr. Rayapati, the Medical Director for Ventress Correctional Facility; Nettie Burks, R.N., H.S.A., the Health Services Administrator at Ventress; and PHS, the company who currently contracts with the Alabama Department of Corrections to provide health care to inmates, alleging that the Defendants have failed to provide him with appropriate medical care. (See Complaint, attached hereto as Exhibit "D"). The Plaintiff demands declaratory judgment, $200,000.00 in compensatory damages and $400,000.00 in punitive damages. (Id.) Further, Plaintiff demands

that this Court enter an injunction ordering the Alabama Department of Corrections to place him on a liquid diet. (Id.)

Mr. Moon specifically complains that PHS, Dr. Rayapati, and Nurse Burks have failed to provide him with appropriate medical care for his acid reflux. (See Complaint). The Plaintiff's allegations are untrue, however, as all of Mr. Moon's medical conditions have been addressed in an appropriate and timely fashion at Ventress. (Id.)

Mr. Moon has a history which is significant for acid reflux. (See Affidavit of Dr. Rayapati, attached hereto as Exhibit "A" and, a certified copy of Moon's medical records, attached hereto as Exhibit "B"). He does not suffer from a hiatal hernia as he stated in his Complaint. (Id.) In order to treat Moon's acid reflux, Dr. Rayapati has prescribed him Prilosec, Zantac and Mintox (Id.) Moon also complains of vomiting. (See Complaint). However, evidence of excess vomiting has never been established. (See Exhibits "A" & "B"). In order to evaluate Moon's condition, Dr. Rayapati placed him in observation for a two (2) day period beginning June 3, 2004. (Id.) Moon vomited an insufficient volume, but otherwise displayed a healthy appetite during the observation period. (Id.) However, out of an abundance of caution, Dr. Rayapati referred Mr. Moon to Montgomery, Alabama, gastroenterologist Joseph W. Jackson, M.D., for specialty evaluation. (Id.)

Dr. Jackson afforded Mr. Moon a barium swallow test and x-ray. (Id.) The x-ray revealed a small irregularity in Moon's esophagus. (Id.) This irregularity, however, is not large enough to obstruct swallowing as Moon stated in his Complaint. (Id.) Dr. Jackson subsequently performed an esophagogastroduodenoscopy and took biopsies of the obstruction to rule out malignancy. (Id.) The biopsy results were negative for cancer. (Id.) The esophagogastroduodenoscopy showed that Moon's esophagus was severely eroded. (Id.)

Dr. Jackson determined that Moon's esophageal erosion was likely caused by acid reflux which was aggravated by pain medications prescribed for Moon's arthritis pain. (Id.) In efforts to reduce his acid reflux and esophageal erosion, Dr. Rayapati followed Dr. Jackson's advice and discontinued Moon's pain relieving medication prescriptions (Id.) At all times, Dr. Jackson's recommendations have been followed in treating Mr. Moon. (Id.)

Mr. Moon complains about knee pain. (See Complaint) Dr. Rayapati has evaluated Moon's knee via x-ray (Id.) The x-ray results were negative for any abnormality. (Id.) Dr. Rayapati believes that Moon's knee pain is caused by arthritis. (Id.) Dr. Rayapati has counseled Moon concerning various ways to reduce his arthritis pain without the use of pain relieving medications since they are not indicated for him. (Id.) Specifically, he has counseled Mr. Moon concerning the positive effects of regular exercise and heat therapy. (Id.) Dr. Rayapati has also ordered a knee brace for Mr. Moon's use. (Id.)

Mr. Moon complains of back pain. (See Complaint). In order to make Moon more comfortable without the use of pain relieving medications (which again, are not indicated for him), Dr. Rayapati has ordered various profiles on his behalf including a "no heavy lifting profile," a "bottom bunk profile," and a "no prolonged standing profile." (See Exhibits "A" & "B").

Mr. Moon complains about tooth and eye pain (See Complaint) However, Moon is seen by a dentist on a regular basis. (See Exhibits "A" & "B"). Moon also suffers from glaucoma. (See Complaint). In order to treat Moon's glaucoma, Dr. Rayapati has prescribed him Xalatan eye drops. (See Exhibits "A" & "B") In order to improve Moon's eyesight, eyeglasses have been provided for him. (Id.)

Mr. Moon also raises a complaint against Nettie Burks, R.N., H.S.A., the Health Care Administrator at Ventress. (See Complaint). While it is impossible for Nurse Burks to determine from Mr. Moon's Complaint what she has done to cause Mr. Moon harm, she can say with certainty that she has never acted in any way to deny Mr. Moon medical care, nor has she interfered with care that was indicated for him. (See Affidavit of Nettie Burks, R.N., H.S.A., attached hereto as Exhibit "C").

All of Mr. Moon's medical conditions and complaints have been evaluated in a timely fashion at Ventress Correctional Facility, and his diagnosed conditions have been treated in a timely and appropriate fashion as well. (See Exhibits "A," "B" & "C"). At all times, he has received appropriate medical treatment for his health conditions from Dr. Rayapati and the other PHS personnel at Ventress. At no time has he been denied any needed medical treatment. (Id.) In other words, the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate. (Id.) At all times, Moon's known medical complaints and conditions have been addressed as promptly as possible under the circumstances.

## II. ARGUMENT

A. **The Plaintiff's constitutional claims against the Defendants under the 8th Amendment to the United States Constitution are due to be dismissed as the Plaintiff has set forth no evidence proving that the Defendants have acted with deliberate indifference in providing him medical care.**

A court may dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be proven consistent with the allegations in the complaint. Romero v. City of Clanton, 220 F. Supp. 2d 1313, 1315 (M.D. Ala., 2002), (citing, Hishon v. King & Spalding, 467 U.S. 69, 73, (1984). "Procedures exist, including Federal Rule of Civil Procedure 7(a), or Rule 12(e), whereby the trial court may "protect the substance of qualified immunity," Shows v. Morgan, 40 F. Supp. 2d 1345, 1358 (M.D. Ala., 1999). A careful

4

review of Moon's medical records reveals that Moon has been given appropriate medical treatment at all times. (See Exhibits "A," "B" & "C"). All of the allegations contained within Moon's Complaint, are either inconsistent with his medical records, or are claims for which no relief may be granted. Therefore, Moon's claims against the Defendants are due to be dismissed.

In order to state a cognizable claim under the Eighth Amendment, Moon must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. See Estelle v. Gamble, 429 U.S. 97, 106 (U.S. 1976); McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999); Palermo v. Corr. Med. Servs., 148 F. Supp. 2d 1340, 1342 (S.D. Fla. 2001). In order to prevail, Moon must allege and prove that he has suffered from a serious medical need, that the Defendants have been deliberately indifferent to his needs, and that he has suffered harm due to deliberate indifference. See Marsh v. Butler County, 268 F.3d 1014, 1058 (11th Cir. 2001).

Not every claim by a prisoner that medical treatment has been inadequate states an Eighth Amendment violation. Alleged negligent conduct with regard to inmate's serious medical conditions does not rise to the level of a constitutional violation. Further, neither an alleged inadvertent failure to provide adequate medical care nor a physician's alleged negligence in diagnosing or treating a medical condition states a valid claim of medical mistreatment under the Eighth Amendment. Alleged medical malpractice does not become a constitutional violation merely because the alleged victim is a prisoner. See Estelle, 429 U.S. at 106, McElligott, 182 F.3d at 1254, Hill, 40 F.3d 1176, 1186 (11th Cir. 1994), Palermo, 148 F. Supp. 2d at 1342. Further, a mere difference of opinion between an inmate and the physician as to treatment and diagnosis cannot give rise to a cause of action under the Eighth Amendment. Estelle, 429 U.S. at 106-108.

The Defendants may only be liable if they had knowledge of Moon's medical condition, Hill, 40 F. 3d at 1191, and acted intentionally or recklessly to deny or delay access to his care, or to interfere with treatment once prescribed. Estelle, 429 U.S. at 104-105. Obviously, Moon cannot carry his burden. The evidence submitted with this Brief clearly shows that the Defendants did not act intentionally or recklessly to deny or delay medical care, or to interfere with any treatment which was prescribed or directed. The evidence demonstrates, to the contrary, that Moon's claims are without merit, that his medical conditions have been adequately and timely addressed at all times, and that he has not been denied any necessary medical treatment. Appropriate standards of care have been followed at all times. The evidence, in other words, shows without dispute that all of Plaintiff Moon's medical conditions have been thoroughly evaluated, treated, and monitored in a timely and appropriate manner. These facts clearly disprove any claim that the Defendants acted intentionally or recklessly to deny treatment or care.

Moreover, with respect to Defendant PHS, the Plaintiff has clearly failed to state a valid claim for relief. The Eleventh Amendment, which specifically prohibits suits against "the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State," has long been held to apply "equally to suits against a state brought in federal court by citizens of that state." Harbert Int'l, Inc. v. James, 157 F.3d 1271, 1277 (11th Cir. 1998). "The state need not be formally named as a defendant for the amendment to apply; state officials sued in their official capacity are also protected by the amendment." Id. (citations omitted).

PHS has contracted with the State of Alabama to provide medical care to inmates at state prisons from November 3, 2003, through the present. A corporation that "contracts with a state to perform a function traditionally within the province of the state government, including the

provision of medical services to state inmates," is "treated as a government entity and as a person acting under color of state law within the meaning of Section 1983." Edwards v. Ala. Dep't of Corr., 81 F. Supp. 2d 1242, 1254 (M.D. Ala. 2000). PHS, like a government entity, can only be liable under Section 1983 if the Plaintiff can prove that PHS caused a violation of his constitutional rights through its adoption of an official policy, practice, or custom. See Buckner v. Toro, 116 F. 3d 450, 452-53 (11th Cir. 1997); Ort v.Pinchback, 786 F. 2d 1105, 1107 (11th Cir. 1986); Edwards, 81 F. Supp 2d at 1255. PHS can not be liable on the basis of respondeat superior. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-692 (U.S. 1978). The Plaintiff does not complain about a policy, practice of custom of PHS, and has therefore failed to state a cognizable constitutional claim against PHS

The Defendants are, further, entitled to qualified immunity from all claims asserted by Moon in this action. There is no argument that the Defendants were not acting within the scope of their discretionary authority. See Eubanks v. Gerwen, 40 F. 3d 1157, 1160 (11th Cir. 1994); see also Jordan v. Doe, 38 F. 3d 1559, 1566 (11th Cir. 1994). Because the Defendants have demonstrated that they were acting within the scope of their discretionary authority, the burden shifts to Moon to show that the Defendants violated clearly established law based upon objective standards. Eubanks, 40 F. 3d at 1160. The Eleventh Circuit requires that before the Defendants' actions can be said to have violated clearly established constitutional rights, Moon must show that the right allegedly violated was clearly established in a fact-specific, particularized sense. Edwards v. Gilbert, 867 F.2d 1271, 1273 (11th Cir. 1989), aff'd in pertinent part, rev'd in part on other grounds, sub nom., Edwards v. Okaloosa County, 5 F. 3d 1431 (11th Cir. 1989)

The Eleventh Circuit further requires that the inquiry be fact specific, and that officials will be immune from suit if the law with respect to their actions was unclear at the time the cause

of action arose, or if a reasonable person could have believed that their actions were lawful in light of clearly established law and information possessed by the individual. See Brescher v. Von Stein, 904 F.2d 572, 579 (11th Cir 1990) (quoting, Anderson v. Creighton, 483 U.S. 635, 640, (U.S. 1987)). The question that must be asked is whether the state of the law in 2005 gave the Defendants fair warning that their alleged treatment of Moon was unconstitutional. Hope v. Pelzer, 536 U.S. 730, 741 (U.S. 2002).

Therefore, to defeat summary judgment, Moon must be able to point to cases with "materially similar" facts, within the Eleventh Circuit, that would alert the Defendants to the fact that their practice or policy violates his constitutional rights. See Hansen v. Soldenwagner, 19 F.3d 573, 576 (11th Cir. 1994). In order for qualified immunity to be defeated, preexisting law must "dictate, that is truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situated, reasonable government agent that what the defendant is doing violates federal law in the circumstances." Lassiter v. Alabama A & M Univ., Bd. of Trustees, 28 F. 3d 1146, 1151 (11th Cir. 1994). The Defendants submit that there is no case law from the United States Supreme Court, the Eleventh Circuit Court of Appeals, or District Courts sitting within the Eleventh Circuit showing that, under the facts of this case, it was clearly established that these alleged actions violated Moon's constitutional rights  All of Moon's medical needs have been addressed or treated. The Defendants have treated Moon's conditions, prescribed and provided needed medications, managed and treated his problems, and provided him access to nurses and physicians and appropriate medical care at all times. (See Exhibits "A," "B" & "C").

Finally, since the Defendants have demonstrated both through substantial evidence and appropriate precedent that there is not any genuine issue of material facts relating to a constitutional violation, they are entitled to a judgment in their favor as a matter of law.

**B.**    **The Plaintiff's claims against the Defendants are due to be dismissed under the Alabama Medical Liability Act (AMLA).**

Rule 56 of the Alabama Rules of Civil Procedure provides that summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ala. R. Civ. P. 56; see McAfee v. Baptist Med. Ctr., 641 So. 2d 265, 266 (Ala. 1994). The moving party bears the burden of establishing that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. See Ala. R. Civ. P. 56; Ala. Code 1975, § 6-5-549; Leonard v. Providence Hosp., 590 So. 2d 906, 907 (Ala. 1991). Once that prima facie showing has been established, the burden shifts to the non-moving party to prove an issue of fact by substantial evidence. (Id.)

In the specific context of a medical malpractice action, Alabama courts follow a specialized procedure:

> [O]nce the defendant offers expert testimony in his behalf . . . establishing lack of negligence, the defendant is entitled to a summary judgment, unless the plaintiff counters the defendant's evidence with expert testimony in support of the plaintiff's claim. Pettigrew v. LeRoy F. Harris, M.D., P.C., 631 So. 2d 839, 841 (Ala. 1993) (emphasis added; quoting Swendsen v. Gross, 530 So. 2d 764, 768 (Ala. 1988))

In the present case, the Defendants have submitted affidavit testimony of Dr. Rayapati and Nurse Burks in support of their Motion for Summary Judgment. (See Exhibits "B" & "C"). These affidavits establish a prima facie showing that the Defendants have met the applicable standard of care at all times with respect to the care and treatment of Mr. Moon. (Id.) Specifically, Dr. Rayapati's affidavit establishes his qualifications to render an opinion as a board-certified internal medicine physician. (Id.) Dr. Rayapati is licensed to practice medicine in Alabama, he is and has been board certified in internal medicine at all times material to this case, and he is

9

personally familiar with Mr. Moon's medical care. (Id.) Dr. Rayapati's affidavit further establishes a <u>prima facie</u> case that no act or omission on his part probably or proximately caused the injuries alleged in this case. (Id.) This affidavit testimony is undisputed, and thus Dr. Rayapati has clearly established a <u>prima facie</u> showing to support this Motion for Summary Judgment. (Id.) Moreover, the Affidavit testimony of Nurse Burks supplements that testimony of Dr. Rayapati and shows undisputedly that inmate Moon has received appropriately and timely medical treatment and that the allegations in his Complaint are false and unsupported by the testimony now before the Court. (<u>See</u> Exhibits "B" & "C").

**C.     The Plaintiff has failed to present expert testimony to rebut the prima facie showing of the Defendants.**

In a medical malpractice action, once the defendant establishes a <u>prima facie</u> showing in support of its motion for summary judgment, the burden shifts to the plaintiff to establish by substantial evidence, through the expert testimony of a "similarly situated health care provider," that the defendant breached the standard of care and that the breach was the proximate cause of his injury. <u>See Sledge v. Colbert Co. Northwest Ala. Healthcare Auth.</u>, 669 So. 2d 182, 185 (Ala. Civ. App. 1995); <u>Mixon v. Cason</u>, 622 So. 2d 918, 921 (Ala. 1993). The Alabama Supreme Court has consistently held that the plaintiff in a medical malpractice case "must prove negligence through the use of expert testimony, unless an understanding of the [defendant health care provider's] alleged lack of due care or skill requires only common knowledge or experience." <u>Monk v. Vesely</u>, 525 So. 2d 1364, 1365 (Ala. 1988); <u>see also</u> <u>Smith v. Medical Ctr. East</u>, 585 So. 2d 1325, 1328 (Ala. 1991).

This case involves specialized medical care and treatment involving principles of the treatment of a patient who allegedly suffers from a severe gastrointestinal blockage and alleged hiatal hernia. (<u>See</u> Exhibits "A," "B" & "C"). Consequently, there can be no dispute that the

issues in this case require that the Plaintiff prove his claim exclusively by way of expert testimony. Yet, despite his burden to do so, the Plaintiff has not offered any expert testimony to rebut the prima facie showing in support of this Motion for Summary Judgment. It is well-settled in Alabama that "a plaintiff can proceed in a medical malpractice case only if he or she produces the requisite expert testimony." Sledge v. Colbert Co. Northwest Ala. Healthcare Auth., 669 So. 2d 182, 186 (Ala. Civ. App. 1995) quoting Monk, supra. The Alabama Supreme Court has consistently affirmed summary judgment in medical malpractice cases where the defendant health care provider properly supports a motion for summary judgment with expert testimony and the plaintiff fails to respond with qualified expert testimony establishing a breach of the standard of care. See, e.g., Murray v. Alonzo, 649 So. 2d 1268 (Ala. 1994); Walker v. Southeast Ala. Med. Ctr., 541 So. 2d 464 (Ala. 1989).

### III. CONCLUSION

The Plaintiff's Complaint is due to be dismissed on its face, and is, further, disproven by the evidence now before the Court. It is clear that Moon has received appropriate treatment for his conditions at all times and that the Defendants have met the applicable standard of care. Accordingly, the Defendants request that this Honorable Court enter summary judgment on their behalves.

Respectfully submitted,

L. Peyton Chapman, III, CHA060
R. Brett Garrett, GAR085
Attorneys for Defendants Prison Health
Services, Inc., Samuel Rayapati, M.D., and
Nettie Burks, R.N., H.S.A.

OF COUNSEL:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
(334) 206-3100

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail

this ____4____ day of_____ _AUG_ _____, 2005, to:

James C. Moon, AIS #212228
Ventress Correctional Facility
P.O. Box 767
Clayton, Alabama 36016-0767

Of Counsel



IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

JAMES C. MOON (AIS #212228),      *

     Plaintiff,                *

v.                          *     CV-04-3287

                               *

SAMUEL RAYAPATTI, M.D., ET AL.,   *

     Defendants.             *

                               *

## AFFIDAVIT OF SAMUEL RAYAPATI, M.D.

**BEFORE ME,** *Charlotte Brown* , a notary public in and for said County and State, personally appeared **SAMUEL RAYAPATI, M.D.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is Samuel Rayapati. I am a medical doctor and am over twenty-one years of age. I am personally familiar with all of the facts set forth in this affidavit. I have been licensed as a physician in Alabama since 1992, and have been board certified in internal medicine since 1996. I have served as the Medical Director for Ventress Correctional Facility in Clayton, Alabama, since February of 2004. At all pertinent times, my employment at Ventress Correctional Facility has been with Prison Health Services, Inc. ("PHS"), the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

James C. Moon (AIS# 212228) is an inmate who has been incarcerated at Ventress Correctional Facility since March of 2002. I am familiar with Mr. Moon's

medical history and conditions, and have seen and evaluated him as a patient on numerous occasions. I have also reviewed Moon's medical records (certified copies of which are being produced to the Court along with this Affidavit.)

Mr. Moon has a history which is significant for acid reflux. He does not suffer from a hiatal hernia as he stated in his Complaint. In order to treat Moon's acid reflux, I have prescribed him Prilosec, Zantac and Mintox. Moon also complains of vomiting. However, evidence of excess vomiting has never been established. In order to evaluate Moon's condition, I placed him in observation for a two (2) day period beginning June 3, 2004. Moon vomited an insufficient volume, but otherwise displayed a healthy appetite during the observation period. However, out of an abundance of caution, I referred Mr. Moon to Montgomery, Alabama, gastroenterologist Joseph W. Jackson, M.D., for specialty evaluation.

Dr. Jackson gave Mr. Moon a barium swallow test and an esophageal x-ray. The x-ray revealed a small irregularity in Moon's esophagus. This irregularity is not large enough, however, to obstruct swallowing as Moon stated in his Complaint. Dr. Jackson performed an esophagogastroduodenoscopy and took biopsies of the obstruction to rule out malignancy. The biopsy results were negative for cancer. The esophagogastroduodenoscopy showed that Moon's esophagus was severely eroded.

Dr. Jackson determined that Moon's esophageal erosion was likely caused by acid reflux which was aggravated by pain medications prescribed for Moon's arthritis. In efforts to reduce his acid reflux and esophageal erosion, I followed Dr. Jackson's advice and discontinued Moon's pain relieving medication prescriptions. At all times, Dr. Jackson's recommendations have been followed in treating Mr. Moon.

Mr. Moon complains about knee pain. I have evaluated Moon's knee via x-ray. The x-ray results were negative for any abnormality. It is my opinion that Moon's knee pain is caused by arthritis. I have counseled Moon concerning various ways to reduce his arthritis pain without the use of pain relieving medications which are not indicated for him due to esophageal erosion. Specifically, I counseled Mr. Moon concerning the positive effects of regular exercise and heat therapy. I have also ordered a knee brace for Mr. Moon's use.

Moon also complains of back pain. In order to make Moon more comfortable without the use of pain relieving medications (which again, are not indicated for him), I have ordered various profiles on his behalf including a "no heavy lifting profile," a "bottom bunk profile" and a "no prolonged standing profile."

Finally, Mr. Moon complains about tooth and eye pain. However, Moon is seen by a dentist on a regular basis. Moon suffers from glaucoma. In order to treat Moon's glaucoma, I have prescribed him Xalatan eye drops. In order to improve Moon's eyesight, eyeglasses have been provided for him.

Based on my review of Moon's medical records, and on my personal knowledge of the treatment provided to him, it is my opinion that all of his medical conditions and complaints have been evaluated in a timely fashion at Ventress Correctional Facility, and that his diagnosed conditions have been treated in a timely and appropriate fashion. At all times, he has received appropriate medical treatment for his health conditions from me and the other PHS personnel at Ventress. At no time has he been denied any needed medical treatment. In other words, it is my opinion that the appropriate standard of care

3

has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate.

At no time have I or any of the medical or nursing staff at Ventress Correctional Facility denied Moon any needed medical treatment, nor have we ever acted with deliberate indifference to any serious medical need of Moon. At all times, Moon's known medical complaints and conditions have been addressed as promptly as possible under the circumstances."

Further affiant sayith not.

SAMUEL RAYAPATI, M.D.

STATE OF ALABAMA              )

COUNTY OF *Barbour*           )

I, _____*Charlotte Brown*_____, a Notary Public in and for said State and County, hereby certify that SAMUEL RAYAPATI, M.D. who being known to me and who being duly sworn, and whose name is signed to the foregoing document, acknowledged before me on this date that being first informed of the contents of said document, having read the same, and understanding its purpose and effect, voluntarily executed the same upon the above-stated date.

SWORN TO and SUBSCRIBED BEFORE ME on this the __27__ day of _____*July*_____, 2005.

*Charlotte Brown*
NOTARY PUBLIC
My Commission Expires:_*12/10/05*_

(NOTARIAL SEAL)

4

# A F F I D A V I T

EXHIBIT

B

PENGAD-Bayonne, N. J

STATE OF ALABAMA            )
                            )
_Barbour_____ COUNTY        )


      I, _Dorothy Stanford_, hereby certify and affirm that I am a _Medical Records Clerk_, at _Ventress Correctional Facility_; that I am one of the custodians of medical records at this institution; that the attached documents are true, exact, and correct photocopies of certain medical records maintained here in the institution medical file of one _James Moon_____, AIS# _212228___; and that I am over the age of twenty-one years and am competent to testify to the aforesaid documents and matters stated therein.

      I further certify and affirm that said documents are maintained in the usual and ordinary course of business at _Ventress Correctional_; and that said documents (and the entries therein) were made at, or reasonably near, the time that by, or from information transmitted by, a person with knowledge of such acts, events, and transactions referred to therein are said to have occurred.

      This, I do hereby certify and affirm to on this the 13th day of _July_____, 2005.

             _Dorothy Stanford_


**SWORN TO AND SUBSCRIBED BEFORE ME THIS THE**

_13_____ Day of _July_____, 2005.

_Charlotte Brown_____
Notary Public
_12/10/05_____
My Commission Expires



IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

JAMES C. MOON (AIS #212228),      *

     Plaintiff,                *

v.                         *     CV-04-3287

                              *

SAMUEL RAYAPATI, M.D., ET AL.,

                              *

     Defendants.

                              *

## AFFIDAVIT OF NETTIE BURKS, R.N., H.S.A.

**BEFORE ME,** _Reba Currie_ , a notary public in and for said County

and State, personally appeared **NETTIE BURKS, R.N., H.S.A.,** and being duly sworn, deposed

and says on oath that the averments contained in the foregoing are true to the best of her ability,

information, knowledge and belief, as follows:

"My name is Nettie Burks. I am over the age of twenty-one and am personally familiar

with all of the facts set forth in this Affidavit. I hold an Associates Degree in nursing from

Wallace College. I have been a licensed, registered nurse in Alabama since 1997. I have served

as the Health Services Administrator (H.S.A.) at Ventress Correctional Facility ("Ventress") in

Clayton, Alabama, since November 3, 2003. From November 3, 2003, through the present, my

employment as H.S.A. has been with Prison Health Services, Inc. ("PHS"), the company which

currently contracts with the Alabama Department of Corrections to provide medical services to

inmates.

James C. Moon (AIS# 212228) is an inmate who has been incarcerated at Ventress since

March of 2002. I am familiar with Mr. Moon and have been involved with the medical services

provided to him. I have reviewed Moon's Complaint in this action as well as his medical records (certified copies of which are being produced to the Court along with this Affidavit).

It is impossible for me to determine from Mr. Moon's Complaint what I have done to cause Mr. Moon harm. However, I can say with certainty that I have never acted in any way to deny Mr. Moon medical care, nor have I interfered with care that was indicated for him.

Based on my review of Moon's medical records, and on my personal knowledge of the treatment provided to him, it is my opinion that all of his medical conditions and complaints have been evaluated in a timely fashion at Ventress Correctional Facility, and that his diagnosed conditions have been treated in a timely and appropriate fashion. At all times, he has received appropriate medical treatment for his health conditions from me and the other PHS personnel at Ventress. At no time has he been denied any needed medical treatment. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate

At no time have I or any of the medical or nursing staff at Ventress Correctional Facility denied Moon any needed medical treatment, nor have we ever acted with deliberate indifference to any serious medical need of Moon. At all times, Moon's known medical complaints and conditions have been addressed as promptly as possible under the circumstances."

Further affiant sayeth not.

NETTIE BURKS, R.N., H.S.A

STATE OF ALABAMA        )
                            )
COUNTY OF _Barbour_  )

     Sworn to and subscribed before me on this the _2nd_ day of _August_, 2005

                                _Reba J Currie_
                                Notary Public

My Commission Expires:

_9-8-08_

In The Circuit Court for Montgomery County

EXHIBIT
D

James C. Moon # 212228
Plaintiff - Pro-Se

Vs.

Samuel Rayapatti, M.D.
Ventress Correctional Medical Health Unit
and
M.D. assistant Ms. Burk, R.N.
Ventress Correctional Medical Health Unit
and
Prison Health Services Inc.
Ventress Correctional Medical Health Unit, et. al.
        Defendants

Re: Civil Action
Medical Malpractice
     — Suit —

Case No: CV-04-3287

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2004 DEC -6 PM 12:51

## Civil Action Complaint

Comes now Plaintiff James C. Moon Pro-Se,
pursuant to the appropriate rule and authority
herein respectfully files and submits his Civil
Action Complaint as follows:

## Plaintiff

James C. Moon, D.O.C. - AIS, No. 212228,
presently confined in Ventress Correctional
Facility, P.O.Box 767, Clayton, Ala. 36016.

(1)

## Defendants

(1) Samuel Rayapatti, M.D.
   Medical Department, Ventress Correctional
   Facility, PO Box 767, Clayton, Al. 36016

(2) M.D. assistant, Ms. Burk, R.N.
   Medical Department, Ventress Correctional
   Facility, PO Box 767, Clayton, Al. 36016

(3) Prison Health Services Inc.
   (V.C.F., Medical Provider for Inmate Treatment)
   West Park Dr. (Suite 200)
   Brentwood, Tn. 37027

## Jurisdiction

Jurisdiction of this Honorable Court is predicated on Alabama Code Title 6-3-9, Code Title 14-2-33 and Alabama Medical Liability Act. Code Title 6-5-480 etc. and such Authorities as:

1. City of Dothan -vs- Holloway 501 So. 2d. 1136 (Ala 1986)

2. Ravi -vs- Coates 662 So.2d. 218 (Ala. 1995)

3. Delker -vs- Maass 843 F. Supp. 1390 (or. 1994)

4. Rodgers -vs- Adams 657 So.2d. 838 (Ala 1995)

5. West -vs- Atkins 487 U.S. 42, 101 L.Ed. 2d 40 (1988)

6. Fountian -vs- State 648 So. 2d. 591 (Al. Civ. App. 1994)

7. Smith -vs- Darring 659 So. 2d. 678 (Al. Civ. App. 1995)

8. Bivins -vs- Jeffers Vet Supply 873 F. Supp. 1500 (M. Dist. 1994)

9. Moore -vs- Glover 501 So. 2d. 1187 (Ala 1986)

10. Wisc. Dept. of. Corr. -vs- Schacht 141 L.Ed. 2d. 364 (1998

## Statement of Facts

Plaintiff James C. Moon has <u>two</u> <u>very</u> <u>serious</u> Medical Problems, the main one, which was "misdiagnosed" by said Defendants as a Hianel Hernia and the medication prescribed for the same, did nothing but <u>harm</u> Plaintiff and provided <u>no relief</u> for the problem - which was and is a <u>serious</u> restriction in Plaintiffs Esophagus Tube (Throat Passage) in which the diameter of the Esophagus Tube is approximatley 1/4" (Please <u>Note</u> Measurement of → ⟂ ⟂ ← 1/4"), literally <u>preventing</u> Plaintiff from eating normally - he must chew his food thoroughly and eat very slowly but even then, he <u>still</u> has trouble swallowing his food and liquids as <u>he choke's and vomits</u> up most meals <u>and</u> his vital medications (Pills) on a daily basis. This serious problem is "compounded" by the fact the Prison System, specifically, Ventress Correctional Facility is so <u>Overcrowded</u> that it cause's Prison Officials (Guards) to intimidate inmates <u>who have</u> the blessing or the average, or "normal" ability to eat and drink liquids appropriately (because of a unusually <u>small</u> "dining room") the "Guards" rush "<u>normal</u>" inmate's through all meals served only allowing (5) minutes to "eat" a meal, in which Plaintiff <u>cannot</u> comply with because of his <u>seriously ill</u> medical condition. The forementioned <u>Fact's</u> have caused a mental, physical, and Financial hardship for Plaintiff for Over (2) <u>documentated</u> <u>Years</u>, as well as Plaintiff (52 yrs Old) and in failing health - having to "call" his (73 yr Old) mother to

# Allegations and Claims

## (1) Count One:

Plaintiff alleges and claims that at all times relevant the Defendants were acting under color of State Laws in their Official, individual, and personal capacity when they committed the negligent and malfeasance acts herein outlined which did as a matter of fact cause Plaintiff to suffer unecessary harm, pain, and substancial Hardship, illegally in Violation of the Alabama Medical Liability Act, which Plaintiff seeks Just Relief fore:

## (2) Count Two:

Plaintiff alleges and claims that Defendant Dr. Rayapatti and his assistance and agents did as a matter of fact, refuse to, and fail to allow Plaintiff access to a Medical Expert to properly diagnose Plaintiff's serious life threatening problem for an unnecessary time in Clear Violation of well established medical standards, which caused Plaintiffs life to be placed in danger and harm, unnecessarily causing Plaintiff to suffer extreme Physical and Mental hardship, for which Plaintiff seeks Just relief for:

# (3) Count Three:

Plaintiff alleges and claims that the named Defendants, employee's, agents and assistance through negligence, incompetence, or indifference has allowed the Care and Medical Treatment of inmate's such as Plaintiff Moon to not only be insufficient, but to also be a Denial of well established Medical Care and Treatment, and the Treatment he was given falls extremely short of the standards outlined in the Alabama Medical Liability Act, and the Treatment's given to Plaintiff have actually harmed him in more ways than one, for which Plaintiff seeks Just relief for:

# (4) Count Four:

Plaintiff allege's and claims that the named Defendant's, agents, employee's, and assistance have a Custom and Policy of giving and rendering Substandard Medical Care and Treatment to the inmate's of The Ala. Prison System, in order to enrich their pockets, their income, and their Mother Company's profits, and to secure their continued employment, which did, and has harmed Plaintiff personally, for which Plaintiff seeks Just relief for:

## (5) Count Five:

Plaintiff alleges and claims that Defendant Dr. Rayapatti is, and has acted in an incomplete manner towards Plaintiffs very serious life threatening medical problem, and at all times relevent Defendant Misdiagnosed Plaintiff Esophagus Blockage from the start, which is a good example of him being incompetent and his indifferant attitude toward inmate's medical problem's in general, for which Plaintiff seeks Just relief for:

## (6) Count Six:

Plaintiff alleges and claims that Defendant Dr. Rayapatti's misdiagnosis of Plaintiff's Esophagas blockage has caused Plaintiff to suffer extreme Mental and Physical Harm, Pain, and Substancial Hardship to such an extent as to be a Violation of the (8) eighth Amendment to the U.S. Constitution and did, as a matter of fact cause Plaintiff (over a long period of time) to suffer illegally and unJustifiabley under Conditions that amounted to Cruel and Unusual Punishment, for which Plaintiff seeks Just relief for:

(7) Count Seven:

Plaintiff allege's and claim's that Defendant
Prison Health Service's Inc. is guilty of
derelition of duty in their falure to hire a
permanent Dentist for Care and Treatment
of inmate's dental hygiene in Ventress Correctional
Facility, that said Defendant has failed to live up to
their agreement with the Ala. Dept. of Corrections, as
Prison Health Services Inc. has not, and doe's not
properly Care and Treat inmate's dental need's, such
as Plaintiff's (Moon) seriously infected "Gums",
"bad" teeth, and broken False Tooth, and as a direct
result thereof, Plaintiff has severly suffered
unnecessary harm, pain, and substancial Hardship
over an Obviously unnecessary period of time,
for which Plaintiff seeks Just relief for:

(8) Count Eight:

Plaintiff allege's and claim's that there is No
effective administrative Remedy in place at
Ventress Correctional Facility for inmate's being
denied proper and much needed Medical Care and
Treatment, as Plaintiff has Filed "many" complaints
as well as Medical "Sick-Call" Request Slips, and
Defendant Burk, Nurse in charge of "Overseeing"
the running Order of the V.C.F. Health Care Unit,
and, who's duty is to investigate inmate's Medical
Complaint's, has failed to obtain or expidict any
Relief for Plaintiff's repeated Request's and
Complaint's, as she takes side's with her friends and
other Medical Personel in V.C.F., at the expense of
Plaintiff Moon, for which Plaintiff seek's Just Relief for:

(9) Count Nine.

Plaintiff alleges and claims that as a direct result of Defendant's insolent, ostentatious display of arrogance, swagger, and indifference toward plaintiff's General Health "Needs" have caused the Condition's of Plaintiff's incarceration and confinement, to expose Plaintiff to Cruel and unusual Punishment: That, among other things, Plaintiff choke's, spits up, and almost Suffocate's on a daily basis Just triing to eat, and he is being illegally discriminated against, unjustly by the Defendant's who refuse to prescribe a special Medical Diet when they were informed of Plaintiff's documentated, Varifiable restriction in his Esophagus Tube, and his Condition has been Known now for over (2) years by the Defendants, and Still, Defendants refuse to allow Plaintiff access to a Qualified Physician able to Correct said condition in an "rutine" Operation, for which Plaintiff seeks Just relief for:

(10) Count Ten:

Plaintiff alleges and claims that Defendant Dr. Rayapatti has shown and acted in an incompetent manner, in a continual show of ineffective Medical Care and Treatment that was given Plaintiff Moon, as well as Defendant's <u>inexcusable misdiagnosis</u> of Plaintiff Moon's <u>main</u> Medical Problem and Chief Complaint, Blockage of Plaintiff's Esophagus Tube, <u>seriously</u> causing Plaintiff to Choke, Spit Up, Vomit up food, as well as his "<u>pill</u>" Medication, but allway's being <u>One</u> of four — on a daily basis. Plaintiff's Esophagus Tube is progresively getting worse, though, even <u>now</u> it is defective to <u>such</u> an extent that Defendant Dr. Rayapatti chose to <u>discontinue</u> Plaintiff's prescribed Medicine ("Pill's") that was <u>a help</u> for Plaintiff's Condition and illness; That Plaintiff Moon Also Suffer's from a ruptured Disc, at Lumber No. 4, and No. 5 — Secondly, The "Pill" Medication that was prescribed for the Ruptured Disc — <u>Prior to</u> Defendant Dr. Rayapatti's arrival at Ventress, was "taken away" from Plaintiff by Defendant Rayapatti's distorted opinion and decission to discontinue dispencing Plaintiff's allready proven, very helpfull, (as Plaintiff would testify under Oath) medication that was previously prescribed by a former Doctor here at Ventress Correctional, which can be varified by V.C.F./H.C.U. medical records, Additionally, Plaintiff Moon <u>was</u> denied <u>continuence</u> of his No-Prolonged-Standing "Profile" which enabled Plaintiff to <u>avoid</u> future, and <u>further</u> inJury, pain, and suffering due to Prolonged Standing otherwise required <u>Just to recieve</u> Plaintiff's daily ration of "Meds" via Prison Pill lines rediculously long and time consuming.

Continued From (10) Count Ten:

("old" injury/illness: Plaintiff Moon suffers from forementioned "Back" problems which are Permenent, as well as permenent damage to his Knee, and permenent damage to One Eye, all of which require (as well as forementioned Chief Complaint) a comparable degree of Healthcare, and appropriate diagnosis then to include proper Treatment, all of which that are used in, or "by Hospitals generally in the Community."
(Please See Enclosed Page 3)

(11) Count Eleven:

Plaintiff alleges and claims that as a direct result of Defendant's negligent and malfeasance Non-Act's and conduct, Plaintiff has Suffered over a long period of time, a violation of the (8)th Amendment to the United States Constitution, and has been forced to suffer a depletion of his menger allowence by having to buy food items from the Prison's Commissary to substane his health, and such food items are not designed to be "Nutrisional", or to keep one's health up to par: That is to "note", defendant's intent and policy to furnish inmate's such as Moon (Plaintiff) substandard Medical Care and Treatment, for which Plaintiff seeks "Just" relief for: that Plaintiff Moon, has no other means to obtain "that which he needs", not only an Operation to Enlarge his defective Esophagus Tube, and appropriate Dental Care and Treatment for his infecter Gums, but Overall proper Care and Treatment that Plaintiff is Constitutionally entitled to recieve by

## Relief Sought

(1) Plaintiff respectfully requests, Trial by Jury

(2) Plaintiff requests a declaratory Judgement on All issue's and Claims.

(3) Plaintiff seeks, an injunction, directing defendant's to immediatley issue a liquate diet for Plaintiff Moon.

(4) Plaintiff requests a Compensative Judgement of $200,000.⁰⁰, and double punitive Judgement.

(5) Plaintiff seeks a Judgement directing defendant's to Re-emburse Plaintiff of all cost's incurred in the Prosecution of this meritiorious Cause of Action.

(6) Plaintiff seeks any and all other forms of relief that he is entitled too.

Respectfully Submitted,

s/ James C. Moon

James C. Moon # 212228
V.C.F., P.O.Box 767
Clayton, Al, 36016



EXHIBIT
E

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **JAMES C. MOON (AIS #212228),** | * |
| **Plaintiff,** | * |
| v. | *    CV-04-3287 |
| | * |
| **SAMUEL RAYAPATI, M.D., ET AL.,** | * |
| **Defendants.** | * |
| | * |

## ORDER

This cause came before the Court on August 9, 2005 for a hearing on Defendants Samuel Rayapati, M.D., Nettie Burks, R.N., H.S.A. and Prison Health Services, Inc.'s motion for summary judgment. After consideration of these Defendants motion and supplemental materials, this Court concluded that the motion is hereby due to be **GRANTED**; therefore,

It is ORDERED, ADJUDGED and DECREED that judgment be and hereby is rendered in favor of the Defendants. All claims against these Defendants are hereby dismissed with prejudice, with each party to bear its own costs

Charles Price
Circuit Judge

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 AUG 12 AM 8: 22

cc:    James C. Moon, AIS #212228
       Ventress Correctional Facility
       P.O. Box 767
       Clayton, Alabama 36016-0767

       R. Brett Garrett
       Rushton, Stakely, Johnston
       & Garrett
       Post Office Box 270
       Montgomery, AL 36101-0270

EXHIBIT
F

## LETTER OF TRANSMITTAL OF
## NOTICE OF APPEAL TO APPELLATE COURT
## BY TRIAL CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY**

**APPELLANT: James C. Moon**

**APPELLEE: Prison Health Services, Dr. S. Rayapati, et al.**

**CIVIL ACTION NUMBER: CV-04-3287**

**DATE OF JUDGMENT: August 12, 2005**
**DATE OF POST-JUDGMENT ORDER:**

------------------------------------------------------------------------

Written notice of appeal has been filed on the date indicated hereon (within 42 days from the entry of judgment or post-judgment order).

A certified copy of the written notice of appeal is forwarded herewith for filing with the Clerk of the Court of Civil Appeals along with $100.00 docket fee.

I certify that I have served a copy of this letter of transmittal along with a copy of the notice of appeal on each of the following:

1. Court Reporter: **DENISE GORDON**, Montgomery County Courthouse, Montgomery, AL.

2. Appellant's Counsel: **JAMES C. MOON**, AIS#212228, P. O. Box 767, Clayton, AL 36016.

3. Appellee's Counsel: **R. BRETT GARRETT**, P. O. Box 270, Montgomery, AL 36101.

DATED this 19th day of September, 2005.

_Melissa Rittenour_
**Circuit Clerk**
**Montgomery County**

| State of Alabama<br>Unified Judicial System<br><br>Form ARAP-1 (front)  9/91 | NOTICE OF APPEAL TO THE (Check appropriate block)<br>☐ SUPREME COURT OF ALABAMA<br>☒ COURT OF CIVIL APPEALS OF ALABAMA | Civil Action Number:<br><br>CV-04-3289 |

## IN THE CIRCUIT COURT OF _____ MONTGOMERY _____ COUNTY, ALABAMA

**APPELLANT**
JAMES C. MOON

**v.   APPELLEE**
PRISON HEALTH SERVICES, DR. S. RAYAPATI M.D. ET. AL.

**TRIAL JUDGE**
HON. CHARLES PRICE

**DATE OF JUDGMENT:** 8-12-05      **DATE OF POST-JUDGMENT ORDER:**

NOTICE IS HEREBY GIVEN THAT _____ JAMES C. MOON _____ appeal (s) to the above-named
court from the ☒ Final Judgment ☐ Order _____ SUMMARY JUDGMENT _____ entered in this cause
(describing it)

## CHECK THE PROPER DESCRIPTION OF THE APPEALED CASE UNDER THE APPROPRIATE COURT:

| SUPREME COURT | COURT OF CIVIL APPEALS |
|---|---|
| 1. ☐ Summary Judgment, amount claimed more than $10,000 | 1. ☐ Summary Judgment, amount claimed $10,000 or less |
| 2. ☐ Judgment Amount exceeds $10,000 | 2. ☐ Judgment Amount $10,000 or less |
| 3. ☐ Amount Sought in trial court more than $10,000, judgment for defendant | 3. ☐ Amount Sought $10,000 or less, judgment for defendant |
| 4. ☐ Equitable Relief, except for domestic relations | 4. ☐ Workmens Compensation |
| 5. ☐ Other: _____ | 5. ☐ Domestic Relations |
| | 6. ☐ Other: SUMMARY JUDGEMENT AWARD. NO MONETARY |

## APPELLANT FILES WITH THIS NOTICE OF APPEAL:

1. ☐ Security for costs of appeal
2. ☐ A supersedeas bond in the amount of $ _____
3. ☐ Deposited cash security in the amount of $ _____
4. ☒ Is exempted by law from giving security for costs of appeal by virtue of INCARCERATED PERSON

**Filed** _____
(Date)

**CERTIFIED AS A TRUE COPY:**
*M. Melissa Rittenour*

**Circuit Clerk**
(Amended      2005

**Address** P.O. BOX 767
CLAYTON, AL. 36016      N/A
Telephone Number

JAMES C. MOON      PRO-SE
**Appellant or Attorney for Appellant**   *James C. Moon*

## SECURITY FOR COSTS

We hereby acknowledge ourselves security for costs of appeal. For the payment of all costs secured by this undertaking, we hereby waive our
right of exemption as to personal property under the Constitution and laws of the State of Alabama.

Executed with our seals this _____ day of _____, 19 2005

**Filed and approved:** _____
(Date)

**Appellant-Principal** _____ (L.S.)

**Surety** _____ (L.S.)

**Circuit Clerk**
(Amended November 9, 1976; October 1, 1991.)

**Surety** _____ (L.S.)

2005 SEP 19 PM 1:43   FILED CIRCUIT COURT MONTGOMERY COUNTY

## SUPERSEDEAS BOND

We, the undersigned principal and sureties, hereby acknowledge ourselves bound unto _____
in the sum of _____ Dollars, for the payment of which we bind ourselves, and each other, our
heirs, executors, [for amount of bond see Rule 8(a)] and administrators, jointly and severally, and as part of this undertaking we hereby waive our
rights of exemption as to personal property under the Constitution and laws of the State of Alabama.

WHEREAS, the above-named appellee(s) recovered a judgment against appellant(s) for the sum of _____ $ ___ 0 ___ Dollars ) and

, the further acts or duty _____

escribing judgment in addition to or other than for money only] _____ Dollars, the costs in that behalf expended

NOW, therefore, the condition of the foregoing obligation is such that, if the appellant shall prosecute this appeal to effect, and satisfy su

udgment, penalties, and costs, including costs of appeal as may be rendered in this case, then the said obligation to be null and void, otherwise to

emain in full force and effect.

Executed with our seals this _____ day of _____ , 19 _____

Filed and approved: _____ (L.S.)
             (Date)           Appellant-Principal

                                 _____ (L.S.)
                                 Surety

ircuit Clerk                   Surety     _____ (L.S.)

XECUTION OF JUDGMENT STAYED:

ond fixed at: $ _____

Not required for money judgment only.)     Circuit Judge

## DESIGNATION OF RECORD ON APPEAL

DESIGNATION OF CLERK'S RECORD: Appellant requests the clerk to include the following checked materials in the clerk's record:

| | |
|---|---|
| 1. ☐ Complaint | 9. ☒ Entire record (less those items set forth in Rule 10(a)) |
| 2. ☐ Answer | 10. ☒ Motion for summary judgment |
| 3. ☐ Counterclaim | 11. ☒ Opposition to motion for summary judgment |
| 4. ☐ Cross-Claim | 12. ☒ Final (Judgment) (Order) |
| 5. ☐ Third-party Complaint | 13. ☒ Motion for New Trial |
| 6. ☐ Third-party Answer | 14. ☒ Ruling on Motion |
| 7. ☐ Motion to dismiss | 15. ☐ Others: _____ |
| 8. ☐ Pretrial order | 16. ☒ Exhibit Number: ___ ALL ___ |

## TRANSCRIPT STATUS

☐ Transcript will not be ordered. [See Rule 10(b), ARAP.]

☒ Transcript will be ordered. [See Rules 10(b)(2) and 11(a)(2), ARAP,

Form 1A or 1B.] Court reporter(s):

FOR THE ~~TWO~~ ONE (1) HOURFUGB HELD 8/9/05

_____

NOTE: If more than one court reporter was involved in this case, you must file a Transcript Purchase Order Form in compliance with Rules 10(b) and 11(c), Form 1A or 1B of the ARAP, for each court reporter.

(Amended October 1, 1991.)

## CERTIFICATE OF FILING

I certify that I have this date filed with the clerk of the trial court the original and ___ 4 ___ copies of the foregoing notice of appeal (along with $100 docket fee), and such other instruments as have been completed and included herein. A true copy of each of these items will be served by the clerk of the trial court on each of the following:

1) Clerk of the appellate court, (the $100 docket fee shall be transmitted with this filing).

2) Court reporter.

3) Counsel for appellee, or appellee if no counsel.

Name: ___ HON. R. BRETT GARRETT, RUSHTON, STAKELY, JOHNSON & GARRETT → ___

Address: ___ P.O. BOX 270, MONTGOMERY, AL 36101 - 0270 ___

DATED this _13_ day of _Sept._ ~~19~~ 2005

_James C. Moon_

Attorney for Appellant ___ JAMES C. MOON, PRO SE ___

(Amended October 1, 1991.)

## STATEMENT OF THE ISSUES

THE APPELLANT, JAMES C. MOON, STATES THAT HE DID NOT RECEIVE THE DEFENDANTS/APPELLEES MOTION FOR SUMMARY JUDGMENT; BRIEF IN SUPPORT OF SUMMARY JUDGMENT; AFFIDAVITS; AND EXHIBITS UNTIL AUGUST 12, 2005, UPON HIS RETURN TO VENTRESS CORR. FACILITY, AND 3 DAYS AFTER THE HEARING HELD ON AUGUST 9, 2005.

THIS DELAY IN RECEIVING SAID DOCUMENTS CONSTITUTES A PROCEDURAL DEFECT BY THE DEFENDANTS/APPELLEES, AS A.R. CIV. P., RULE 56(c)(2) CLEARLY STATES THAT "THE MOTION FOR SUMMARY JUDGMENT, WITH ALL SUPPORTING MATERIALS, INCLUDING ANY BRIEFS, SHALL BE SERVED AT LEAST (10) DAYS BEFORE THE TIME FIXED FOR THE HEARING ..."

THE MOTION FOR SUMMARY JUDGMENT, ETC., IS DATED AUGUST 4, 2005 AS SHOWN ON THE CERTIFICATE OF SERVICE, HOWEVER, NOT ONLY DOES THIS VIOLATE THE RULE 56(c)(2) BUT APPELLANT WAS TRANSFERED FROM V.C.F., ON AUGUST 4, 2005, TO MONTGOMERY COUNTY JAIL TO ATTEND THE AUGUST 9, 2005, HEARING. THEREFORE, HE DID NOT RECEIVE SAID DOCUMENTS IN A TIMELY FASHION AS WARRANTED BY THE RULE VIOLATING HIS DUE PROCESS.

James C. Moon

JAMES C. MOON  # 212228
V.C.F. ~ P.O. BOX 767
CLAYTON, AL. 36016

Form 25                    RULES OF APPELLATE PROCEDURE

## FORM 25.  DOCKETING STATEMENT—APPEAL
## TO THE COURT OF CIVIL APPEALS

| State of Alabama Unified Judicial System  Form ARAP- 25 (front)    8/91 | DOCKETING STATEMENT  Appeal to the Court of Civil Appeals | Appellate Case Number (to be filled in by appellate court) |
|---|---|---|

**NOTE: COMPLETED CIVIL CASE COVER SHEET MUST BE ATTACHED**

| COUNTY | CIVIL ACTION NUMBER | TRIAL JUDGE |
|---|---|---|
| Montgomery | CV-04-3287 | Charles Price |

**PARTY FILING APPEAL (Appellant):**

James C. Moon # 12228

**V.    PARTY APPEALED AGAINST (Appellee):**

Prison Health Services, Dr. S. Rayn Pate, M.D., et. al.

| APPELLANT'S ATTORNEY: | Telephone Number |
|---|---|
| James L. Moon , Pro-Se | N/A |

| Address | | City | State | Zip Code |
|---|---|---|---|---|
| P.O. Box 767 | | Clayton | AL. | 36016 |

| APPELLEE'S ATTORNEY: | Telephone Number |
|---|---|
| R. Brett Garrett, | |

| Address | City | State | Zip Code |
|---|---|---|---|
| P.O. Box 270 | Montgomery, | AL. | 36101 |

**TYPE OF APPEAL:**    ☒ Appeal    ☐ Cross-Appeal

**JURISDICTION (TYPE OF CASE) :** Please check the proper description of the appealed case:

A ☐ Summary Judgment, amount claimed equal to or less than $10,000
B ☐ Judgment Amount equal to or less than $10,000
C ☐ Amount Sought in trial court $10,000 or less, judgment for defendant
D ☐ Domestic Relations

E ☐ Workmen's Compensation
F ☐ Administrative Agency
G ☐ Juvenile
H ☒ Other: Summary Judgment No Monetary Award

**JURISDICTION (FINALITY) :** Date of entry of judgment appealed from:  8  12  05
                                                                      Month  Day  Year

1. Is the order or judgment appealed from in compliance with Rule 58, A.R.Civ.P.?   ☒ Yes  ☐ No
2. Is the order or judgment appealed from a final judgment (i.e., does it dispose of the case as to all claims by all parties)?  ☒ Yes  ☐ No
3. If the judgment was not final, did the trial court direct the entry of a judgment pursuant to Rule 54(b), A.R.Civ.P ?   ☐ Yes  ☒ No
4. If judgment was entered pursuant to Rule 54(b), A.R.Civ.P., did the trial court expressly determine that there was no just reason for delay and expressly direct that judgment be entered?   ☐ Yes  ☒ No
5. If there is no final judgment or if there has not been full compliance with Rule 54(b), A.R.Civ.P., please explain the basis for seeking appellate review and cite the authority for the appeal:

_____
_____
_____

**POST-JUDGMENT MOTIONS:**    List all post-judgment motions by date of filing, type, and date of disposition (whether by trial court order or by the provisions of Rule 59.1, A.R.Civ.P.):

| DATE OF FILING | | | TYPE OF POST-JUDGMENT MOTION | DATE OF DISPOSITION | | |
|---|---|---|---|---|---|---|
| Month | Day | Year | | Month | Day | Year |
| 8 | 16 | 05 | Mot. for Ext. Time. To Respond To Defs. Motion | 8 | 23 | 05 |
| 8 | 17 | 05 | Plaintiffs Objection to Court's order Granting Sum. Jud | 8 | 23 | 05 |
| | | | | | | |
| | | | | | | |

2005 SEP 19  PM



**Melissa Rittenour,** Clerk and Register, Circuit Court Montgomery County     Telephone (334) 832-1260

Montgomery County Courthouse, P.O. Box 1667, Montgomery, AL 36102-1667

September 20, 2005

JAMES C. MOON
AIS#212228
P. O. Box 767
CLAYTON, AL 36016

Re: James C. Moon vs. Prison Health Services, Dr. S. Rayapati, et al
    CV-04-3287

Dear Mr. Moon,

    Your notice of appeal in the above styled action has been filed and forwarded to the appropriate appellate court

    Rule 24 of the Alabama Rules of Appellate Procedure makes no provision for the allowance of a free record in civil appeals. The estimated cost for preparing the clerk's record in this cause will be $135.00. This amount must be received in our office by October 17, 2005. After that date, the appellate court will be notified of your failure to pay the costs for preparing the record.

Sincerely,

*Melissa Rittenour*

Melissa Rittenour, Clerk

cc: John Wilkerson, Clerk
    R. Brett Garrett, Esq.

712-1264



# STATE OF ALABAMA
# COURT OF CIVIL APPEALS



June 9, 2006

**2041097**

James C. Moon v. Prison Health Services, Samuel Rayapati, M.D., et al. (Appeal from Montgomery Circuit Court: CV 04-3287)

## <u>Certificate of Judgment</u>

The appeal in this cause having been duly submitted, IT IS CONSIDERED, ORDERED, AND ADJUDGED that the judgment of the court below is affirmed.

IT IS FURTHER ORDERED that the costs of appeal are taxed against the appellant(s) and sureties as provided by Rule 35, Alabama Rules of Appellate Procedure.

Witness, John H. Wilkerson, Jr., this 9th day of June, 2006.

*John H. Wilkerson Jr.*

**John H. Wilkerson, Jr.**
**Clerk, Court of Civil Appeals**

ISSUED June 28, 2006

JUN - 9 2006

STATE OF ALABAMA -- JUDICIAL DEPARTMENT
THE COURT OF CIVIL APPEALS
OCTOBER TERM, 2005-2006

2041097

James C. Moon v. Prison Health Services, Inc., Samuel
Rayapati, M.D., et al.
Appeal from Montgomery Circuit Court (CV-04-3287).

CRAWLEY, Presiding Judge.

AFFIRMED. NO OPINION.

See Rule 53(a)(1) and (a)(2)(E), Ala. R. App. P.; Tharp
v. Union State Bank, 364 So. 2d 335 (Ala. Civ. App. 1978).

This case was transferred to this court by the supreme
court, pursuant to § 12-2-7(6), Ala. Code 1975.

Thompson, Pittman, Murdock, and Bryan, JJ., concur.

John H Wilkerson, Jr., Clerk of the Court of Civil
Appeals of Alabama, do hereby certify the foregoing is a
full true and correct copy of the instrument(s) herewith
set out as same appears of record in said court.

Witness my hand this ___ day of _____, 20 __

_____

Clerk, Court of Civil Appeals of Alabama