IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

James Charley Moon, #212228,

    Plaintiff,

v.        CIVIL ACTION NO. 2:06-CV-384-WKW

Samuel Rayapatti, M.D.,

    Defendant.

## MOTION FOR ORDER OF PRECEDURAL DEFAULT

Comes now James Charley Moon, #212228, Plaintiff in the above styled cause, acting pro se and moves this Honorable Court pursuant to Rule 55(b)(2), Federal Rules of Civil Procedure, for an Order of Procedural Default be entered against Defendant Samuel Rayapati, M.D., and further, an Order of Summary Judgment be entered in favor of the Plaintiff pursuant to Rule 56(a) of the Federal Rules of Civil Procedure. As grounds for said orders to enter, the Plaintiff shows the following.

### ARGUMENT

The Plaintiff filed a claim against the above named Defendant, Samuel Rayapati, for his negligence and blatant denial of health care to the Plaintiff.

In the course of litigation against the Defendant, Samuel Rayapati, M.D., (hereinafter Rayapati) the Defendant was given numerous orders to respond and defend against the claims against him by the Plaintiff, yet each time an extension was requested, which was granted by the Court. Upon the granting of the requested time extensions the Court would admonish Rayapati for repeatedly doing this.

Plaintiff shows that the requested extensions arose out of the fact that Rayapati's whereabouts were unknown and he could not be reached. This occured during the course of the proceedings in which he was given dates of certainty to plead in defense of the allegations against him.

On September 29, 2006 an Order was issued as to Defendant Rayapati's **fourth request** for an extension of time and this Court noted:

> "The Court finds that the motions are
> not well taken, especially in light of the
> Court's Order entered August 29, 2006,
> which admonished the medical Defendants that the Court
> would not entertain any additional requests
> for further enlargements of time within which
> they were to file an Answer and written reports
> to Plaintiff's Complaint."

Cleary, Rayapati has taken the attitude that "whatever happens, happens" and as such, pursuant to the mandates of Rule 55(b)(2), F.R.Civ.Pro., has "failed to plead" and/or pursue defense of litigation by the Plaintiff against him.

An affidavit sent from the State of Washington that allegedly supposes to fulfill the Court's Order on September 26, 2006 to file his answer to the written report. This report was not even filed by the other Defendants until October 13, 2006, two (2) days after the Court's ordered deadline.

Within the documents is the mentioned affidavit of Rayapati. This affidavit is signed by Rayapati allegedly although a close observation clearly reveals an additional line under Rayapati's name, indicating he never signed the document and in addition, the signature and document are copied documents and not originals.

Plaintiff shows Rayapati's name was photocopied upon the affidavit and, most notably, is the fact the affidavit is invalid and serves no legal purpose, in that its contents are not sworn statements, nor were the contents given under oath. As such, they are just that, statements, which would not be admissable in a court of law.

Plaintiff shows the reason the document is not sworn under oath is due to the fact to do so would mandate a State seal accompanied by a Notary Public's signature, both from the State of Washington, Rayapati's present domain.

Plaintiff shows not only was Rayapati's name photocopied upon the document, but the document was not drawn in the State of Washington as indicated by the document. It is the Plaintiff's contention that one would not draw an affidavit and this affidavit bearing something of great importance, and not even bother to notarize it.

The answer is simple: Rayapati was a physician for Prison Health Services, Inc. and the Defendants believe Rayapati has abandoned litigation and as such, the Defendants and their attorneys are now forced to send fraudulent and deceiving documents to the Court in an attempt to hide the fact that Rayapati has not only abandoned litigation in defense of Plaintiff's claims against him, but has abandoned all associations on behalf of Prison Health Services, Inc.

Plaintiff shows Rayapati has procedurally defaulted himself, that his affidavit and/or alledged report to the Court whose deadline was that of October 11, 2006 has not been satisfied. (See Exhibit B, Defendant's Answer to Special Report).

**WHEREFORE,** premises considered, and for good cause shown, Defendant Samuel Rayapati, M.D., has procedurally defaulted himself from the proceedings and Plaintiff is due on Order of Summary Judgment in his favor as to Defendant Rayapati.

Respectfully submitted,

*James C. Moon*
James Charley Moon, Plaintiff

Done this 23 day of October, 2006.

## CERTIFICATE OF SERVICE

    I hereby certify that I have on this date caused a copy of the foregoing document to be served upon all parties to this action by placing copies of the same in the U.S. Mail to each, postage prepaid by me.

Done this __24__ day of October, 2006.


Attention:  Hon. Brett Garett
             Attorney for Defendants
             P.O. Box 270
             Montgomery, AL  36101-0270

Attention:  Hon. Troy King
             Office of the Attorney General
             11 South Union St.
             Montgomery, AL  36130

                                                */s/ James C. Moon*
                                           James Charley Moon, #212228
                                           P.O. Box 767
                                           Ventress Correctional Facility
                                           Clayton, AL  36016-0767