IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 NOV 22 A 9: 30

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | | |
|---|---|---|
| James Charley Moon, #212228, | * | |
| Plaintiff, | * | |
| vs. | * | CIVIL ACTION NO. 2:06-CV-384-WKW |
| Samuel Rayapati, M.D., et al., | * | |
| Defendants. | * | |

### ANSWER AND REBUTTAL TO DEFENDANT'S SPECIAL REPORT OF MARVIN WEST, D.D.S.

Comes now the Plaintiff, James Charley Moon, acting pro se, and in the above styled cause presents this Answer and Rebuttal to the Defendant's Special Report.

### STATEMENT OF FACTS

On August 18, 2004 Plaintiff put in a dental slip for a toothache, and a request to get his teeth cleaned. Prison Health Services, Inc (PHS) has a contract with the Alabama Department of Corrections (ADOC) to have inmates teeth cleaned annually. It had been over six (6) years since Plaintiff's teeth had been cleaned. The last dentist died in an automobile accident in June of 2004, leaving us without a dentist. See Exhibits A-1 . In this request, Ms. Marsh (LPN) did the sick call screening. The request stated that I needed to see the dentist bad and that the filling was out. As you will see, Dr. West and Nurse Marsh's signatures appear on the request. On October 7, 2004 I was seen by Ms. Peters "Mental Health" and voiced numerous medical complaints such as dental problems and difficulty swallowing my food, and that my medical problems still remain. See Exhibit A-2 thur 1:2 On October 10, 2004 I had still not been seen and I had two (2) teeth that had become abcessed. My right bottom

started swelling and also a broken and decayed tooth, the front upper and swelling to the gum above, also yellowish drainage was coming from the gums.

Nurse B. Luke (RN) and Rayapati's signatures appear on this emergency body chart. See Exhibit A-13. Dr. West wrote prescribed Pen VK 500 mg. =10 day P.O. tid and tylenol for 7 days. See Exhibit A-14. PHS contracts with ADOC says that emergencies be seen in 24 hours. I have not been seen by a dentist nor dental assistant now for 53 days. See Exhibit # A-15(C) (Contract).

Intentional failure to provide service acknowledged to be necessary is the deliberate indifference porscribed by the Constitution. See **Patterson v. Pearson,** 19 F.3d 439 (8th Cir. 1994).

Federal Civil Procedure 2491.5

Material issue of fact as to whether approximately one month delay in providing prisoner with follow-up dental care established Eighth Amendment violation precluded summary judgment for prison dentist in §1983 action brought by prisoner. 42 U.S.C.A. §1983.

ON October 27, 2004 a dentist came from Kilby Correctional Facility Dr. West looked at the two abcessed teeth, mashed on #29 blood and pus came out of the tooth and gums. He said "Doesn't that hurt?" I said "Yes", well can you pull them, he said "No" but I can cement your false tooth back in. I told him I lost the post that holds it in, he cemented it without the post. This was the third request to get #17 and #29 pulled. SEE A-21, 22, 23

42 U.S.C.A. §1983 Criminal Law 1213.10(3)

State must provide prisoners level of health services reasonably designed to meet routine and emergency medical, dental and psychological or psychiatric care. **Boyd v. Knox,** 47 F.3d (8th Cir. 1995) (three week delay in dental care, coupled with knowledge that inmate is suffering, can support findings of Eighth Amendment violation.) See Contracts 14 days reasonably designed SEE A-15 (H)

Page 2

to meet routine dental and (24) hours on emergency. Plaintiff alleges that PHS, Inc. and ADOC have violated their own rules and regulations, statutes or the Constitution. See Exhibit A-15(c) (Dental Contract).

Second, Plaintiff alleges that the Defendants failed to provide proper dental care due to **lack of staff**. See **Williams v. Scully**, 552 F. Supp. SEE A-16,17, 18 431 (S.D. NY 1982) five and one-half months delay in filling caused by lack of staff during which Plaintiff "suffered considerable pain." Plaintiff's allegations go far beyond that of simple mistake or negligence. Rather, plaintiff maintains that the dental care provided was so cursory as to amount to no treatment at all. Such action in this case of serious medical problems may violate the Fourteenth Amendment.

On December 4, 2004 I sent an inmate request slip to Mrs. Burks, Director of Nursing (DON). This was the fourth request slip for dental help I had written. See Exhibit A-35 . I put in August, 2004 a sick call slip for dental, since then I had done a body chart for abcessed or infected teeth. I have still not been called back to have my teeth pulled or repaired.

The dental record shows abcessed noted #29, again Dr. West prescribed pen VK 500 mg - 7 days 375 mg. tylenol for 7 days, thus, for Dr. West's signature has appeared 3 times since August 18, 2004, October 10, 2004 and October 27, 2004. See Exhibits A-1, 23, #4 and 17# teeth was in my first request filling out, August 18, 2004 and not a new request as stated in his sworn affidavit, and Tooth #29 on October 10, 2004 emergency body chart, before I ever seen Dr. West on October 27, 2004 even though he states he knew nothing about this until December 29, 2004. His signatures will speak for themselves. Had Dr. West scheduled Plaintiff for an appointment for extraction at the end of the antibiotics which was 7 days, then I would not have had to suffer for 225 days of pain, and continued taking pain medication which in turn put my health at risk and continued risk of erosion and permanent damage done to the esophagus and stomach.

Page 3

Annual exam    A-21

On December 20, 2004 I saw the dental assistant, I asked her when was SEE
I going to see the dentist. It has been almost 8 weeks since Dr. West seen
Plaintiff to get the 2 teeth pulled. She said "There is around 350 inmates
ahead of me that I will have to wait my turn. He only comes one day a week
until they can hire a full time dentist. See contract Exhibit A-17. (40)
hours a week. PHS, Inc. never addressed the Plaintiff's allegations #2 and
#7, dereliction of duty in their failure to hire a permanent dentist due to
lack of staff from June 2004 until March, 2005. The ADOC and PHS, Inc.
fall under **Rule 8(d) F. R. Civil Pro.**, his pleadings Plaintiff's petition
to be taken as true. I also sent a letter to Ruth Naglich, Associate Comm.
who handles contracts between PHS, Inc. and ADOC addressing dental and medical
during this time. See Exhibit A-86, 87, 88

On December 14, 1 sent a request to Capt. Monk about my dental problems.
This was my fifth request I had wrote. In this request I told him I was
trying to get some help for dental repair, this was on December 14, 2004. I
have had a body chart done once besides sick call and wrote Mrs. Burks
two request slips in which she has not answered. See Exhibit A-36. So
1 am writing a grievance today. Capt. Monk forwarded my request knowing
that this had been going on for four months, but does nothing to help, his
intervention was to say "Mrs. Burks decision is final." On December 22, 2004
I wrote grievance to Mrs. Burks, See Exhibit A-37, this was the sixth
request for dental help! I stated: That I was still getting choked when
eating or taking medication, which Dr. Rayapati would not discuss with me
about surgery being done for my stricture, and that I had been forced to
take pain medication for over 4 1/2 months to no end, which is bad on
the esophagus and stomach, which in turn makes my health at risk.

Page 4

On December 9, 2004, See Nurses Notes Exhibits A·29, stated: I had a toothache after returning from a surgical procedure on my eophagus. Where Nurse Marsh refused me simple tylenol for pain. See Exhibit A·33. Sworn Affidavit. The only way I could get anything was to leave the Hospital (HCU) Ventress. I stated: I don't want to stay here. See **McElligott** A·29 182 F. 3d at 1258-n. 6 (11th Cir). [Although the plaintiff] needs were not so serious that a day or so would have been constitutionally intolerable the week's long delays he endured, a jury could conclude were the product of deliberate indifference]. For this went on for 7 1/2 months of continued erosion on the esophagus irreversible damage. I also sent Ruth Naglich, Associate Commissioner of ADOC addressing these problems. certified 10/3/05 mail See Exhibit 86. On December 29, 2004 I finally got one of the two teeth pulled. I tried to get Dr. West to pull both teeth #17 and #29. He said "He could not do it," I was tired of hurting, but he refused to pull both teeth, Dr. West also recemented #8 without a post again. I told him it won't stay without the post, finally it came out 2 weeks later and went down the drain, a six hundred $600.00 cap. See Contract's #A·15(F) It states: your fault our fault nobodys fault they have to fix or replace the missing false tooth in front. I was told I will have to wait until I get out to replace this tooth all because they would not buy a two cent post to do the job right. Dr. West told me to turn in another sick call slip, which I did, December 30, 2004. In this request I stated I had an <u>abcessed</u> tooth and I wanted it pulled. A·38 The dental assistant R. Thompkins and Dr. West's signature appears on this request knowing I am telling them tooth #29 is abcessed they don't call back for antibiotics. On February 24, 2005 I had been to HCU for <u>mental health</u> I had seen Dr. West in the hall. I told him the tooth he pulled on Dec.

Page   5

29, 2004 some of it was left and was coming thru the gum and would he look at it. He refused and told me to put in another request slip. I would not have had to take more than 3 or 4 seconds. On February 25, I filled out SEE A-39 another sick call slip, went to the Law Library and had a copy made. In this request I stated: I seen the dentist Dec. 29, 2004 He pulled a tooth, but left part of the tooth, It is coming through my gum. He was to pull another tooth, but told me to put in another sick call slip, so I did Dec. 30, 2004. SEE A-38 So I am putting in another sick call slip again February 26, 2005. On the 26th Feb., 2005 I had it notarized. See Exhibit A-39 . The following day I was hospitalized Feb. 27, 2005. See Exhibit A-40, 41, 42 On Feb. 28, 2005 request was received for dental. See Exhibit A 39 . It also shows on March 1, 2005 out to Baptist South Hospital. On March 17, 2005 It states: No show dental sick call screening. Procedure states: If no show you are called the same day at 9:00 p.m. pill call and sign a release of liability this was not done nor was I called for sick call screening as Dr. West stated. ON the 21st of March I went to HCU for appointment but was rescheduled for March 30, 2005.

On March 30, 2005 I seen Dr. William E. Shirley as you will see in Exhibits  D  . Page 2 Dr. Shirley's sworn affidavit Exhibit D. He states: I first evaluated Mr. Moon on March 30, 2005, where I noted that he had a chronic periapical abcess: meaning a collection of pus usually caused by an infected tooth. Also in the Special Report of Defendants Marvin West D.D.S., Travis Miers, Jr. D.M.D. and William Shirley D.D.S..
Dr. Shirley states: Page 4 bottom of page that this is the same abcess previously indentified by Dr. West. Which was back on Oct. 10, 2004 and Oct. 27, 2004. He wrote a prescription two times See Exhibit A·14, 23 3 more times in march - Also 78, 77, 79. Over 5 months and 20 days before extraction and still abcessed. I told Dr. Shirley

Page 6

I had taken at least 30 tylenol walked the floors all night and I could not stand another day of this that the medication no longer had any effect and <u>Please pull this tooth, I would sign a release of responsibility I can't stand the pain anymore.</u>

I had been put on antibiotics 4 times this month in March 2005 and A.77,78, 79 hospitalized 2 times more than likely because of #29 tooth abcess. See **Farrow v. West,** 320 F. 3d 1235 at page 1242 [6-9]. Although the United States Constitution does not require comfortable prisons, neither does it permit inhumane ones. (11th Cir. 2003) Also at page 1236 (15. Federal Civil Procedure Key 2491.5). Genuine issue of material fact existed as to whether prisoner with only two lower teeth had a serious medical need for dentures, precluding summary judgment in his §1983 action against dentist for alleging violation of his Eighth Amendment rights in delaying for 15 months before providing him with dentures. U.S.C.A. Const. Amend. 8; 42 U.S.C.A. §1983.

This is the same Dr. Marvin West, at Easterling Corr. Facility in July, 1999 Mr. West stated on Dec. 29, 2004 I was eligible for partial plates then, but were not completed until May 2006. That is 17 months later. See Exhibit 80, 84, 113 . For Dr. West has clearly violated his Eighth Amendment Rights U.S.C.A. Const. Amend. 8; 42 U.S.C.A.

## CONCLUSION

The Plaintiff's request for relief are with merit, and furthermore has proven by the evidence now before the Court. That Plaintiff has demonstrated both through substantial evidence and appropriate precedent that there is genuine issue of material facts relating to constitutional violations, and that Plaintiff is, therefore, entitled to judgment in his favor as a matter of law. The Plaintiff has clearly met his required burden. Moreover, Plaintiff has went above and beyond the administrative remedies available

to him at Ventress and to Commissioner's office and Associate Commissioner.
See Exhibits A-115 thru 120. (D.O.N.) Mrs. Burks and Warden J.C. Giles.

Accordingly, the Plaintiff requests that this Answer and Rebuttal to their Special Report be treated and denominated as a Motion for Summary Judgment and enter a judgment in his favor.

Done this 20 day of Nov, 2006.

James Charley Moon, pro se
AIS #212228, Dorm 8A
Ventress Correctional Facility
P.O. Box 767
Clayton, AL 36016-0767

### CERTIFICATE OF SERVICE

I hereby certify that I have mailed via U.S. Mail, properly addressed and first class postage prepaid, the foregoing document this 20 day of Nov, 2006, to the following:

Attention: S/R. Brett Garrett
Rushton, Stakely, Johnson and Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

Attention: Honorable Troy King
Office of the Attorney General
11 South Union St.
Montgomery, AL 36130

James C. Moon, 212228  8A-20
Ventress Correctional Facility
P.O. Box 767
Clayton, AL 36016-0767

STATE OF ALABAMA
COUNTY OF BARBOUR

Subscribed and sworn to before me this
2nd day of November, 2006.

_Carolyn R. Abercrombie_
Notary Block
My Commission Expires August 18, 2007
Comm. Exp. Date