IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 NOV 22 A 9:30

D. HACKETT, CL.
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| James Charley Moon, #212228 * | |
| Plaintiff, * | |
| * | |
| v. * | CIVIL ACTION NO. 2:06-CV-384-WKW |
| * | |
| Samuel Rayapatti, M.D., et al., * | |
| * | |
| Defendants. * | |

### ANSWER AND REBUTTAL TO DEFENDANT'S SPECIAL REPORT
### OF NETTIE BURKS, R.N., H.S.A.

Comes now the Plaintiff, James Charley Moon, acting pro se, and in the above styled cause and presents this Answer and Rebuttal to the Defendant's Special Report.

### STATEMENT OF FACTS

On Aug. 18, 2004 I sent Prison Health Services, Inc. a sick call request slip for dental treatment. I stated: I had a toothache and needed my teeth cleaned (S)ubjective I need to see the dentist bad. (O)bjective Request to get general tooth cleaning left back tooth c/o pain in area report filled out L.P.N. Marsh did the dental screening. See Exhibits # A-1 .

On December 4, 2004 I sent an Inmate Request Slip to Mrs. Nettie Burks R.N., Health Services Administrator. In this request I wrote: I put in a sick call slip for dental in Aug. 2004. Since then I have done a body chart for abcessed or infected teeth, put on antibiotics (2 different times, and pain medication for week, and I still haven't been called back to have my teeth pulled or repaired. See exhibit's A-3,5

On December 14, 2004 I wrote Capt. Monk for Dental Repair. In the request I stated: I am trying to get some help for Dental Repair. I put in a sick call slip in Aug. 2004, I have had a body chart done. Once besides the sick call slip, been put on antibiotics (2) twice and wrote Mrs. Burks (2) request slips in which she has not answered. See Exhibits # A 36 .
A copy of your request has been forwarded to Mrs. Burks. Her decision is final.

On Dec. 22, 2004 I sent an Inmate Informal Grievance. In this grievance I stated: For the last 2 1/2 years I have been trying to get something done for chocking with my food and medication, which I have been throwing up. Because the tube in my esophagus is restricted. On Dec. 9, 2004 Dr. Jackson done an endoscopy, which Dr. Rayapatti has the results. He says: "Dr. Jackson makes some recommendations in which he will not discuss with me and says their will be "NO" operation done to repair the restriction." So my throwing up continues to no end. (In Aug. 2004 I put in a sick call slip to see the Dentist to get some teeth pulled or repaired. We nave "NO" full time dentist, here among over 1,600 inmates for over 6 months, so I am forced to take pain medication day after day for 4 1/2 months to no end, which is bad on my esophagus and stomache which in turn makes my health at rist. I have sent (two) requests to you Mrs. Burks for help! See Exhibits # A-37 .
It took from Dec. 4, 2004 until January 12, 200. See Exhibits # A-121, 122, 123 Sworn Affidavits for being chocked, also exhibit of H.C.U. stay where I got chocked (2) times out of (3) three meals breadfast grits are soupy and eggs soft I generally could eat without too much trouble. SEE A-150, 152

On January 12, 2005 Mrs. Burks finally answered my repeated requests slips and grievances. In this grievance, See Exhibit # A-37, 130, I stated that I was still getting choked when eating or taking medication, which Dr.

Rayapatti would not discuss with me that there would be no surgery, and that I had been forced to take pain medication for over 4 1/2 months to no end. This is bad on the esophagus and stomach, which in turn makes my health at risk.  See **McElligott**, 182 F. 3d at 1258, Note 6.

Although the Plaintiff's needs were not so serious that a day or so would have been constitutionally intolerable, the week long delays he endured, a jury could conclude wer the product of deliberate indifference.

Mrs. Burks retreives the recommendations from Dr. Jackson and reads them aloud to me. See Exhibits # A-24 . Where Dr. Jackson stated that I had been having severe toothache pain prior to the endoscopy and he recommended whatever efforts necessary to have my dental problems taken care of because the patient has severe esophagitis. All she would have to do was walk three steps to the dental admittance office and make me an appointment, as an emergency for the next week. Instead she stated, that if you need to see the dentist then put in another sick call slip. Mrs. Burks never adhered to the simple instructions she had just read to me. See **Board v. Farnham**, 394 F.3d 469 (7th Cir. 2005). page 471. The Eighth Amendment protects an inamte from a governmental actor.

**Deliberate Indifference to his basic Needs.** Under this standard conduct is deliberately indifference when the official acts in an intentional or criminally negligent manner; e.g. the defendant must have known that the Plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occuring even though she could easily have done such.

The Eighth Amendment protects prisoners from an official's deliberate indifference to conditions posing an unreasonable risk of serious damage to prisoners present and future health. See Exhibit # A-38 , Dec. 30, 2004 and Dental Request Slip February 26, 2005. A-39

In this case, the Defendants acted with deliberate indifference towards the Plaintiff's health needs and continued to do so without following another course of action recommended by another health professional whom the Defendants referred the Plaintiff to. This indifference amounts to a "deliberate course of action," otherwise why bother to send Plaintiff to another doctor for a further, more in depth evaluation and diagnosis. **McAlpine v. Toney,** 281 F.3d 704, page 710, #6 and #7, alleges that two extractions originally scheduled for six months have not occurred, and that Plaintiff is in "imminent danger" of serious physical injury because of infection in his mouth. The following day, Feb. 27, 2005 I was hospitalized (See Exhibit $A-40 thru 46). I was taken to Bullock County in Junction City, Alabama. They determined my pancreas was not working, that the abcessed teeth along with the erosion of my esophagus more than likely cause this.

On Nov. 1, 2005 I filed another Inmate Grievance See Exhibit #A-89 thru 92. In this grievance I stated: Dr. Rayapatti has let my Zantac and my medication for glucoma run out. I should be on Chronic Care and have appointments made. I have not been seen by the eye doctor for over 1 year. Patients having ulcerative Grade II or III esophagitis are usually treated surgically in an effert to avoid a fully developed stricture which requires more difficult and less successful therapy. See Exhibits # A-89 thru 92, attached. Dr. Rayapatti has let this surpass this and the damage has become "irreversible" and caused a stricture. It has been 11 months since he knew about this when is he going to have this surgery done or endoscopy done he does not tell me nothing. I still haven't had my partial plates mode so I can eat proper. Mrs. Burks does not even address the dental problem. I use to be on chronic care but P.H.S. taking me off. They do not tell you when your medication is running out or set you an appointment to keep you from running out. There is no

Page 4

Administrative Remedy at Ventress Correctional Facility, if you file a grievance appeal Mrs. Burks answere that too. So as you see the buck stops here. Her decision is final. As Capt. Monk states in my request to him. Also see Exhibit # A-36 . It takes over a month for her to answer this grievance. This delay in medical treatment goes on and on. See **McElligott v. Foley**, cite as 182 F.3d 1248, pg. 1259 (11th Cir. 1999). Allege that the defendant should have known that deterioration of Plaintiff's condition was possible, but that the Defendant was aware that Plaintiff's condition was, in fact, deteriorating, and still did nothing to treat this deteriorating state, but that the treatment provided was grossly inadequate, amounting to no treatment at all. P.H.S. never addressed allegations in #2 and #7, we had no permanent dentist from June 2004 through March 30, 2005 due to his death in auto accident See Exhibit # A-18 or under 6.2 Staffing states: b) Vendor is required to fill or cover the vacancy, or be subject to the same penalty after 7 calendar days. As a result, there was a seven and one half month delay in extracting Plaintiff's teeth caused by lack of staff during which Plaintiff "suffered considerable pain." This allegation must be considered as true under Rule 8(d) F. R. Civ. Pro. In Sept. of 2005, my mother Earline Moon called Warden J.C. Giles and tried to get some help with my dental and esophageal stricture. He said he talked to Nurse Burks, I also talked to Warden Giles, he called Plaintiff to his office and I explained my problems I was having with Dental and Medical. I told him I had lost twenty five pounds See Exhibit #A-125, 126 due to 1/4" diameter stricture in my esophagus and no partial plates cause me to break (2) of my front teeth lost one $600.00 cap that according to their contract A-15(F) are supposed to replace it, Because I was unable to eat properly and I also told him I was tired of eating

applesauce and cream potatoes.

Mrs. Burks called me over to talk to her. I also explained everything to her so she would understand all that was going on. On October 12, 2005 I put Ruth Naglich on notice See Exhibits # A-86 Associate Commissioner of Alabama, which handles the contracts for P.H.S. I am sure she got a copy. On November 1, 2005 See Exhibits # A-89 I still haven't had my partial plates made so I can eat proper. It took over a month to answer this grievance. See **Hoptowit v. Ray**, 682 F. 2d 1237, 1253 (9th Cir. 1982) (citation omitted). Prison or jail officials "show deliberate indifference to serious medical needs if prisoners are unable to make their medical needs known to the medical staff, access to the medical staff has no meaning if the medical staff is competent to deal with the prisoner's problem. See Exhibits #A-35,36,37, Three requests for starting Dec. 4, 2004, Dec. 14, 2004, not answered until Jan. 11, 2005 This is not a competent staff. Like Dr. Jackson's repeat E.G.D. Dec. 9, 2004 done until Feb. 6, 2006, 14 month delay See Exhibits # A-24,25,26 104,105. P. 37, 5.14 Outpatient Off Site Services <u>must</u> be provided <u>within the time from specified</u> by the Vendor's referring physician and result in a legible report in the inmates medical record within three days after the appointment. I asked Mrs. Burks who has taken an insurance policy with Blue Cross/Blue Shield on Plaintiff See Exhibits #A-93, A-152 Primary Insurance Co. (Prison Health Services) Oct 19 2004. Because there had to be a pre-existing of 270 days Blue Cross/Blue shild Feb 16, 2006 and this was the delay in medical treatment of the esophageal stricture once it had been diagnosed. Mrs. Burks stated it was the D.O.C. not P.H.S. a deliberate indifference for non-medical reasons <u>did not</u> want to pay the high cost of surgery.

## CONCLUSION

The Plaintiff's requests for relief are with merit, and furthermore, has proven by the evidence now before the Court. That Plaintiff has demonstrated both through substantial evidence and appropriate precedent that there

is genuine issue of material facts relating to Constitutional Violations, and that Plaintiff is, therefore, entitled to judgment in his favor as a matter of law. The Plaintiff has gone above and beyond Administrative Remedies available to him at Ventress Correctional Facility and to the Commissioner's Office and Associate Commissioner (See Exhibits #A-115 thur 120, A-86 thur 89, A-35 thur 37, A-122, 121, 123) D.O.N. Burks and Warden J.C. Giles.

Accordingly, the Plaintiff requests that this Answer and Rebuttal to their Special Report be treated and denominated as a Motion for Summary Judgment and enter a judgment in his favor.

Done this 20 day of Nov., 2006.

                               James Charley Moon, pro se
                               AIS #212228, Dorm 8A
                               Ventress Correctional Facility
                               P.O. Box 767
                               Clayton, AL  36016-0767

### CERTIFICATE OF SERVICE

I hereby certify that I have mailed via U.S. Mail, properly addressed and first class postage prepaid, the foregoing document this 20 day of Nov., 2006, to the following:

Attention: S/R Brett Garrett
Rushton, Stakely, Johnson and Garrett, P.A.
P.O. Box 270
Montgomery, AL  36101-0270

Attention: Hon. Troy King
Office of the Attorney General
11 South Union St.
Montgomery, AL  36130

                               James C. Moon, pro se

State of Alabama
County of Barbour

Subscribed and sworn to before me this
16th day of November, 2006

*Carolyn R. Abercrombie*
Notary Public

My Commission Expires August 18, 2007
Comm. Exp. Date

*James C. Moran*