IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

James Charley Moon, #212228,

    Plaintiff,

v.

Samuel Rayapati, M.D., et al.,

    Defendants.

CIVIL ACTION NO. 2-06-CV-384-WKW

## ANSWER AND REBUTTAL TO ANTHONETTE MARSH, L.P.N.

    Comes now the Plaintiff, James Charley Moon, acting pro se, and in the above styled cause presents this Answer and Rebuttal to the Defendant's Special Report.

    On December 9, 2004 upon my arrival back from a surgical procedure, Nurse Marsh was on duty, along with Correctional Officer Foster. I had spent the night in the Health Care Unit (HCU). I had a toothache, and I had all my personal property across the hall. I had some tylenol in that property.

    On August 18, 2004 Nurse Marsh did the Dental Screening. I stated: At that time I needed to see the dentist bad. See Exhibits # A-1. This had been going on for 4 months. Nurse Marsh knew our dentist died in an automobile accident. I asked Officer Foster could I have some tylenol in my personal property. She said, "I will have to ask the Nurse (Marsh)." Nurse Marsh refused to let me have the tylenol for pain. I had bought the tylenol off the Institutional Commissary. See Exhibits # A-33. (Sworn Affidavits of inmates who witnessed this).

Also See **Boritti v. Wiscomb,** 930 F. 2d 1150, 1155 (6th Cir. 1991) (pain inflicted "when relief readily available is actionable even if no lasting impact"). See Exhibits # A-29. Nurse notes by Nurse Marsh "toothache". I don't want to stay over here. Also See Exhibits # A-32. I received tylenol from the nurse at Montgomery Surgical Center. All Dr. Jackson said "was no more nonsteroidal anti-inflammatory agents and made a list." See Exhibits # A-30. Also See Exhibits # A-24, Letter Dec. 9, 2004. She read this. Nurse Marsh (LPN) changed the list to include tylenol. See Exhibits # A-31. Tylenol is not anti-inflammatory agent, it is a pain reliever. **Boritti v. Wiscomb,** 930 F.2d 1150, page 1155 (quote) In Westlake v. Lucas, 537 F.2d 857, 860 (6th Cir. 1974). [T]his Court held that a prisoner who suffers pain needlessly when relief is readily available has a cause of action against those whose deliberate indifference is the cause of his suffering.

The Supreme Court in **Estelle** cited **Westlake** and stated that the unnecessary suffering which results from a denial of medical care is inconsistent with contemporary standards of decency. 429 U.S. at 103, 97 S.Ct. at 290.

In the present case, Plaintiff has alleged this type of suffering and the record indicates that relief was readily available. When I told Mrs. Marsh I would get some sworn affidavits in the infirmary, she sent me to the Shift Office to get a disciplinary in retaliation for this statement. When I got there I explained what was going on to Lt. Taylor about abcessed teeth I told Lt. Taylor that they wouldn't give me my tylenol that I bought off the Institutional Commissary. She said "I cannot take your tylenol and I understand about abcessed teeth." I was going to give you a disciplinary, but I am not. Lt. Taylor told me to write to Capt. Monk, which I did.

Plaintiff returned to the HCU and was dismissed from the Hospital. Early the nest morning I was called back to the HCU by Nurse B. Luke (5:45 a.m.

December 10, 2004.) Ms. Luke stated: That I was supposed to stay in the HCU for 24 hours. Thay they had taken multiple biopsies to rule out malignancy. That I could have hemorraged and bled to death. I told her that Nurse Marsh would not give me any tylenol for toothache pain, Nurse Luke said "Yes, she could have" and asked Plaintiff if I was hurting now and I said "Yes" and Nurse Luke gave me some tylenol. See **Farrow v. West**, 320 F.3d at 1235 at page 1242 [6-9]. Although the United States Constitution does not require comfortable prisons, neither does it permit inhumane ones. (11th Cir. 2003).

On February 26, 2004 I stated: page 5 Statement of Facts in my initial complaint I stated: 1st paragraph: I am putting another sick call slip in again on Feb. 26, 2005, Dr. Rayapati initials the request and so does the Dental Assistant. Mrs. Marsh is very confused. She stated: In II. Narrative Summary of facts p.3 she stated I said "she took away his food tray subsequent to suffering an attack of pancreatitis after returning from Bullock County Hospital. See Nurses Notes Exhibits # A-41 ___. This is when I was given a tray "chicken Sunday," page 3 states: Mr. Moon medical records further indicates that he was returned to Ventress from Bullock County Hospital in the early morning hours of Feb. 27, 2005, subsequent to being evaluated and treated for complaints of weakness and dizziness. See Exhibits # A-42,40. Will show I returned from Bullock County Hospital suffering from a severe attack of pancreatitis with instructions not to eat for 2 days not weakness and dizziness and that when I arrived at 4:10 p.m. 1610 military time Nurse Marsh stated: I will order you a tray "order." This is the only way you can get a food tray in HCU.

The record will show I was put on I.V. and being treated for pancreatitis. Had Nurse read the instruction at 2030 or 8:30 P.M hours military time and not fed me

Page 3

a tray I wouldn't had to go through the next 5 days in severe pain. Like Ms. Marsh stated: at approximately 8:30 a.m. (wrong time - it was actually 2030 p.m. military time) in the records I advised him to refrain from eating the records will speak for themselves. I had been back from Bullock for (4) hours subsequently and ate before the record states: At approximately 8:30 A.M. Nurse Marsh evaluated Mr. Moon and advised him to refrain from eating until he could be evaluated by Dr. Rayapati. Mrs. Marsh has all of the times and dates wrong. Mrs. Marsh is very confused. It was 8:30 p.m SEE A-42 in th evening of the 27th of Feb., 2005 and I did not see Dr. Rayapati until February 28, 2005, at 9:30 a.m. See Exhibits # A-45 . Stated Feb. 28,2005 9:30 a.m. Inmate in to see M.D. (See Physician's note.) New orders received to transfer to Baptist Medical Center. The records will speak for them selves. Dr. Rayapati never came on Saturdays and Sundays.

The evidence will show Ms. Marsh lied to cover her mistakes. See **Shannon v. Lester,** 519 F.2d 76 (6th Cir. 1975). "[W]e held that a plaintiff may recover for any injury caused by the delay in care and any concomitant pain, suffering, or mental anguish. See Exhibits #A-43 thur 45. Had Nurse Marsh not fed Plaintiff a tray at 16:50 hours on February 27, 2005 Plaintiff would not had to suffer unduly. SEE A-55 thur 76

## CONCLUSION

The Plaintiff's request for relief are with merit, and furthermore has proven by the evidence now before the Court. The Plaintiff has demonstrated both through substantial evidence and appropriate precedent that there is genuine issue of facts relating to Constitutional violations, and that Plaintiff is, therefore, entitled to judgment in his favor as a matter of law. The Plaintiff has clearly met his required burden.

Accordingly, the Plaintiff requests that this Answer and Rebuttal to their Special Report be treated and denominated as a Motion for Summary Judgement and enter a judgement in his favor.

Done this 20 day of NOV, 2006.

*James C. Moon*
James Charley Moon, pro se
AIS #212228, Dorm 8A
Ventress Correctional Facility
P.O. Box 767
Clayton, AL 36016-0767

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed via U.S. Mail, properly addressed and first class postage prepaid, the foregoing document this 20 day of NOV, 2006 to the following:

Attention: S/R Brett Garrett
Rushton, Stakely, Johnson and Garrett, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

Attention: Hon. Troy King
Office of the Attorney General
11 South Union St.
Montgomery, AL 36130

*James C. Moon*
James C. Moon, pro se

STATE OF ALABAMA
COUNTY OF BARBOUR

Subscribed and sworn to before me this 2nd day of November, 2006.

_Carolyn R. Abercrombie_
Notary Block

My Commission Expires August 18, 2007
Comm. Exp. Date


_James C. No___