IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2006 DEC 12  A 10: 26

DEBRA P. HACKETT,
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

James Charley Moon,         *
                            *
    Plaintiff,              *
                            *
v.                          *    CASE NO. 2:06-CV-384-WKW
                            *
Richard Allen, et al.,      *
                            *
    Defendants.             *

## MOTION FOR LEAVE TO AMEND AND ADD SUPPLEMENTAL PLEADINGS

Comes now the Plaintiff, James C. Moon, pro se, in the above styled cause, and respectfully asks for a Motion for Leave to Amend pursuant to Rule 15(a), Fed. Rules of Civil Proc., and respectfully makes this his supplemental pleading to be considered as an addendum to his original complaint, pursuant to the F.R.Civ.P., Rule 15(d), and for good cause states the following:

That the events and facts listed below have occurred since the filing of the original complaint with this Court, and would further show the negligent treatment and deliberate indifference exhibited by the Defendants towards Plaintiff's serious medical condition and needs.

On April 22, 2006 I went to diabetic chow. CO1 Wheeler was working, the general order in which they feed is: first, diabetic, then double-portion, regular and special diets. I am a special diet, which puts me at the end of the line with soft diets, because I have "NO" molars to chew with. I have been waiting sixteen (16) months for my partial plates to be made. Dr. Floyd has been writing me these proviles. See Exhibits A-82 thru 84. I had just set down when a lineserver was putting his tray up. Mr. Anderson Brooks asked

Little C for the rest of his cookie that he was throwing away. When CO1 Wheeler seen this she went off on him and called him a faggot and told him she would slap him he went back in the kitchen and then she told Mr. Brooks to stop eating and get up and put your tray up and get out of the kitchen. Mr. Brooks takes psychotropic medication that makes him sick if he does not eat something, he has a medical profile for this. CO 1 Wheeler got mad and made everybody leave. I stated to her that I had just sat down, she told me "Mr. Moon, you get up and get out too." I told her that I have a medical profile for soft diet due to "NO" molars. I also have an esophageal stricture my food has to be almost liquified. I have some front teeth but have broken two front teeth due to "NO" molars and lost a $600.00 crown. See Exhibits See attached Exhibit (B) 0.6 centimeter in diameter. CO1 Wheeler told me she did not care about no profiles get up and get out. I showed her my plate and said "You can see I have not eaten anything" and she said "If you do not like it you can file a lawsuit on it." At this point I looked at her and told her that I was in fact going to file on her.

To this extent, the government officials are considered "ON NOTICE" that there conduct is in violation of established laws of the state at the time I gave them fair warning that their conduct would be unconstitutional. Officer Wheeler is not a medical doctor nor can she intentionally interfere with treatment once prescribed or the Eighth Amendment is violated. See **Williams v. Vincent**, 508 F. 2d 541 (2nd Cir. 1974).

Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. **Estelle v. Gamble**, 429 U.S. 97, 97 S.Ct. 285.

All these inmates have specially prescribed profiles, the stewards are supposed to make sure they get these diets. By letting CO1 Wheeler run them

I gave Officer Wheeler out they are not doing their jobs. This is the third time Officer Wheeler has retaliated against me. In November of 2005 I was at 9:00 am pill call. I gave Officer Wheeler a profile Dr. Rayapati gave me because I was not complaint with my medication because pill call and diabetic chow are going at the same time. I told Dr. Rayapati this so he wrote me a profile which said "Please let inmate get his pills so inmate can eat with the diabetics." Officer Wheeler was present at this time I stated that officers would not honor this profile, Officer Wheeler told me to shut up so when I handed Officer Wheeler this profile at pill call she said that this does not say go to the front of the line." I told her it does not say go to the back of the line either. I knew that she was not going to honor this profile but I tryed. Officer Wheeler does not honor profiles she is very hateful to inmates, her favorite saying is go to the Law Library and file on that. I need my medication to keep the acid from eating up my esophagus, and my glucoma eye drops, but I also need to eat and Officer Wheeler denies me these rights in March of 2006 I was going to Dorm 10 to use the bathroom Officer Wheeler was working the cube she stopped me and asked where was I going and I told her that I was going to the bathroom, then she asked what dorm did I live in and I stated that I lived in 9 Dorm and she said go to your own dorm and if you don't like it go to the Law Library CO1 Wheeler knows that I have a lawsuit filed against P.H.S. Inc., and ADOC and has been retaliaiting against Plaintiff every chance she gets.

    See **Farrow v. West**, as cited 320 F. 3d page 1248 (2003 11th Cir.) 25, 27 quote. The First Amendment forbids prison officials from retaliation against prisoners for exercising the right to free speech. **Thomes v. Evans**, 880 F. 2d 1235, 1242 (11th Cir. 1989). To state a First Amendment claim for retaliation, a prisoner need not allege violation of a seperate and distinct

Constitutional right. Id., at 1242, Rather the gist of a retaliation claim is that a prisoner is penalized for exercising the right by demonstrating that the prison officials actions were the result of having filed a grievance concerning the condition of his imprisonment. **Wildberger v. Bracknell**, 869 F. 2d 1467, 1468 (11th Cir. 1989)  See Exhibits A - 153 thru 163 Sworn Affidavits (5).  I also put Warden J.C. Giles on notice of CO1 Wheeler's wrong doings and sent these affidavits to Warden Giles, stating CO1 Wheeler was taking my food away from Plaintiff, not allowing Plaintiff to get medication and honoring profiles for special diets.

The Eighth Amendment protects an inmate from a governmental actor's deliberate indifference to his basic needs; under this standard, conduct is "deliberately indifferent" when the official has acted in an intentional or criminally reckless manner; e.g. the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done such.  The Eighth Amendment protects prisoners from an official's deliberate indifference to conditions posing an unreasonable risk of serious damage to a prisoner's present and future health.

In this case the Defendants have acted with deliberate indifference towards the Plaintiff's health needs, and continue to do such without following another course of action recommended by another health professional to whom the Defendants referred the Plaintiff to, this indifference amounts to a deliberate course of action, otherwise why bother to send Plaintiff to another doctor for a further, more in depth evaluation and diagnosis?

Wherefore, Plaintiff prays this Honorable Court grant summary judgment to him, and to order a trial on the merits of the pleadings before any further irreparable damage can be inflicted upon the Plaintiff.

Respectfully submitted on this  10  day of December, 2006.

                                      _/s/ James C. Moon_
                                      James C. Moon, Plaintiff, pro se
                                      Ventress Correctional Facility
                                      P.O. Box 767
                                      Clayton, AL  36016

### CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the foregoing to the counsel of the Defendants, by placing same in the U.S. Mail, postage prepaid, first class mail, on this  10  day of December, 2006, and properly addressed as follows:

Attention:
Honorable Troy King
Office of the Attorney General
11 South Union St.
Montgomery, AL  36130

                                      _/s/ James C. Moon_
                                      James C. Moon, #212228