IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES CHARLEY MOON (AIS# 212228),       *

    Plaintiff,
                                                    *

V.                                                                                          2:06-CV-384-WKW
                                                    *

SAMUEL RAYAPATI, M.D., ET AL.,
                                                    *

    Defendants.
                                                    *

**AFFIDAVIT OF SAMUEL RAYAPATI, M.D.**

**BEFORE ME,** _____, a notary public in and for said County and State, personally appeared **SAMUEL RAYAPATI, M.D.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is Samuel Rayapati. I am a medical doctor and am over twenty-one years of age. I am personally familiar with all of the facts set forth in this affidavit. I have been licensed as a physician in Alabama since 1992. I served as the Medical Director for Ventress Correctional Facility in Clayton, Alabama, from February of 2004 through July 7, 2006. I am currently practicing medicine in Wala Wala, Washington. At all pertinent times, my employment at Ventress Correctional Facility was with Prison Health Services, Inc. ("PHS"), the company which currently contracts with the Alabama Department of Corrections to provide medical services to inmates.

James Moon (AIS# 212228) is an inmate who has been incarcerated at Ventress Correctional Facility at all times relevant to this Complaint. I am familiar with Mr.

DEFENDANT'S EXHIBIT A

Moon's medical history and conditions, and have seen and evaluated him as a patient on numerous occasions. I have also reviewed Moon's medical records (certified copies of which are being produced to the Court along with this Affidavit.)

It is my understanding that Mr. Moon has made numerous allegations in this matter that I have failed to provide him with appropriate medical treatment. Specifically, Mr. Moon claims (1) that I failed to provide him with a follow-up esophagogastroduodenscopy (EGD) subsequent to being evaluated by Joseph Jackson, M.D. on December 9, 2004, (2) that I acted inappropriately in failing to transfer him from Ventress to another correctional facility to have an abscessed tooth pulled in 2004, (3) that I acted inappropriately in prescribing him pain medication for arthritis which caused esophageal erosion, (4) in contradiction, that I acted inappropriately in failing to provide him with pain relieving medication subsequent to suffering an acute case of pancreatitis in February of 2005, and (5) that I acted inappropriately in failing to provide him with a soft food diet in April of 2006 subsequent to his second esophageal dilation. All of Mr. Moon's allegations against me in this matter are unfounded.

On August 12, 2004, Mr. Moon was transferred to Donald H. Dahlene, M.D. for evaluation of complaints for acid reflux. Dr. Dahlene conducted an Upper GI and Barium Swallow Test. The studies showed that Mr. Moon had gastroesophageal reflux to the level of the thoracic inlet as well as a small distal esophageal stricture approximately five centimeters proximal to the gastroesophageal junction. No hiatal hernia was noted. Dr. Dahlene believed that this stricture was most likely caused by Mr. Moon's acid reflux.

Mr. Moon was referred for specialty evaluation to Dr. Jackson of Digestive Disorders and Liver Disease Associates on December 9, 2004. Dr. Jackson performed an esophagogastroduodenscopy and evaluated Mr. Moon for esophageal stricture. Dr. Jackson determined that Mr. Moon's esophageal erosion was likely aggravated by his taking a significant amount of non-steroidal, anti-inflammatory agents (NSAIDS). Due to the erosion, Dr. Jackson decided against conducting an esophageal dilation. Biopsies were taken to rule out malignancy. The stricture was benign.

Pursuant to Dr. Jackson's recommendation, I prescribed Mr. Moon Prilosec, a proton pump inhibitor, to combat his esophageal erosion. Mr. Moon has been maintained for acid reflux with Zantac and Ranitidine. These acid reducing medications have been adjusted as warranted by his changing condition. Moreover, pursuant to Dr. Jackson's recommendation, I discontinued Mr. Moon's pain relieving medications (NSAIDS) which were contraindicated for his treatment due to esophageal erosion.

On February 27, 2005, Mr. Moon was returned from Bullock County Hospital where he had been treated for an attack of acute pancreatitis. I subsequently admitted him for observation to Ventress' infirmary. On February 28, 2005, Mr. Moon was transferred to Baptist South Hospital in Montgomery, Alabama for total treatment of his pancreatitis. Mr. Moon was transferred to Baptist South because Ventress' infirmary is not properly equipped to provide Mr. Moon with the care necessary to treat this condition. Moreover, since narcotics are not utilized in correctional medicine, Mr. Moon needed to be admitted to a hospital for effective pain management.

Mr. Moon was again transferred to Dr. Jackson for follow up evaluation and treatment on February 16, 2006 subsequent to resolution of his pancreatitis. He received a

second esophagogastroduodenoscopy as well as a balloon dilation of his benign stricture. Mr. Moon received another balloon dilation on April 4, 2006. Mr. Moon did not require a soft food diet subsequent to his second dilation. Such a diet was not medically indicated for his treatment.

With regard to Mr. Moon's complaints regarding dental treatment, I defer to Mr. Moon's treating dentists, Marvin West, D.D.S., William E. Shirley, D.D.S., and Travis Neal Miers, Jr., D.M.D. whose testimony has been submitted to the court in this matter. Mr. Moon has had access to appropriate dental care at all times. Mr. Moon's dental condition in 2004 did not warrant his being transferred for treatment to another correctional facility.

Based on my review of Moon's medical records, and on my personal knowledge of the treatment provided to him, it is my opinion that all of his medical conditions and complaints have been evaluated in a timely fashion at Ventress Correctional Facility, and that his diagnosed conditions have been treated in a timely and appropriate fashion. At all times, he has received appropriate medical treatment for his health conditions from me and the other PHS personnel at Ventress. At no time has he been denied any needed medical treatment. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing medical care, evaluation, and treatment to this inmate.

At no time have I or any of the medical or nursing staff at Ventress Correctional Facility denied Moon any needed medical treatment, nor have we ever acted with deliberate indifference to any serious medical need of Moon. At all times, Moon's

known medical complaints and conditions have been addressed as promptly as possible under the circumstances."

Further affiant sayith not.

_____
SAMUEL RAYAPATI, M.D.


STATE OF WASHINGTON            )

COUNTY OF                      )

I, Emmalee S. Davis a Notary Public in and for said State and County, hereby certify that SAMUEL RAYAPATI, M.D. who being known to me and who being duly sworn, and whose name is signed to the foregoing document, acknowledged before me on this date that being first informed of the contents of said document, having read the same, and understanding its purpose and effect, voluntarily executed the same upon the above-stated date.

SWORN TO and SUBSCRIBED BEFORE ME on this the 9th day of March, 2007.

_____
NOTARY PUBLIC
My Commission Expires: 11/14/07

(NOTARIAL SEAL)

5