IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2007 AUG -3  A 10: 26

\_\_\_ P. HACKETT, CL\_\_
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| James Charley Moon, #212228,  *<br>*<br>Plaintiff,  *<br>*<br>v.  *<br>*<br>Dr. Samuel Rayapati, et al.,  *<br>*<br>Defendants.  * | CIVIL ACTION NO. 2;06-CV-384-WKW |

## MEMORANDUM OF LAW IN SUPPORT OF
## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

Plaintiff submits this Memorandum of Law in support of his motion for a preliminary injunction.

In determining whether a preliminary injunction should issue, a court must consider whether the party seeking the injunction has demonstrated that: (1) it has a reasonable likelihood of success on the merits of the underlying claim; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm if the preliminary injunction is denied; (4) the irreparable harm the party will suffer without injunctive relief is greater that the harm the opposing party will suffer if the preliminary injunction is granted; (5) the preliminary injunction will not harm the public interest. <u>Ty. Inc. v. Jones Group, Inc</u>, 237 F.3d 891, 895 (2001); <u>Platinum Home Mortgage, Inc. v. Platinum Fin. Group, Inc.</u>, 149 F.3d 722, 726 (1999).

<u>I</u>.  There is a reasonable likelihood that Plaintiff will succeed on the merits of this case.

In April or May of 2007 Plaintiff put in a sick call slip to see the dentist. When he saw Dr. W.E. Shirley he informed Dr. Shirley that food was getting trapped between the two (2) teeth causing the gum to stay sore. Dr.Shirley was asked if he could do something to stop this. At this

point, he told Plaintiff he could pull it. I really didn't want to pull it at this point. I started eating on the opposite side and the same thing happened to the same tooth on the opposite side of my mouth, and hot and cold fluids started hurting my teeth, so I put in a request slip to see Dr. W.E. Shirley again. Since around the 1st of July, I started taking ibuprophen and tylenol. This request was on July 20th, since I didn't get any response I sent in another request July 28th and also asked to see the medical doctor. My esophageal stricture had started closing up again due to taking so much pain medication. See Exhibit # A . I saw the nurse on July 29, 2007, but was given nothing for pain nor was I seen by the dentist. I wrote a request to Captain Monk and was preferred to the Director of Nursing (DON) Ms. Hunter. See Exhibit # B . I have not seen her yet, neither. I also wrote Warden J.C. Giles with no response back. On July 31, 2007 I filed a grievance with Prison Health Services Inc.

**Boritti v. Wiscomb**, 930 F.2d 1150, 1155 (6th Cir. 1991):

(Pain inflicted "when relief is readily available" is actionable even if no lasting impact). **Westlake v. Lucas**, 519 F.2d 857, 860 (6th Cir. 1976): This court held that a prisoner who suffers pain needlessly when relief is readily available has cause of action against those whose deliberate indifference is the cause of his suffering. The Supreme court in **Estelle v. Gamble** cited Westlake and stated that the unnecessary suffering which results from a denial of medical care is inconsistent with contemporary standards of decency. Plaintiff has alleged this type of suffering, and the record indicates that relief was readily available.

> 42 U.S.C.A. §1983 states must provide prisoners level of health services reasonably designed to meet routine and emergency medical, <u>dental</u> and psychological or psychiatric care. **Boyd v. Knox**, 47 F.3d 876 (8th Cir. 1995) (three week delay in dental care, coupled with knowledge that inmate is suffering can support finding of Eighth Amendment violation.)

**II.** Plaintiff faces a **SUBSTANTIAL** threat of irreparable harm.

Irreparable harm will result unless an injunction is granted in this case. As a result of being denied access to dental repair Plaintiff's esophagus is closing up. It was only stretched to 18 mm the last time it was stretched a normal esophagus is around 49-50 milimeters. Irreparable damage was already done during the seven and a half months (7 1/2) Plaintiff taking pain medication. This continuation of taking pain medication for dental problems will continue to damage the esophagus. plaintiff has done all he can do and has put defendants on notice through administrative grievances. Plaintiff will continue to face a substantial risk of serious harm unless this preliminary injunction is granted. Preliminary injunction relief is appropriate to correct this ongoing constitutional violation.

**III.** The threatened harm to Plaintiff's outweigh any harm that the injunction may cause Defendants.

The threat of harm to the Plaintiff's outweighs any harm that might result to Defendants by preliminary injunction. As this memorandum has explained, the relief that Plaintiff seeks is essentially on order compelling defendants to perform their duties according to their contract with the ADOC. I have not even had a dental screening which is supposed to be performed within 24 hours. I stated I have 2 abcessed teeth. See **Farmer**, 511 U.S. at 832-33. The proposed relief is narrowly tailored to remedy the ongoing violation of Plaintiff's constitutional rights and to prevent the occurrence of irreparable harm in the future. See 18 U.S.C. §3626 (A.) It will not cause defendants any real "harm."

**IV.** The public interest will not be disserved by a grant of a preliminary injunction.

Finally, Plaintiff seeks a preliminary injunction to protect his rights under the Eighth Amendment. As a general matter, the "public

-3-

interest...is always well served by protecting the constitutional rights of all its members." **Reinert v. Haas**, 585 F. Supp. 477, 481 (S.D. Iowa 1984). See also **Spartacus Youth League v. Board of Trustees**, 502 F. Supp. 789, 804 (N.D. Ill. 1980) (Finding "that the ultimate public interest lies in the protection of the constitutional rights which plaintiff asserts").

The public interest is not served by the Defendants current practice of subjecting inmates severe toothache pain. See **Farrow v. West**, 320 F.3d 1235, 1242 (11th Cir. 2003). Although the United States Constitution does not require comfortable prisons, neither does it permit inhumane ones" when a dog or horse is suffering a decent person puts him out of his misery. If "NO" help is available Plaintiff is being deprived of a basic human need.

## CONCLUSION

For these reasons, Plaintiff asks this Court to order the Defendants, their successors, agents, employess, and all persons acting in concert with them to provide Plaintiff his day in the dentist chair for repair of his teeth.

Respectfully submitted on this 2nd day of August, 2007.

_____
James C. Moon, Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that I have mailed via U.S. Mail, porperly addressed and first class postage prepaid, the foregoing document this 2nd day of August, 2007.

Attention: Brett Garrett
Rushton, Stakely, Johnson, and Garrett, P.A.
P.O. Box 270
Montgomery, AL  36101-0270

Attention: Hon. Troy King
Office of the Attorney General
11 South Union St.
Montgomery, AL  36130

_____
James C. Moon, Plaintiff

-4-

James C. Moody #212228 E4-38
Ventress Correction Facility
P.O. Box 767
Clayton, AL 36016

Office of The Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101-0711

THIS CORRESPONDENCE IS FORWARDED FROM AN ALABAMA STATE PRISON. THE CONTENTS HAVE NOT BEEN EVALUATED AND THE ALABAMA DEPARTMENT OF CORRECTIONS IS NOT RESPONSIBLE FOR THE SUBSTANCE OR CONTENT OF THE ENCLOSED COMMUNICATION.