IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES CHARLEY MOON (AIS# 212228), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | 2:06-CV-384-WKW |
| | ) | |
| SAMUEL RAYAPATI, M.D., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## MEDICAL DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

COME NOW Prison Health Services, Inc.; Samuel Rayapati, M.D.; Travis Miers, D.M.D.; Marvin West, D.D.S.; William Shirley, D.D.S.; Antoinette Marsh, L.P.N., and Nettie Burks, R.N., H.S.A. (collectively referred to herein as "the Medical Defendants"), by and through counsel of record, and file this response to Plaintiff's motion for preliminary injunction. Said preliminary injunction is due to be denied for multiple reasons addressed herein.

For purposes of this argument, the Medical Defendants fully adopt and reallege all previous positions taken in response to this inmate's Complaint. As such, these Defendants incorporate collectively their previously filed Special Reports, affidavits and exhibits, which also fully support the denial of this inmate's request for preliminary injunction (Doc. # 22, 23, 24, 26, 33, 34).

### I.    INTRODUCTION AND BRIEF STATEMENT OF FACTS

On August 3, 2007, Moon filed a "Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction" alleging that Defendant William Shirley, D.D.S. failed to provide him with appropriate treatment in April or May 2007 for gum inflammation at the base of two (2) unidentified

1

teeth. (See Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction). Mr. Moon also alleges that he was not evaluated by Dr. Shirley subsequent to submitting requests for treatment on July 20 and 28, 2007 and, without support, that his esophagus is being damaged by ingestion of over the counter pain medications. (Id.) (See Ex. "A").

Mr. Moon's motion for preliminary injunction is due to be denied as this inmate has received appropriate treatment for his dental complaints at all times. (Id.) He is in no danger of suffering "irreparable harm," and has presented no evidence to the contrary.

On September 25, 2006, Mr. Moon presented to the health care unit with complaints for pain at tooth # 14. (See Aff. of Dr. Shirley, attached hereto as Ex. "A," and relevant portions of Plaintiff's dental records, attached hereto as Ex. "B"). Dr. Shirley evaluated this tooth and determined that it was severely decayed and malposed (twisted). (Id.) The decay was removed and the space filled with amalgam. (Id.) Dr. Shirley explained to Mr. Moon that due to the malposed position of tooth # 14, food could become trapped between teeth # 13 and 14. (Id.) Mr. Moon was instructed with regard to appropriate hygiene. (Id.) Mr. Moon was seen on April 12, 2007 for examination of his partials. (Id.) It was noted that adjustment was unnecessary. (Id.)

Mr. Moon again presented on August 6, 2007 for evaluation of decay at tooth # 13. (Id.) Dr. Shirley determined that tooth # 13 was severely decayed and, as a result, could not be filled. (Id.) It was extracted. (Id.) On August 14, 2007, Dr. Shirley evaluated tooth # 4 and determined that decay had invaded the tooth extensively. (Id.) However, the nerve root was unexposed. (Id.) Dr. Shirley filled the tooth with amalgam at three surfaces. (Id.)

Dr. Shirley again evaluated and treated Mr. Moon on September 4, 2007. (Id.) Mr. Moon indicated that he was having recurring pain at tooth # 4. (Id.) It was extracted pursuant to his request. (Id.) Tooth # 8 was also extracted on this date subsequent to developing decay at the site of

an old root canal, and tooth # 9 was extracted secondary to Mr. Moon's complaints for past infection. (Id.) Mr. Moon is currently scheduled to receive a partial in approximately six (6) weeks, assuming no complications arise. (Id.)

Dr. Shirley has prescribed Mr. Moon pain relieving medication subsequent to the above noted procedures to aid in pain relief. (Id.) Mr. Moon has never made any complaints to Dr. Shirley regarding the effect any pain relieving medication has had on his esophagus. (Id.) He has made no requests for specialty profiles, including, but not limited to, any request for a special diet. (Id.)

All of Mr. Moon's dental conditions and complaints have been evaluated and treated in a timely and appropriate fashion. (Id.) Mr. Moon has been seen and evaluated by the dental staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any dental complaints at Ventress Correctional Facility. (Id.)

At all times, dental providers at Ventress have exercised the same degree of care, skill, and diligence as other similarly situated dental providers would have exercised under the same or similar circumstances in providing dental care to Mr. Moon. (Id.) In other words, the appropriate standard of care has been adhered to at all times in providing dental care, evaluation, and treatment to this inmate. (Id.)

At no time have any of the dental staff at Ventress Correctional Facility denied Mr. Moon any needed dental treatment, nor have they acted with deliberate indifference to any serious dental need of Mr. Moon. (Id.) At all times, Mr. Moon's dental complaints and conditions have been addressed as promptly as possible under the circumstances. (Id.) Since all of Mr. Moon's dental complaints have been appropriately addressed (and since he is in no danger of suffering irreparable harm) his Motion for Preliminary Injunction is due to be denied.

## II.    ARGUMENT

### A.    Moon has failed to meet any of the four (4) requirements necessary to have a preliminary injunction entered in this matter.

In his motion before this Court, Moon argues that a preliminary injunction is necessary because he faces a "substantial threat of irreparable harm." (See motion). Not only does Mr. Moon misconstrue the facts of this case, but also the law governing the issue of whether a preliminary injunction should be issued.

In order for Moon to prevail on his request for a preliminary injunction, he must prove the following: (1) a substantial likelihood he will ultimately prevail on the merits; (2) that he will suffer irreparable injury unless the injunctions issued; (3) that the threatened injury outweighs any and all damage the proposed injunction may cost PHS; and (4) that the injunction, if issued, would not be adverse to the public's interest. See Burr & Forman v. Blair, 470 F.3d 1019 (11th Cir. 2007).

As this Court is well aware, a preliminary injunction is an "extraordinary and drastic remedy," not to be granted unless the movement "clearly carries the burden of persuasion" as to all four prerequisites. See Zardui-Quintana v. Richards, 768 F.2d 1213, 1216 (11th Cir. 1985). Moon bears a high burden of proof in order for a preliminary injunction to issue; it is mandatory that the prisoner convince this Court that all four factors are satisfied. See United States v. Jefferson County, 720 F.2d 1511, 1519 (11th Cir. 1983) and United States v. Lambert, 695 F.2d 536, 540 (11th Cir. 1983). Furthermore, injunctive relief will issue only when the complained of conduct is imminent, and alternative relief, compensation or structure is unavailable. Here, Moon has failed to present (1) any evidence establishing that he will suffer imminent harm if injunctive relief is not issued, and (2) the nature of that imminent harm claimed. To the contrary, the only evidence before the Court shows

that all of Mr. Moon's dental complaints have been treated appropriately. See <u>Cunningham v. Adams</u>, 808 F.2d 815, 821 (11th Cir. 1987).

Moreover, this case presents an interesting problem for Moon in that preliminary injunctions are used primarily for maintaining the relationship that already exists between the parties. See <u>Boglin v. Thomas</u>, 2000 U.S. Dist. LEXIS 11165 (S.D. Ala. 2000). Moon has, in essence, asked for the same relief via preliminary injunction (an Order requiring "his day in the dental chair for repair of his teeth") that he would receive if he were successful in his underlying case.[1] Thus, it is premature for any consideration of a preliminary injunction.

In <u>Rickles v. Taylor</u>, 2006 U.S. Dist. LEXIS 44206 (D. Oregon 2006), a prisoner sought preliminary injunctive relief in order to require the Oregon Department of Corrections to surgically treat a hernia. The Court rejected the preliminary injunction filed by the prisoner for surgical intervention of his medical condition, holding as follows:

> Ordinarily, a preliminary injunction maintains the status quo, pending a final decision on the merits. <u>University of Texas v. Camenisch</u>, 451 U.S. 390, 395, 101 S. Ct. 1830, 68 L. Ed. 2d 175 (1981). Plaintiff is asking the Court to alter the status quo by granting him, before trial, the very relief he hopes to obtain through this action. Such a "mandatory injunction," as it is known, is granted only in extraordinary circumstances. (citations deleted).

See <u>Rickles v. Taylor</u>, 2006 U.S. Dist. LEXIS 44206 (D. Oregon 2006).

It is also crucial to recognize the context within which this prisoner seeks the issuance of a preliminary injunctive order, <u>i.e.</u>, his medical claim of deliberate indifference to a serious medical need. In order for Mr. Moon to state a cognizable Eight Amendment claim regarding medical care, he must allege acts or omissions by the Medical Defendants sufficiently harmful to evidence a deliberate indifference to a serious medical need. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct. 285,

---

[1] In his Complaint Plaintiff requests repair of his "incompetent cardia." It is assumed, for purposes of this response,

292, 50 L. Ed. 2d 251 (1976); Adams v. Poag, 61 F.3d 1537 (11th Cir. 1995); Hamm v. DeKalb County, 774 F.2d 1567, 1574-75 (11th Cir. 1985). Arguably, his already significant burden becomes more difficult to meet when a prisoner alleges that irreparable harm will be done without the issuance of an injunction. Since this inmate has received appropriate dental treatment at all times, his request for an "emergency order" is simply unsupportable.

> 1. **Moon cannot prevail on the merits of proving a deliberate indifference to a serious medical need arising out of his particular medical condition.**

In order to demonstrate deliberate indifference with regard to his dental treatment, Moon must show an objectively serious medical need and produce evidence that the Medical Defendants -- specifically, Dr. West, Dr. Shirley and Dr. Miers -- intentionally disregarded his dental condition as a whole. See Ferrell v. West, 320 F.3d 1235, 1245 (11th Cir. 2003). "Deliberate indifference" is a significantly higher standard, requiring far more than a mere medical disagreement. See Hudnall v. Thompson, 1996 U.S. Dist. LEXIS 9507 (S.D. Ala. 1996) ("a mode of treatment provided by a prison medical staff which is different from that wished for by the inmate does not amount to deliberate indifference.") See Hamm, supra. at 1575. Furthermore, medical differences of opinion do not rise to "grossly inadequate" medical care or medical care amounting to "no treatment at all." See McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999).

Dr. West, Dr. Miers and Dr. Shirley have submitted overwhelming evidence that Moon has received timely evaluation and treatment for all of his dental concerns from October 27, 2004 through June 2006. (See Special Report of Dr. West, Dr. Miers and Dr. Shirley). The evidence now before the Court shows that Dr. Shirley provided Moon with timely and appropriate dental treatment from April 2007 to present as well. (See Ex. "A"). Under the circumstances of this case, Moon

---

that Plaintiff is referring to some kind of dental condition.

cannot establish a substantial likelihood of prevailing on the merits when faced with proving "deliberate indifference." Moreover, a finding of "irreparable injury" as related to his dental care requires more than conjecture or speculation. It requires proof of an injury that cannot be adequately compensated for by damages at law. Bloom v. Ray Oliver & Ward, 729 So. 2d 877, 879 (Ala. Civ. App. 1999) (quoting Benetton Services Corp. v. Benedot, Inc., 551 So. 2d 295, 299 (Ala. 1989)). Since Mr. Moon's dental complaints have been appropriately addressed, there is no imminent risk of harm. Moon cannot meet his burden required for a preliminary injunction to issue.

2. **Moon seeks to permanently alter the ability of dental providers to treat patients for medical conditions in a manner consistent with their training and experience.**

Moon complains that he has not received appropriate treatment for gum inflammation. (See motion). It is clear, however, that Moon is simply unhappy with the manner in which his dental complaints for gum inflammation have been addressed. (Id.) As such, Moon seeks to obtain an Order from this court overturning the judgment of his dental providers in diagnosing and treating his dental conditions. (Id.) As a practical matter, issuance of this injunction would substantially increase the amount of prisoner litigation flowing through the state and federal courthouses here in Alabama by giving inmates encouragement to "second guess" their treating dentists on all treatment provided (not just gum inflammation) but any and all dental conditions an inmate may believe could be handled differently. Moon has no immediate threat of a more serious dental condition arising; and, as such, no legitimate argument that any treatment provided was substandard.

In Hudnall v. Thompson, 1996 U.S. Dist. LEXIS 9507 (S.D. Ala. 1996), a prisoner sought a preliminary injunction for "immediate emergency [medical] relief" for pain in his sinuses, bones, joints, and cervical spine area. There, as here, the prisoner believed that the medical physician's treatment was insufficient to properly address his medical condition. In an extremely instructive

opinion, Judge William Cassady of the Southern District correctly rejected plaintiff's request. Despite the existence of affidavit testimony and a litany of medical records, Judge Cassady found that under the Eighth Amendment standard, plaintiff's Complaint amounted to nothing more than a difference of opinion concerning medical treatment.

> The gravaman of the plaintiff's complaint is not that he has been denied medical treatment, but that, in his opinion, he has been denied adequate and appropriate medical treatment. At most, assuming that plaintiff was, as he states, a nurse by profession prior to his incarceration, the basis for his motion is a difference of opinion between himself and Dr. Wilson concerning the medical testing and treatment he needs. However, a mode of treatment provided by a prison medical staff which is different than that wished for by the inmate does not amount to deliberate indifference.

See Hamm, 774 F.2d at 1575.

In Boglin v. Thomas, 2000 U.S. Dist. LEXIS 11165 (S.D. Ala. 2000), another plaintiff seeking a preliminary injunction had his claim rejected on similar grounds. Although the injunction in that case required more First Amendment analysis than Eighth Amendment analysis for a medical claim, the issues pertaining to whether the preliminary injunction should issue are similar. The Court broke down each of the required elements for a preliminary injunction and found evidence lacking on each. The Court specifically addressed the issue of whether the injunctive relief would be adverse to the public interest. On this issue, the Court correctly deferred to the decisions of prison administrators with expertise in the management of prisons. Id. at 12.

This Court should defer to the decision-making authority of <u>the primary treating physicians who have actually observed the prisoner and provided him with treatment</u>, rather than this inmate's subjective determination of his medical treatment. By rejecting Mr. Moon's preliminary injunction request, this Court will maintain the significant relationship that exists between correctional medical providers and the inmates they treat on a daily basis.

### III. CONCLUSION

For the reasons set out herein -- as well as the evidentiary materials previously submitted in the Medical Defendants' Special Reports -- Plaintiff's Application For Preliminary Injunction is due to be denied.

Respectfully submitted this the 5th day of September, 2007.

*s/ R. Brett Garrett*
R. BRETT GARRETT (GAR085)
Attorney for Defendants, Prison Health Services, Inc.; Samuel Rayapati, M.D.; Travis Miers, D.M.D.; Marvin West, D.D.S.; William Shirley, D.D.S.; Antoinette Marsh, L.P.N., and Nettie Burks, R.N., H.S.A.

Of Counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
P. O. Box 270
Montgomery, AL 36101-0270
(334) 206-3260
(334) 481-0808 (fax)
bg@rsjg.com (email)

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 5th day of September, 2007, to:

James Charley Moon (AIS # 212228)
Ventress Correctional Facility
P.O. Box 767
Clayton, AL 36016

*s/ R. Brett Garrett*
Of Counsel

9