IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES CHARLEY MOON (AIS# 212228),     *

    Plaintiff,     *

V.     *     2:06-CV-384-WKW

SAMUEL RAYAPATI, M.D., ET AL.,     *

    Defendants.     *

### AFFIDAVIT OF WILLIAM E. SHIRLEY, D.D.S.

**BEFORE ME,** Reba Currie, a notary public in and for said County and State, personally appeared **WILLIAM E. SHIRLEY, D.D.S.**, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

"My name is William E. Shirley. I am a licensed general dentist and am over twenty-one years of age. I have been a licensed general dentist in Alabama since 1958. Since March of 2005, I have practiced dentistry with Ventress Correctional Facility located in Clayton, Alabama. My employment at Ventress is with Smallwood Prison Dental Services, Inc. the company that contracts with Prison Health Services, Inc. to provide dental services to inmates at Ventress.

James Moon (AIS #212228) is an inmate who has been incarcerated at Ventress Correctional Facility at all times pertinent to this lawsuit. I am familiar with Mr. Moon and have been involved with the dental services provided to him at Ventress.


EXHIBIT A

It is my understanding that Mr. Moon has filed a motion for preliminary injunction alleging that I have failed to provide him with appropriate dental care subsequent to April 2007. Mr. Moon's allegations in this regard are completely unfounded as I have provided this inmate with appropriate and timely dental care at all times.

On September 25, 2006, Mr. Moon presented to the health care unit with complaints for pain at tooth # 14. I evaluated this tooth and determined that it was severely decayed and malposed (twisted). The decay was removed and the space filled with amalgam. I explained to Mr. Moon that due to the malposed position of tooth # 14, food could become trapped between teeth # 13 and 14. Mr. Moon was instructed with regard to appropriate hygiene. Mr. Moon was seen on April 12, 2007 for examination of his partials. It was noted that adjustment was unnecessary.

Mr. Moon again presented on August 6, 2007 for evaluation of decay at tooth # 13. I determined that tooth # 13 was severely decayed and, as a result, could not be filled. It was extracted. On August 14, 2007, I evaluated tooth # 4 and determined that decay had invaded the tooth extensively. However, the nerve root was unexposed. I filled the tooth with amalgam at three surfaces.

I again evaluated and treated Mr. Moon on September 4, 2007. Mr. Moon indicated that he was having recurring pain at tooth # 4. It was extracted pursuant to his request. Tooth # 8 was also extracted on this date subsequent to developing decay at the site of an old root canal, and tooth # 9 was extracted secondary to Mr. Moon's complaints for past infection. Mr. Moon is currently scheduled to receive a partial in approximately six (6) weeks, assuming no further complication. I have prescribed Mr. Moon pain relieving medication subsequent to the above noted procedures to aid in pain relief. Mr. Moon has never made any complaints to me regarding

the effect any pain relieving medication has had on his esophagus. He has made no requests for specialty profiles, including but not limited to, any request for a special diet.

It is my opinion that all of Mr. Moon's dental conditions and complaints have been evaluated and treated in a timely and appropriate fashion. Mr. Moon has been seen and evaluated by the dental staff, and has been referred to an appropriate care provider and given appropriate care, each time he has registered any dental complaints at Ventress Correctional Facility.

At all times, myself and the other dental providers at Ventress have exercised the same degree of care, skill, and diligence as other similarly situated dental providers would have exercised under the same or similar circumstances. In other words, it is my opinion that the appropriate standard of care has been adhered to at all times in providing dental care, evaluation, and treatment to this inmate.

At no time have I or any of the dental staff at Ventress Correctional Facility denied Mr. Moon any needed dental treatment, nor have we ever acted with deliberate indifference to any serious dental need of Mr. Moon. At all times, Mr. Moon's dental complaints and conditions have been addressed as promptly as possible under the circumstances."

Further affiant sayith not.

_____
WILLIAM E. SHIRLEY, D.D.S.

STATE OF ALABAMA )
)
COUNTY OF Barbour )

Sworn to and subscribed before me on this the 4th day of Sept., 2007.

Reba J Currie
Notary Public
My Commission Expires 9-8-08