IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JAMES CHARLEY MOON, #212 228 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-384-WKW |
| SAMUEL RAYAPATI, M.D., *et al.*, | * | |
| Defendants. | * | |

_____

**ORDER ON MOTION**

Plaintiff has filed a pleading with the court captioned *Order for Compliance Document #63-1*. He complains that the prison medical provider, PHS, Inc., is not in compliance with the court's order entered on September 12, 2007. Specifically, Plaintiff contends that PHS, Inc., intends to copy his medical/dental records "on the same copying machine at PHS and <u>not at the front office</u>," the location Plaintiff contends was designated by the court for making copies. (*Doc. No. 65 at 1*.) Plaintiff further asserts that PHS, Inc.'s, copying fees are more expensive than the re-production rate charged at the front office. (*Id. at 1-2*.)

Plaintiff's pleading, construed as a motion to compel, shall be denied. Plaintiff is advised that the court's September 12, 2007 order did not dictate the manner or method by which medical/dental personnel at the Ventress Correctional Facility were to provide Plaintiff with access to or copies of his prison medical/dental records. Rather, the court's September

12 order granted Plaintiff's motion for production of documents "to the extent that Plaintiff seeks *__access__* to the prison medical/dental records in question," and further directed that "medical/dental personnel at the Ventress Correctional Facility shall allow Plaintiff to **inspect and/or copy** his prison medical/dental file." (emphasis added) (*See Doc. No. 63 at 2*.)

Accordingly, it is ORDERED that Plaintiff's October 2, 2007 pleading, construed as a motion to compel (*Doc. No. 65*), be and is hereby DENIED.

Done, this 3rd day of October 2007.

        /s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE