IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

| | | |
|---|---|---|
| JAMES CHARLEY MOON, #212 228 | * | |
| Plaintiff, | * | |
| v. | * | 2:06-CV-384-WKW  (WO) |
| SAMUEL RAYAPATI, M.D., *et al.*, | * | |
| Defendants. | * | |

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter comes before the court on Plaintiff's Motion for Preliminary Injunction under Rule 65, *Federal Rules of Civil Procedure*. In his motion for injunctive relief, Plaintiff challenges the constitutionality of dental care provided to him at the Ventress Correctional Facility. He, therefore, seeks a preliminary injunction to protect his Eighth Amendment rights. For the following reasons, the court recommends that Plaintiff's motion for preliminary injunctive relief be denied.

**I. STANDARD OF REVIEW**

"[A] preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries its burden of persuasion on each of [four] prerequisites." *Wall v. Ferrero,* 142 Fed. Appx. 405, 406 (11th Cir. 2005); *see also Four Seasons Hotels & Resorts, B.V. v. Consorcio Barr, S.A.,* 320 F.3d 1205, 1210 (11th Cir.

2003). The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court . . ." *Palmer v. Braun,* 287 F.3d 1325, 1329 (11th Cir. 2002). The four prerequisites which Plaintiff must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Robinson outweighs the harm to the non-moving parties; and (4) that an injunction would be in the interest of the public. *Id.*; *Four Seasons Hotels & Resorts,* 320 F.3d at 1210; *Cate v. Oldham*, 707 F.2d 1176 (11th Cir. 1983); *Shatel Corp. v. Mao Ta Lumber and Yacht Corp.*, 697 F.2d 1352 (11th Cir. 1983). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat the party's claim, regardless of the party's ability to establish any of the other elements. *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir. 1994); *see also Siegel v. Lepore,* 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## II. DISCUSSION

In his motion for preliminary injunction, Plaintiff challenges the dental care and treatment provided to him at the Ventress Correctional Facility. Plaintiff states that he has two abcessed teeth which cause soreness to his gums. In April or May 2007 Plaintiff saw Dr. Shirley who offered to pull one of the abcessed teeth but Plaintiff did not wish to have

the tooth pulled "at this point." (Doc. No. 57 at 1-2).

In July 2007 Plaintiff began taking ibuprofen and Tylenol for pain. Plaintiff alleges, however, that the medication caused his esophageal stricture to narrow which causes him to have eating problems. Accordingly, around July 20, 2007 Plaintiff submitted a sick call slip requesting to see Dr. Shirley again. Plaintiff asserts that he did not receive a reply so he submitted another sick call request on July 28, 2007 and was seen by a nurse on July 29, 2007. Plaintiff complains, however, that he received nothing for pain and did not see Dr. Shirley. Plaintiff then submitted another sick call request on July 29, 2007 complaining of two abcessed teeth, that the pain medication he was taking was bad for his esophagus and that he wanted to see the medical doctor, Dr. Peasant. A nurse saw Plaintiff on July 30, 2007 who made a medical appointment for him for August 2, 2007.[1] (Doc. No. 57 at 2 and Exhs. A, B.)

In his motion for preliminary injunction, Plaintiff requests that the court order Defendants to repair his teeth. He maintains that he is being made to suffer pain needlessly from Defendants' failure to provide adequate dental care. He further contends that the medication he takes for his dental pain continues to damage his esophagus. (Doc. No. 57 at 1- 2.)

Pursuant to the orders of this court, the medical defendants filed a response and

---

[1] The court notes that Dr. Peasant is not a party to this action.

probative evidentiary materials which refute Plaintiff's allegations. Specifically, the medical defendants maintain that Plaintiff has been seen and evaluated by the dental staff and has received continued and appropriate treatment for his complaints regarding his dental conditions. In his affidavit, Dr. Shirley sets forth a detailed account of the dental treatment provided to Plaintiff for his most recent complaints of dental pain. The medical records filed by the medical defendants support this account. The aforementioned evidentiary materials demonstrate that in September 2006 Dr. Shirely removed severe decay from Plaintiff's tooth #14 which was also malposed (twisted). He then filled the space with amalgam. Dr. Shirley informed Plaintiff that as a result of the malposed position of tooth #14, food could become trapped between teeth #13 and 14. Plaintiff received instruction on appropriate oral hygiene. (Doc. No. 61, Exhs. A, B.)

Dr. Shirley evaluated Plaintiff on August 6, 2007 for decay at tooth #13. He found that tooth #13 was severely decayed and could not be filled. He, therefore, extracted the tooth. On August 14, 2007 Dr. Shirley evaluated Plaintiff's tooth #4 where he found extensive tooth decay but that the nerve root was unexposed. He proceeded to fill the tooth with amalgam at three surfaces. (Doc. No. 61, Exhs. A, B.)

Dr. Shirley evaluated and treated Plaintiff again on September 4, 2007. Plaintiff complained of recurring pain at tooth #4 and it was extracted at his request. Tooth #8 was also extracted on this date subsequent to developing decay at the site of an old root canal.

Tooth #9 was also extracted secondary to Plaintiff's complaints of past infection. Dr. Shirley affirms that Plaintiff is scheduled to received a partial in approximately six weeks should no complications arise. Dr. Shirley further affirms that Plaintiff has not made any complaints to him with regard to the effect pain medication has had on his esophagus nor has he requested specialty profiles including, but not limited to, a special diet. Rather, Dr. Shirley asserts that Plaintiff has been seen and evaluated by dental staff and referred to an appropriate care provider and given appropriate care each time he has submitted dental complaints at the Ventress Correctional Facility (Doc. No. 61, Exhs. A, B.)

     Turning to the first factor with regard to whether preliminary injunctive relief should be issued, the court considers whether Plaintiff can prove a substantial likelihood of success on the merits. Having reviewed his request for preliminary injunctive relief, the court concludes that Plaintiff has failed to carry his burden. Other than his self-serving, conclusory allegations of constitutional violations, Plaintiff presents no proof or objective evidence that the actions about which he complains violated or are now violating his constitutional rights. Essentially, the court has nothing other than Plaintiff's assertions as to whether the dental treatment challenged in his motion for preliminary injunction ran afoul of the Constitution. Plaintiff has, therefore failed, to establish a substantial likelihood of success on the merits.

     Plaintiff likewise fails to demonstrate that he will suffer the requisite irreparable injury absent issuance of a preliminary injunction. As noted, Plaintff provides no proof or objective

5

evidence in support of his allegations concerning the actions about which he complains. *See Fisher v. Goord*, 981 F. Supp. 140, 168 (W.D. N.Y. 1997) ("A preliminary injunction cannot be issued based on past harm. The purpose of a preliminary injunction is to prevent future irreparable harm."). The third factor, balancing potential harm to the parties, is basically a neutral factor at this juncture. Finally, the pleadings before the court are devoid of any evidence which shows that issuance of an injunction would serve the public interest. Thus, Plaintiff has failed to meet his burden of demonstrating the existence of each prerequisite necessary to warrant issuance of a preliminary injunction.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The Motion for Preliminary Injunction filed by Plaintiff on August 3, 2007 (Doc. No. 56) be DENIED; and

2. This case be referred back the undersigned for additional proceedings.

It is further

ORDERED that on or before **October 23, 2007,** the parties may file objections to the Recommendation. Any objection must specifically identify the findings in the Recommendation to which a party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings in the Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all decisions of the former Fifth Circuit issued prior to September 30, 1981.

Done this 10th day of October 2007.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE