IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

RECEIVED
2007 OCT 12 A 9: 32
DEBRA P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| James Charley Moon, #212228 | ) |
| Plaintiff | ) |
| V. | ) Case no. 2:06-CV-384-WKW |
| Samuel Rayapati, M.D., et al | ) |
| Defendants | ) |

### MOTION FOR RETALIATION CLAIM

Comes now, James Charley Moon, pro se in the above styled cause, and moves this Honorable Court to stop Prison Officials from Retaliating against Plaintiff.

1) On June 13, 2007, I received a letter from Alabama State Bar the Disciplinary Commission. This had to do with a claim against Joe morgan Reed on my medical claim against P.H.S. Attorney Reed returned my medical file, in which I had sent home, The Alabama Bar Asso. ask that Petitioner provide their office with the entire file a **copy** of the file. see exhibits #**A** (Letter)

2) Petitioner wrote Capt. Monk here at Ventress and asked permission to receive these medical records documents, but was denied. see exhibits **B** (Request)

3) On october 2, 2007, I sent another request form. I stated to Capt. Monk the reason I sent my legal work home was because I thought I was going to Community Corrections but was turned down by the sentencing Judge and I needed my paperwork sent back so I can file my appeal on my Rule #32 and my medical lawsuit. Capt. Monk denied plaintiff again. see exhibits#**C** ( request )

4) The First Amendment prohibits jail and prison officials from retaliating against inmates who report complaints, file grievances, or file lawsuits. Capt. Monk is included in the above case as a defendant. There are several documents that are included in these paper's that pertain to evidence in this 1983 constitution claim. That Capt. Monk is denying Petitioner access to court's lawsuit, and preventing Petitioner from filing.

PAGE 1

5) Petitioner was told by Lt. Taylor in Administration that if any paperwork was sent by mail to Petitioner by his mother, he would be given a disciplinary and locked up, placing petitioner in segregation.

6) Alleged retaliatory placement of inmate in Administrative segregation is actionable, even if confinement there did not give rise to protected liberty interest. Zimmerman v. Tribble, 226 F.3d 568, 573(7th Cir. 2000) "Otherwise permissible conduct can become impermissible when done for retaliatory reasons.

7) SEE FARROW V. WEST cite 320 F.3d (2003 11th Cir.) quote: The First Amendment forbids prison officials from retaliating against prisoners for exercising the Right of Free Speech. Thomas V. Evans, 880 F.2d 1235, p. 1242 (11th Cir. 1989). To State a first [ Amendment claim for retaliation, a prisoner need only not allege violation of a seperate and distinct constitutional right " Id, At 1242. Rather [t]he gist of a retaliation claim is that a prisoner is penalized for exercising the Right of Free Speech". Id. A prisoner can establish retaliation by demonstrating that the prison official's actions were "the result of having filed a grievance concerning the conditions of his imprisonment." Wilderger V. Bracknell 869 F.2d 1467, 1468 (11th Cir. 1989)8. Petitioner is an indigent person without funds to produce hundreds of copies at a rate of .50 cents when other prisons in the state of Alabama only charge .20 cents per copy. Petitioner can not claim without this paperwork; Capt. monk, by denying this paperwork, denies Petitioner access to the courts.

## CONCLUSION

Petitioner has a constitutional right to file certain petitions with the court's: Criminal Appeals ( including post-conviction appeals and civil rights lawsuits. In a 1996 decision, Lewis v. Casey, 518 U.S. 343, 355 (1996) the Supreme Court cautioned officials that "prisoners have the constitutional right to access to the court"). Petitioner would ask this Honorable Court to issue an order to stop using this type of method to enable Petitioner from filing his criminal petition and civil rights lawsuit, and issue an

order permitting Plaintiff these documents he needs through the U.S. Mail.

Respectfully submitted on this 10th day of October, 2007.

### CERTIFICATE OF SERVICE

I hereby certify that I have mailed via US Mail, properly addressed and first-class postage pre-paid, the foregoing document this 10th day of October, 2007.

Attention: Hon. Troy King

Office of the Attorney General

11 South Union St.

Montgomery, AL 36130

*James C. Moon*
James C. Moon

AIS#212228 Dorm E4-38

P.O. Box 767

Ventress Correctional Facility

Clayton, AL 36016

PAGE 3

NAME James Moon   AIS # 212228   DORM # E4-38
VENTRESS CORRECTIONAL FACILITY
P. O. BOX 767
Clayton, AL 36016

MONTGOMERY AL 361
11 OCT 2007 PM 1 T

"This correspondence is forwarded from an Alabama State Prison. The contents have not been evaluated, and the Alabama Department of Corrections is not responsible for the substance or content of the enclosed communication."

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101-0711

36101+0711