IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

| | |
|---|---|
| James Charley Moon, #212228 ) | |
| Plaintiff ) | |
| V. ) | Case No. 2:06-CV-384-WKW |
| Samuel Rayapati, M.D., et al., ) | |
| Defendants ) | |

2007 OCT 19 A 10:07

DEBRA P. HACKETT,
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

### Answer to Document #68-1 Filed: 10/10/2007

### Production of Documents Blue Cross/Blue Shield

Comes now the Plaintiff, James C. Moon, pro se, in the above styled cause and, pursuant to Rule 45, Federal Rules of Civil Procedure, respectfully requests this Honorable Court to grant to Plaintiff the right to inspect or copy insurance policy taken out on Plaintiff, Blue Cross/Blue Shield.

1) Plaintiff had an E.G.D. performed by Dr. Jackson on December 9, 2004. The endoscopy revealed an esophageal stricture due to severe esophigitis, seven biopsies were taken to see if specimens were cancerous also, a possible balloon dialation but, decided against it at this point, due to the ulceration and condition of the esophagus. At this point: **Prison Health Services Inc. was the Insurance Provider.**

2) Dr. Jackson recommended: 1) A repeat endoscopy in 8 to 12 weeks. 2) Take Prilosec (2) times daily for this was needed for the healing process to occur before the balloon dilation could be done, Dr, Jackson noted that Plaintiff had been taking large amounts of non-steroidial pain medication for long periods of time due to dental pain. (3) Dr. Jackson also requested that whatever was neccessary for Prison Health Services to take care of Plaintiff's dental problems.

3) Plaintiff only received Prilosec once a day instead of twice a day. The

SCANNED

dental problems continued on for two abcessed teeth for 7 and one-half months before they were pulled and (3) the repeat endoscopy was delayed for over 14 months due to **high cost** until an insurance policy was taken out on the Plaintiff with Blue Cross/Blue Shield...see exhibit **A**.

4) The defendant's knew Plaintiff needed a balloon dilation; the esophagus was only .6 of a centimeter in diameter...see exhibit **E**. Dr. Rayapati put Plaintiff in the hospital in H.C.U. at Ventress in Sept. of 2005 for three days and put him on a liquid diet and was also given pudding and applesauce for 6 months until the insurance policy came into effect. ..see exhibit **C**. On <u>January 1, 2006,</u> the <u>date</u> the <u>insurance policy came into effect</u>, Dr. Rayapati scheduled surgery for February 16, 2006. This was a delay of medical treatment for non-medical reasons;

5) In exhibit **B** it states that Guarantor Information that Plaintiff (Moon) was [self] insured. It does not state who pays the premium on the policy. Plaintiff sent requests to Warden Giles about said policy and was sent to Director of Nursing N. Burks for P.H.S. She stated that the Dept. of Corrections had taken out an emergency policy, but plaintiff was never given a copy.

6) See memorandum of law exhibit **D**. Will explain the reasons plaintiff needs a copy of said policy and pre-existing restrictions and delay of treatment being vital to Plaintiff's 1983 claim, and show how the defendant violated Plaintiff's 8th amendment rights.

7) It appears that the Dept. of Corrections taken out an emergency policy at this address:                    Warden J.C. Giles
                                                              P.O. Box 767
           **patient information**               Ventress Correcitonal Facility
                                                              Clayton, AL 36016

8) Blue Cross/Blue Shield address were the policy's payment was sent:
                                                              Blue Cross/Blue Shield

PAGE 2

**Guarantor information-**   P.O. Box 2294
Birmingham, AL 35201

### CONCLUSION

The Plaintiff would ask the Honorable Court to grant this motion for all documents that contain, mention, construe, or refer to the policies taken out on James Moon by the Department of Corrections and any pre-existing restrictions time frame dates, when the policy was taken out and a copy of said policy for inspection or copy to be paid for by Plaintiff.

*James Charley Moon*

### CERTIFICATE OF SERVICE

I hereby certify that I have mailed, via U.S. Mail, properly addressed and by first class postage pre-paid, the foregoing documents this 17th day of October, 2007.

ATT: Brett Garrett
Rushton, Stakely, Johnson, P.A.
P.O. Box 270
Montgomery, AL 36101-0270

Blue Cross/Blue Shield
P.O. Box 2294
Birmingham, AL 35201

Hon. Troy King
Office of the Att. General
11 South Union St.
Montgomery, AL 36130

*James Charley Moon*, Plaintiff
A.I.S. 212228 Dorm E-4, 38
V.C.F.
P.O. Box 767
Clayton, AL 36016-0767

James C. Moon / 212228-E4-38  Dorm.
Ventress Corr. Facility
P.O. Box 767
Clayton, AL 36016

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. BOX 711
MONTGOMERY, ALABAMA 36101-0711