MEMORANDUM OF LAW

SEE HARRIS V. COWETA COUNTY

CITE AS 21 F, 3D (11TH CIR. 1994)

EXHIBIT D

The tolerable length of delay in providing medical attention depends on the nature of medical need and the reason for the delay. **Ancata v. Prison Health Services Inc.**, 769 F.2D 700 (11TH CIR. 1985). The law was clearly established that the right to medical care may include diagnostic tests known to be necessary, not just medical and surgical care, e.g., **H.C. by Hewett v. Jarrard**, 786 F.2d 1080 (11th Cir. 1986) confirming earlier case law that, "failure to provide diagnostic care and medical treatment known to be necessary (or) delay of necessary treatment for non-medical reasons...establish(es) deliberate indifference sufficient to establish a constitiutional violation. Finally, it was clear that deliberate indifference could be inferred from an unexplained delay in treating a known or obvious serious medical condition. **Brown**, 894 F.2d 1538. Also, **Ancata v. Prison Health Services Inc.**, 769 F.2d 700, 704 (Quote) The Court said:

> Deliberate indifference to serious medical needs is shown when prison officials have prevented an inmate from receiving recommended treatment or when an inmate is denied access to medical treatment or personnal capable of evaluating the need for treatment.

Plaintiff alleges in Prison Health Services authorization letter they would only authorize (1) visit for outpatient surgery; for endoscopy and dilation due to: High cost this as stated in above, case, known as delay of necessary treatment for non-medical reason...establish(es) deliberate indifference for a 14 month delay in treatment known to be necessary is not in a timely fashion. Dr. Rayapati refused to follow recommended treatment due to his defiance of implicit medical instructions, to treat the symptoms, not the

problem, cause detrimental, irreversible damage to Plaintiff Moon's esophagus, for the pain medication (Moon) was taking for abcessed teeth, would stick to the esophagus where the 1/4 inch stricture was and dissolve in the esophagus instead of in the stomach, as intended, during which Plaintiff suffered considerably. Dr. Rayaoati has not explained why there was a (14) month delay for a repeat E.G.D. as **recommended** December 9, 2004 and again on 9-22-05 and not performed until February 16, 2006. An esophageal stricture **cannot** be removed with medication. It has to be done by a balloon dilation. **See exhibit A.** Circled that on 11/02/04 for payment submit to PHS.

   Also, Plaintiff Moon contends that Prison health Services had made inmate Moon wait until the pre-existing time had lapsed so that the insurance policy taken with Blue Cross/ Blue shield came in effect so they would not have to pay the high cost of surgery. See 123 F. Supp. 2d 1286, **Duckett v. Blue Cross/ Blue Shield** 270 day waiting period for pre-existing condition (See Exhibit **C** effective date for **benefits: 1/1/06**) for this is known as a delay for non-medical reasons. See **Martinez v. Mancuis**, 443 F.2d 921 (2nd Cir. 1970) prison doctor failed to follow the express post-operative directions of the surgeon who had operated on the prisoner. At this point p.H.S. scheduled surgery on February 16, 2007 for D.O.C.'s emergency policy is now in effect with blue Cross/Blue Shield.