IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF ALABAMA

NORTHERN DIVISION

James Charley Moon #212228

    Plaintiff,

    Vs.                              2:06-CV-384-WKW

Samuel Rayapati, MD., et. al.,    )

    Defendants                   )

**MOTION TO RECONSIDER DOCUMENT #: 66-1**

**DATE FILED: 10/03/2007**

Comes now the Plaintiff, James C. Moon, pro se in the above styled cause and would ask this Honorable Court to reconsider its order to plaintiff's October 2, 2007 pleading, construed as a motion to compel (Doc. no. 65) and grant this motion for good cause.

1) On or about September 25, 2007 Plaintiff was called to H.C.U. at Ventress Correctional Facility to be allowed to copy or inspect Plaintiff's medical and dental files.

2) Plaintiff was informed by (D.O.N.) Ms. N. Burks, personnel for Prison Health Services, that he could make copies of his medical/dental files and was provided with the files. 2 or 3 minutes after reviewing said documents, Plaintiff started to write down the information in the files and Ms. Burks stopped him from writing this information down. Ms. Burks stated, "Mr. Moon, you were only supposed to make copies of the medical records."

3) On document #63-1 Dated 09/12/2007, page 2 of 2 at #2, this Honorable Court stated: Plaintiff is advised that he may utilize any means available to him **to produce the requisite copies including** but not limited to **handwritten copies of the evidentiary material he seeks to retain for himself** and/or submit to this court. **Plaintiff was denied request for handwritten copies.**

4) Plaintiff asked Ms. Burks to have copies made at the front office, because their copy machine distorts the medical records to the point that they are

PAGE 1

not legible and shows this Honorable Court that his claims [are] indeed valid. **Plaintiff was denied.**

5) Plaintiff also sent a request to Capt. monk on October 2, 2007 to have all his medical records and documents pertaining to his 1983 lawsuit and other court documents sent back to him by his mother, so as to get his dental files that show a clear copy made by PHS, plus affidavits on defendants so Plaintiff could refer to certain documents in the court records, **but was denied**. Plaintiff cannot properly litigate said claim without these documents.

6) On October 17, 2007 Plaintiff sent Warden J.C. Giles a request that stated: Hope all is well, On 6/13/2007 and 10/02/07 I sent a request asking Capt. Monk for permission to have my legal work sent back from my home; I need these documents to file on my lawsuit with the D.O.C. and Prison Health Services Inc. and Alabama State Bar. See exhibit's #A,B,C,D. As you know I have to exhaust my administrative remedies, can you **"please help"** me with this problem. Warden J.C. Giles, Capt. Monk, D.O.N. Nurse Burks are all defendants in the 1983 lawsuit and are being contrary, acting with malicious, wanton, and evil intent, therefore, there should be sanctions entered upon these defendants.

7) Warden Giles, Capt. Monk, Nurse burks are using their official capacity to enable Plaintiff to file criminal petition and civil rights lawsuits by denying Plaintiff access to his legal documents. See 518 U.S. at 350-53, compare Bounds, 430 U.S. at 828 (officials must 'assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from person trained in the law'). The court in **Lewis** also rejected the suggestion in Bounds that the right of access to the courts requires officials to enable prisoners "to discover grievances and **to litigate effectively once in court**"-As opposed to simply filing claims that a prisoner already knows about.

PAGE 2

8) See **Johnson v. Stovall,** 233 F.3d 486, 489 (7th Cir. 2000)("to state a cause of action for retaliation, a complaint need only allege a **chronology** of events from which retaliation may be inferred"). It is crystal clear by the chronlogical order of events as stated above that the defendants are retaliating against the plaintiff.

## CONCLUSION

Plaintiff prays this Honorable Court grant plaintiff access to his legal documents from home be sent to Plaintiff and allow Plaintiff handwritten copies of the evidentiary materials he seeks to retain for himself and/or submit to this court, in possession of Prison Health Services, Plaintiff would also ask this Honorable Court for an extension of time to answer Document#: 69-1 Dated 10/10/2007 **recommendation of the Magistrate judge** for good cause as stated above so Plaintiff can prove to this Honorable Court he has a valid claim.

Respectfully submitted this 19th day of October, 2007

James C. Moon, Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed via U.S. Mail properly addressed and first class postage prepaid, the foregoing documents this 19th day of October, 2007.

Att: S/R Brett Garrett

Rushton, Stakely, Johnson, and Garrett, P.A.

P.O. Box 270

Montgomery, AL 36101-0270

Att: Hon. Troy King

Office of the Attorney General

11 South Union St.

Montgomery, AL 36130

*/s/ James C. Moon*
James C. Moon, Plaintiff

Ventress Corr. Facility

P.O. Box 767

Clayton, AL 36016

MONTGOMERY AL 361
19 OCT 2007 PM 1 T

James Moon 212228 E 4-38
Ventres Corr. Facility
P.O. Box 767
Clayton, AL 36016

OFFICE OF THE CLERK
UNITED STATES DISTRICT COURT
P.O. Box 711
MONTGOMERY, AL 36101-0711

THIS CORRESPONDENCE IS FROM
AN ALABAMA STATE PRISONER. ITS
CONTENTS HAVE NOT BEEN EVALUATED
AND THE ALABAMA DEPARTMENT OF
CORRECTIONS IS NOT RESPONSIBLE FOR
THE SUBSTANCE OR CONTENT OF THE
ENCLOSED COMMUNICATION