IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

James Charley Moon, ³212228 §
    Plaintiff, §
§
vs.     Case No.: <u>2:06-CV-384-WKW</u>
§
Samuel Rayapati, M.D., et al., §
    Defendants. §
§

## MOTION FOR RETALIATION CLAIM THUR TRANSFER

**COMES NOW**, the Plaintiff, James Charley Moon proceeding pro se in the above styled matter, and would ask this Honorable Court to reconsider its Order to Plaintiff's 'Retaliation' claims against the Defendants, and the Plaintiff would add thereto, the 22nd day of October, 2007 pleadings the following "alleged chronology of events from which retaliation may be inferred", and grant this motion for good cause.

1]. On October 24th, 2007 the Plaintiff was transferred for no reason at all. C-51 (See fifty-one) alone with two (2) other inmates to the Staton Correctional Facility in Elmore, Alabama 36025 and placed in Dorm # F-1-20-B. See <u>Goff v. Burton</u>, 91 F. 3d 1188 quote:

    1. Prisons Key 13.5(1)....

> Although prisoners enjoy no constitutional rights to remain at particular institution, and although generally prison officials may transfer prisoners for whatever reason or no reason at all, prisoners cannot be transferred in retaliation for exercising of their constitutional rights. 42 U.S.C.A. § 1983.

2]. Plaintiff alleges that if it were not for his legal actions against

1

the Department of Corrections and prison health services defendant at the Ventress Correctional Facility, he would not have been transferred.

3]. Plaintiff has had no disciplinaries that would warrant Transfer, Plaintiff has completed all programs such as six (6) month Crime Bill, eighteen (18) month Heating/Air Conditioning, also anger management program, which the said programs incompasses NA and AA as well.

4]. Plaintiff was told by classification he was permanent party due to family ties and could receive no lower custody than level IV camp, and even if so, " NO LATTERAL TRANSFERS." Retaliation is a potential wrong, However, even when a transfer does not involve a liberty or property interest. See Haymes v. Montanye, 547 F. 2d 188 (2nd Cir. 1976) " DUE TO TRANSFER THE PLAINTIFF WILL NO LONGER RECEIVE VISITS."

5]. Plaintiff alleges that due to this transfer, his monies at the Ventress Correctional facility, his legal documents from this Honorable Court will not catch up with him for at least until November 2, 2007 or thereafter, and his change of address. Plaintiff will not be able to get sworn affidavits from inmate witnesses at Ventress Correctional Facility.

6]. The Plaintiff avers that Warden Giles, Captain Monk, Nurse Burks are acting in concert by using their official capacity to disenable the Plaintiff from filing on his civil rights lawsuit. See, Farrow v. West, 320 F. 3d 1235 (2003 11th Cir.) quote.....

> THE FIRST AMENDMENT FORBIDS PRISON OFFICIALS
> FROM RETALIATING AGAINST PRISONERS FOR THE
> EXERCISING THEIR RIGHT OF FREE SPEECH.
>
> Thomas v. Evans, 880 F.2d 1235, p.1242 (11th Cir. 1989)...
> To state a first [amendment claim for retaliation, a prisoner
> need only not allege violation of a separate and distinct
> constitutional right. Id. @ 1242.] Rather, [t]he gist of a
> retaliation claim is that a prisoner is penalized for exerci-
> sing the right of free speech. Id. A prisoner can establish

2

retaliation by demonstrating that the prison official's actions were "the result of having filed a grivance concerning the conditions of his imprisonment." <u>Wilderger v. Bracknell</u>, 869 F. 2d 1467, 1468 (11th Cir. 1989).

## C O N C L U S I O N

Plaintiff prays that this Honorable Court will grant the Plaintiff's requested sanctions against Warden J. C. Giles, Captain Monk, and D.O.N., Nurse Burks, all are defendants in this § 1983 lawsuit, and are being contrary, acting with malicious, wanton, and evil intent, and this Plaintiff prays that this Honorable Court 'GRANT' the plaintiff access to his legal documents from home be sent to Plaintiff and allow Plaintiff handwritten copies of evidentiary materials he seeks to retain for himself and/or submitted to this court, in possession of Prison Health Services, Plaintiff would ask this Honorable Court for an extension of time to answer Documents #69-1 Dated 10/10/2007 Recommendation of Magistrate Judge for good cause as stated above, so that the Plaintiff can prove to this Honorable Court he has a valid claim.

Done on this the 31st day of October, 2007.

                                            Respectfully   Submitted,

                                        */s/ James C. Moon*
                                        James Charley Moon, #212228
                                        Staton Correctional Facility
                                        Post Office Box 5 6
                                        Elmore, Alabama  36025-0056

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Motion upon the Defendants attorneys by placing copies of the same in the United States mail via the Inmate Mailbox, properly stamped and addressed with first class postage being prepaid on this the 31st day of October, 2007.

```
Rushton, Stakely, Johnson & Garrett, P.A.
     Attn: S/R Brett Garrett, Esq.,
        Post Office Box 270
     Montgomery, Alabama 36101-0270
```
------------------------------------------------

```
            STATE OF ALABAMA
     OFFICE OF THE ATTORNEY GENERAL
       Attn: Honorable Troy King, A.G.
            11 South Union Street
         Montgomery, Alabama 36130-0152
```
------------------------------------------------

/s/ James C. Moon
JAMES CHARLEY MOON, pro se
Plaintiff

oc: U.S.Clerk M.D.
cc: filed.

MR. JAMES CHARLEY MOON
AIS# 212228    UNIT# F-1-20-B
STATON CORRECTIONAL FACILITY
POST OFFICE BOX 56
ELMORE, ALABAMA 36025-0056

MONTGOMERY AL 351
31 OCT 2007 PM 3 L

36101+0007

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
C/o Hon. Debra P. Hackett, Clerk
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711


LOUIS COMFORT TIFFANY