IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES CHARLEY MOON (AIS# 212228),        *

    Plaintiff,
                                                *

V.                                             2:06-CV-384-WKW
                                               *

SAMUEL RAYAPATI, M.D., ET AL.,
                                               *

    Defendants.
                                               *

## RESPONSE TO COURT ORDER DATED OCTOBER 22, 2007

COME NOW Defendants, Anthonette Marsh, L.P.N., Nettie Burks, R.N., H.S.A. Marvin West, D.D.S., Travis Miers, D.M.D., and William Shirley, D.D.S. by and through counsel of record and offers as follows in response to this Court's Order of October 22, 2007:

    1.    On September 11, 2007 Plaintiff filed a Motion requesting production of certain unidentified medical records (seven (7) pages) which, he alleges, were produced in an illegible form in support of Defendants' pending Special Report. (See Doc. No. 62). Plaintiff requested, specifically, that he be given authority to copy these seven (7) pages at Ventress Correctional Facility's "front office" based upon his belief that the copying machine in the front office produces higher quality images than that copy machine utilized for purposes of copying medical records in the HCU.

    2.    On September 12, 2007, the Court issued an Order granting Plaintiff's motion *only* to the extent that Plaintiff be given an opportunity to "*access*" those medical/dental records in question. (See Doc. No. 63). The Order specifically directed

medical/dental personnel at Ventress to allow Plaintiff to "inspect and/or copy [Moon's] prison medical/dental file" on or before October 2, 2007. (Id.) The Order allowed for the Plaintiff to make handwritten copies of said records. (Id.) The Plaintiff was informed, however, that he was not to be provided copies of records unless he had pre-paid for all costs associated with producing said copies. (Id.)

3. In response to this Court's Order, counsel for the Defendants drafted correspondence to Nettie Burks, H.S.A., Ventress' Health Services Administrator, copying her with this Court's Order and relaying the substance of the Order -- that Mr. Moon was to be given an opportunity to review his medical and dental files on or before October 2, 2007. (See Letter dated September 17, 2007, attached hereto as Ex. "A").

4. Pursuant to direction from counsel (and this Court's order), H.S.A. Burks scheduled a time and place for Mr. Moon to review his medical/dental records on September 20, 2007. (See Affidavit of Nettie Burks, H.S.A., attached hereto as Ex. "B"). Nurse Burks explained to Mr. Moon that it was his responsibility to pre-pay for copies of those medical/dental records requested. (See Infirmary Nursing Progress Notes, attached hereto as Ex. "C"). Mr. Moon did not have adequate funds to pre-pay for those records desired, however, and, as such, requested additional time to gather funds. (See Ex. "C").

5. On September 28, 2007, H.S.A. Burks again allowed Mr. Moon to present to the HCU to review his dental/medical records pursuant to his request. (Id.) At that time, Mr. Moon requested copies of forty-two (42) pages of medical records at a cost of $38.50. (Id.) However, Mr. Moon failed to secure adequate funds for the copies and requested additional time to secure funds. (Id.)

6. On October 2, 2007, Plaintiff filed a motion with the Court entitled "Order for Compliance #63-1" stating, again, his belief that the copying machine in the HCU would be inadequate for copying purposes. (See Doc. No. 65). Of course, as of this date, Mr. Moon had not paid for any copies to be made and, as such, had no way to gauge the quality of those copies produced by the copy machine in the HCU. (See Ex. "C"). Mr. Moon continued to assert his desire to have copies made at Ventress' "front office." (Id.) He claimed, erroneously, that the Court ordered the Defendants to allow him to make copies at the "front office" instead of the HCU. (See Doc. No. 65).

7. On October 3, 2007, the Court issued an Order explaining that it did not order the Defendants to allow Mr. Moon to copy his records at the "front office" and denying his Motion to Compel. (See Doc. No. 66).

8. On October 16, 2007, Mr. Moon submitted correspondence to H.S.A. Burks stating that he no longer desired copies of his medical records. (See Ex. "C").

9. On October 22, 2007, Plaintiff filed a motion with the Court entitled "Motion to Reconsider Document # 66-1." (See Doc. No. 74). In said motion Plaintiff claimed that H.S.A. Burks failed to comply with this Court's Order of September 12, 2007 (Doc. No. 63) by failing to allow him to write out by hand those forty-two (42) pages of medical records he did not wish to pay for to have copied. (Id.)

10. H.S.A. Burks instructed Plaintiff that he would not be given unlimited time to write out forty-two (42) pages of medical records by hand. (See Ex. "B"). It was H.S.A. Burks' belief that this Court's Order did not contemplate such an action due to the recourses involved in assigning a correctional officer to guard Mr. Moon at all times during the records review process. (Id.) H.S.A. Burks believed that allowing Mr. Moon

an unlimited (undefined) amount of time to copy his medical chart by hand would be unduly burdensome upon the limited personnel resources of the ADOC. (Id.)

11.     If the Court wishes to allow Mr. Moon an opportunity to hand write those forty-two (42) pages requested from his medical chart, Defendants request that the Court issue an Order establishing a reasonable amount of time for said review and copying.

12.     The Defendants will certainly comply with any such order issued by the Court.

Respectfully submitted this the 15th day of November, 2007.

                                                                *s/ R. Brett Garrett*
                                                                 R. BRETT GARRETT (GAR085)
Attorney for Defendants Marvin West, D.D.S., Travis Miers, D.M.D., William Shirley, D.D.S., Anthonette Marsh, L.P.N. and Nettie Burks, R.N., H.S.A.

Of Counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
PO Box 270
Montgomery, AL  36101-0270
Telephone: (334) 206-3260
Fax: (334) 481-0808
E-mail: bg@rsjg.com

## CERTIFICATE OF SERVICE

  I hereby certified that I have mailed via U.S. mail, properly addressed and first-class postage prepaid, the foregoing document this 15th day of <u>November, 2007</u>, to the following:

James Charley Moon (AIS# 212228)
STATON CORRECTIONAL FACILITY
PO Box 56
Elmore, AL 36025

                   <u>s/ R. Brett Garrett</u>
                   Of Counsel

| | LAW OFFICES | |
|---|---|---|
| Charles A Stakely<br>J Theodore Jackson, Jr<br>James W. Garrett, Jr<br>Robert A Huffaker<br>Thomas H Keene<br>Richard B Garrett<br>Jeffrey W. Blitz<br>Dennis R Bailey<br>Ronald G Davenport<br>Fred W Tyson<br>Robert C Brock<br>F Chadwick Morriss<br>T. Kent Garrett<br>Frank J Stakely<br>William S Haynes<br>Helen Crump Wells<br>Paul M James, Jr<br>Chris S Simmons | **RUSHTON, STAKELY, JOHNSTON & GARRETT**<br><br>A PROFESSIONAL ASSOCIATION<br><br>184 COMMERCE STREET<br>MONTGOMERY, ALABAMA 36104<br><br>Mailing Address:<br>Post Office Box 270<br>Montgomery, Alabama 36101-0270<br><br>Telephone: (334) 206-3100<br>Facsimile: (334) 262-6277<br>Website: www.rsjg.com | Robert C Ward, Jr<br>Bowdy J Brown<br>Daniel L Lindsey, Jr<br>Patrick M Shegon<br>Benjamin C. Wilson<br>L Peyton Chapman, III<br>William I. Eskridge<br>Alan T. Hargrove, Jr<br>R. Austin Huffaker, Jr<br>Richard L McBride, Jr<br>R Mac Freeman, Jr<br>James R Dickens, Jr<br>R Brett Garrett<br>Bethany L Bolger<br><br>*Of Counsel*<br><br>Jesse M Williams, III |

September 17, 2007

Nettie Burks, R.N., H.S.A.
Ventress Correctional Facility
P.O. Box 767
Clayton, AL 36016

    RE:    Claimant:    James Charley Moon v. Prison Health Services, Inc.,
                                   Samuel Rayapati, M.D., et al.
            Location:    Ventress Correctional Facility
            WLS Claim No.:    ASG-SIR06-51514

Dear Nurse Burks:

    Enclosed with this letter you will find an Order issued by United States Magistrate Judge Wallace Capel, Jr. demanding that we allow James Moon to review his medical and dental files on or before October 2, 2007. Please schedule a time for Mr. Moon to be allowed to review these documents prior to this date.

    As always, Mr. Moon is not allowed to have any records copied unless he has prepaid for the costs associated with producing the copies.

    If you have any questions or comments, please feel free to contact me at the number above listed. Otherwise, please contact my assistant, Kristi, at 334-206-3138 and let her know when Mr. Moon will be allowed to view his files.

                                                                Sincerely,

                                                                R. Brett Garrett

RBG2/kml


EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES CHARLEY MOON (AIS# 212228),

    Plaintiff,

V.

                                  2:06-CV-384-WKW

SAMUEL RAYAPATI, M.D., ET AL.,

    Defendants.

## AFFIDAVIT OF NETTIE BURKS, R.N., H.S.A.

BEFORE ME, _Reba Currie_, a notary public in and for said County and State, personally appeared NETTIE BURKS, R.N., H.S.A., and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of her ability, information, knowledge and belief, as follows:

"My name is Nettie Burks. I am over the age of twenty-one and am personally familiar with all of the facts set forth in this Affidavit. I hold an Associates Degree in nursing from Wallace College. I have been a licensed, registered nurse in Alabama since 1997. I have served as the Health Services Administrator (H.S.A.) at Ventress Correctional Facility ("Ventress") in Clayton, Alabama, since November 3, 2003. From November 3, 2003, through October 31, 2007, my employment as H.S.A. was with Prison Health Services, Inc. ("PHS"), the company that contracted with the Alabama Department of Corrections to provide medical services to inmates at all times pertinent to this matter. This affidavit is being provided in support of Defendants' response to Court Order dated October 22, 2007.

EXHIBIT B
Blumberg No. 5118

On September 17, 2007 I received correspondence from R. Brett Garrett, Esq. copying me with this Court's Order of September 12, 2007 and relaying the substance of the Order -- that Mr. Moon was to be given an opportunity to review his medical and dental files on or before October 2, 2007.

In response to this correspondence and Order I scheduled a time and place for Mr. Moon to review his medical/dental records on September 20, 2007. I explained to Mr. Moon that it was his responsibility (pursuant to this Court's Order) to pre-pay for copies of those medical/dental records requested. Mr. Moon did not have adequate funds to pre-pay for those records desired, however, and, as such, requested additional time to gather funds.

On September 28, 2007, I again allowed Mr. Moon to present to the HCU to review his dental/medical records pursuant to his request. At that time, Mr. Moon requested copies of forty-two (42) pages of medical records at a cost of $38.50. However, Mr. Moon failed to secure adequate funds for the copies and requested additional time to secure funds.

I recall that Mr. Moon subsequently began to transcribe by hand those medical records requested line by line. I instructed Mr. Moon that he would not be given unlimited time to write out forty-two (42) pages of medical records by hand. It was (is) my belief that this Court's Order of September 12, 2007 did not (does not) contemplate such an action due to the recourses involved in assigning a correctional officer to guard Mr. Moon at all times during the records review process. I believe that allowing Mr. Moon an unlimited (undefined) amount of time to copy his medical chart by hand would be unduly burdensome upon the limited personnel resources of the ADOC.

On October 16, 2007, Mr. Moon submitted correspondence to me stating that he no longer desired copies of his medical records.

If the Court wishes to allow Mr. Moon time to copy his medical records by hand I will certainly comply."

Further affiant sayith not.

_____
NETTIE BURKS, R.N., H.S.A.

STATE OF ALABAMA     )
                     )
COUNTY OF Barbour    )

Sworn to and subscribed before me on this the 15th day of Nov., 2007.

_____
Notary Public

My Commission Expires:

9-8-08

Case 2:06-cv-00384-WKW-WC   Document 82   Filed 11/15/2007   Page 10 of 10



**PRISON HEALTH SERVICES INCORPORATED**

## INFIRMARY NURSING PROGRESS NOTES

| Date/Time | |
|---|---|
| 9/20/07 11 AM | Inmate was called to HCU to review medical/dental records. After explaining to inmate he will have to pay for copies before receiving the copies, he stated "I don't have any money in my account now I'll have to wait until I have some in it." — N Burks, RN |
| 9/27/07 230 | Inmate in infirmary NPO status as ordered. Ambulate to TX area for VS 120/70, 72, 18, 97.4 O2 sat 95%. Will continue to monitor & maintain NPO status. — K Lee LPN |
| 9/28/07 - 12 | To HCU for review of medical/dental record of five volumes. After review inmate indicated he wants copies of 42 pages for a total of 25 = $8.50. He will receive copies & payment to PHS from business office from his account. — N Burks, RN |
| 10/16/07 | Received a request from inmate on OM stating he no longer needs copies of medical records. — N Burks, RN |

INMATE NAME (LAST, FIRST, MIDDLE): Moon, James   DOC#: 212228   DOB: 8/10/52   R/S: W/M

EXHIBIT C

PHS-MD-70049