IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| James Charley Moon, § | |
| Plaintiff, § | |
| vs. § | Case No.: 2:06-CV-384-WKW |
| Samuel Rayapati, M.D., et al., § | |
| Defendants. § | |
| § | |

## ANSWER AND REBUTTAL TO THE DEFENDANTS SUPPLEMENTAL SPECIAL REPORT DATED OCTOBER 31st, 2007

**Comes now,** the Plaintiff James Charley Moon, acting pro se in the above styled cause, and present this answer and rebuttal to the Defendants supplemental special report, and shows that there [are] genuine issues of material fact.

1]. On November 5th, 2007 the Plaintiff received the defendants answer from the Honorable Troy King, for defendants J. C. Giles, Warden III, and Captain Larry Monk, Captain for the Alabama department of Corrections.

2]. Plaintiff avers that since the filing of his $ 1983 claims, he had been receiving copies of legal materials through regular mail at the Ventress Correctional Facility and even other inmates for the same reasons: because of the 50¢ per page rate have copies made inside the A.D.O.C. As this Honorable Court knows, this Plaintiff has sent in and otherwise submitted over 220 exhibits alone in the initial rebuttal to the defendants special report, and this is times (X) four additional copies, so that this Court and the defendants could be served exact copies

1

of the same as well as the retainment of a copy for the Plaintiff's own files. The Plaintiff is indigent, and does not have these type of funds available which makes it necessary to have copies made at home through cheaper means for reasons stated. The mail officer Ms. Mason for reasons unknown to Plaintiff gives these copies to Administrative Lt. Taylor after the Plaintiff had been receiving large amounts of copies for years from home.

3]. On may 29, 2006 this Plaintiff was called to Lt. Taylor's Office in the (administrative) front office. I received a large amount of legal copies that the Court requested. Lt. Taylor 'Stated: that Plaintiff would have to get pre-approval from Captain Monk, that She was giving me mail rejection notice and I needed to send her stamps to mail the legal papers back home.' So the Plaintiff sent Captain Monk a request the next day and I received it back (approved). See exhibit # E

4]. In captain Monk's affidavit (see last paragraph) he states; It should be noted that inmate Moon does not need special approval to receive legitimate legal mail, but as you see captain Monk contradicts himself by that statement. See Request: in the request for some copies of court records in my lawsuit with D.O.C. and prison Health Services, the court have requested these documents to prove as evidentiary materials, <u>quote by Captain Monk</u>;

> " Any future items such as this received
> without pre-approval, and you will get
> a mail rejection notice."

Captain Monk <u>Contradicts himself</u>, but when Plaintiff picks up his Court documents, Lt Taylor got mad, because I went over her head, and threaten Plaintiff with a disciplinary, if I did not get pre-approval, <u>and from then on Plaintiff has been denied copies of legal mail through regular mail</u>.

2

5]. Captain Monk stated that... " In accordance with administartive Regulation 448, materials mailed from home are not defined as or considered legal mail." Therefore, there was no allowance for an inmate to be approved to receive legal mail from home. Plaintiff alleges that Administrative Regulation 448 only gives a definition of what is to be considered as legal mail, it does not say to whom may send or may not send these documents, only that they are identified as: letters to and from attorneys, clerks, courts, judges, and other officials of the Courts and/or government agencies. The documents I requested to be sent in are all within the definitions of legal mail, see exhibits A thur E.

6]. Plaintiff was only following instructions by Lt. Taylor and Captain Monk by getting pre-approval, Plaintiff could have sent them by legal mail, as long as the items contained were identifiable things from the courts' or lawyers, or identifiable things that were sent by clerk's of the courts and governmental agencies, these things could have been sent by individuals as long as there is no abuse of mail privileges. See page 6 of 10 number 5. at d. quote: "Receipt of mail, identified as legal mail, from any individual or agency not meeting the legal mail definition will be rejected". In other words, if the Plaintiff sent his personal letters or magazines, pictures, thru legal mail, these tpye of things ARE NOT identifiable as legal mail, and would be rejected. Captain Monk is twisting the meanings of the legal mail definition in the administrative regulation 448 as legal documents from home to meet his own definition of legal mail, but they have already been sent in to Plaintiff one time through legal mail. How can the same documents not be considered legal mail, if they are mailed back to plaintiff.

7]. In warden j. C. Giles' affidavit, he stated: "

> "I deny that I have received a request slip from
> INMATE JAMES MOON # 212228 at any time in

3

>referance to a request for a copy of his
>legal materials or stating that he was
>having problems getting any materials."

Warden J. C. Giles violates section 22-9A-26 of the Code of Alabama 1975, which states in pertinent part that: "Any person who does any of the following shall be guilty of a Class (C) Felony. See exhibit #A thur.D

    1). Any false statement in a certificate or Affidavit;

    2). or Supply's false information;

    3). with intent to deceive.

On 10/17/07 this Plaintiff sent Warden J. C. Giles an inmate request slip along with attached exhibits # marked A, B, C, and D, and in this request I specifically stated: "On 10/2/07 and 6/13/07 I sent requests asking Captain Monk for premission to have my legal mail sent back into the institution where I have sent them home. I need these documents to file on my lawsuit with the D.o.C. and PHS, and the Alabama State Bar needs a copy of the entire file that Attorney Reed returned to me. As you know, I have to exhaust my administrative remedies, can you help me with this problem. Plaintiff also received these documents back.

In exhibits' # C the word I is underlined 2 times in Red Ink in which the court has the original (denied) signed copy by Captain Monk. In the request to Warden J. C. Giles, he circled the words (sent back) in RED INK (see exhibit #A-thur D) as a mockery to what captain Monk underlined the word I. This only tells me that they can do as they please and nobody can do anything about it. The Plaintiff will submit to a polygraph test if Warden J. C. Giles will submit to one. I & I gives these test to get at the truth if need be.

    8]. Warden J. C. Giles also states that there is nothing mentioned about being allowed to write by hand on another sheet of paper what is in my medical files.

4

9]. Plaintiff sent Ms. Ross several requests trying to get copies made of said medical records, See exhibit # __F__ dated 10/04/07. The cost of the copies were wrong, so Ms. Ross asked this Plaintiff to correct the amount in which I did, and she also asked Plaintiff to send a copy of the court order, I also did this, and I asked Ms. Ross to return my court order, which she did after waiting ten (10) more days and three (3) more requests and the Court ruling on my injunction, I sent a fourth (4th) request whereby I stated:

> "<u>Date</u>: October 14th, 2007.
>   Ms. Ross,
> I have sent several requests for you to take $38.50 off my account because of <u>delays</u>, I no longer need this done. <u>Please</u> <u>Do</u> <u>Not</u> take this money off my account. I have also told Ms. Burks not to make these copies. The Civil Court has ruled on my Injunction."

10]. This Honorable Court had ordered that this be done before October 2, 2007. Plaintifff was over at H.C.U. on September 28th, 2007 Ms. Burks (D.O.N.) sent a cost sheet to the front office and also gave Plaintiff a copy See exhibit # __G__ , so as you can see, a copy of this Honorable Courts' order was received by the front office as requested by Ms. Ross. All of the defendants are working in concert together delaying what this Honorable Court had ordered a month earlier in September of 2007. had the defendants allowed the Plaintiff to copy down things and dates that were written down in his medical files the Plaintiff could have answered and showed this Honorable Court that Plaintiff claims [ARE] indeed valid, in which the Defendants have still not complied with the orders.

11]. Plaintiff will also show in exhibits # __H__ a copy of Alabama Department of Corrections progress review form that Plaintiff was to remain at Ventress for family ties and that Warden J. C. Giles had the Plaintiff transferred for retalitory reasons, and the Plaintiff has not been allowed to copy hand written copies the report to prove his claim.

## C O N C L U S I O N

The Plaintiff's request for relief is with merit, and further more has been proven by the evidence now before this Court. The Plaintiff has demonstrated both substantial evidence, and appropriate precedent that there is genuine issue of facts relating to constitutional violations by the Defendants, and that Plaintiff is, therefore, entitled to judgment in his favor as a matter of law. The Plaintiff has clearly met his required burden.

Accordingly, the Plaintiff request this answer and rebuttal to the Defendants 'special report' be treated and denominated as a Motion for Summary Judgment, and that this Court enter judgment in his favor.

Done on this the 13 day of November, 2007.

Respectfully   Submitted,

James Charley Moon,   pro se
AIS# 212228     UNIT# F-1-20-B
Staton Correctional Facility
Post Office Box 56
Elmore, Alabama 36025


## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing on the defendants by placing a copy of the same in the United States mail properly stamped and addressed to: Hon. Troy King, Office of the Attorney General, 11 South Union Street, Montgomery, Alabama 36130-152, thus on this the 13 day of November, 2007.

Plaintiff      pro se

6

James C. Moon #212228  AIS  Dorm B
Staton Correctional Facility
P.O. Box 56
Elmore, Alabama 36025



Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711