IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JAMES CHARLEY MOON, | § | |
| Plaintiff, | § | |
| vs. | § | Case No.: <u>2:06-CV-384-WKW</u> |
| SAMUEL RAYAPATI, M.D. et al., | § | |
| Defendants. | § | |

## PLAINTIFF'S REBUTTAL AND RESPONSE TO
## COURT ORDER DATED OCTOBER 22, 2007

**Comes now,** the Plaintiff James Charley Moon, acting pro se in the above styled cause, and present this answer and rebuttal to Defendants Response to the Court Order dated on October 22, 2007, and shows that there [are] genuine issues of material facts.

1]. On November 16, 2007 the Plaintiff received the Defendants Answer to Court order dated October 22, 2007.

2]. On September 12, 2007 the court issued an order granting the Plaintiff's Motion of (see No. 62) dated Septembet 11, 2007. The Plaintiff was to be given an opportunity to "access" those medical/dental records in question (see DOC No. 63). The order specifically directed the Department of Corrections and Prison Health Service at Ventress to allow Plaintiff to "inspect and/or copy his prison medical/dental file" on or before October 2, 2007. (id.) The Order allowed for the Plaintiff to make handwritten copies of said records. (id.) also that Plaintiff would pre-pay for all copies.

3]. On September 20, 2007, Plaintiff was called over to H.C.U. to see (RN) Nettie Burk, H.S.A., Nurse Burks explained to Plaintiff that

1

he would have to pre-pay for said copies. Plaintiff stated he had some money on his account now, and had received $40.00 dollars last night, but they had not put his funds on his P.M.O.D. account yet, but his money would be on his account by September 21, 2007 the next day but the Plaintiff was not called back over on September 21, 2007 to copy/write the said records.

4]. On September 28, 2007 Plaintiff was called back again after a delay of (8) days to HCU to review his dental medical records. At this time Nurse Burks (D.O.N.) stated Plaintiff would not be allowed to write down anything out of his records, Nurse Burks seen I had pen and paper with me (Plaintiff), but refused Plaintiff written copies as ordered by this Honorable Court. Plaintiff started looking for said documents out of his 5 volumes, and was only writing down which volumes and the number of copies the Plaintiff would need out of each separate volumes 1-5 when Nurse Burks stopped him from doing even this. Plaintiff was doing this because Plaintiff believed certain documents would have a record of what was missing should documents be missing later, and he'd have a record.

5]. In #5 paragraph of response to court order dated October 22, 2007, and November 15, 2007, sworn affidavits of Nettie Burks, RN. H.S. she stated: "The Plaintiff did not have funds for the (42) pages of medical records at a cost of $38.50, and that Plaintiff ask's for additional time to secure funds. <u>Nurse Burks does not tell the truth</u>. The Plaintiff had money as stated above on September 21, 200<u>7</u>, and always had these funds to present date of this rebuttal. That her refusal to abide by this Honorable Court's order was nothing more but being contrary with Plaintiff, acting with malicious, wanton, and evil intent to stop him from showing to this Honorable Court that there [are] genuine issues of material facts.

6]. In #10 paragraph, response to court order dated October 22, 2007

and dated November 15, 2007, In her sworn affidavit stated: I instructed Mr. Moon that he would not be given unlimited time to write out forty-two pages of medical records by hand. This is not the truth, because at the time Ms. Burks had no way of knowing how many pages the Plaintiff wanted copied, actually it would have only taken a couple (2) hours to have copied some dates needed and a few notes in writing, other then maybe (25) copies made of medical/dental records. The Correctional Officer's at H.C.U. are assigned at HCU 24 hours a day where the Plaintiff was sitting at during the records review process, and in "no" way would it have been a problem. Plaintiff was on transfer on October 22, 2007 to Staton Correctional facility, Plaintiff transfer money in his PMOD account was over $100.00 dollars, see exhibit#A.

7]. Plaintiff would have shown the Honorable Court that Nurse Burks took plaintiff off of his acid reflux cronic care in 2003 and from 2003 thur the present, there have been breaks in his medication. See **Miller v. King, 384 F. 3d 1248 (11th Cir. 2004) @ 1261 quote**; A causal connection may be established (1) when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he [or she] fails to do so; (2) when a supervisor's custom or policy results in deliberate indifference to constitutional right; or (3) when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so."

Ms. Burks (DON) Director of Nursing was put on notice that Plaintiff (Moon) needed to be put back on cronic care for acid reflux, because he was constantly running out of his medication for weeks at a time before restarting medication back up. Plaintiff also suffers from Glycoma Ms. Burks stated: that neither Glycoma medication, nor Acid Reflux disease warrants cronic care, however, when NAPA healt Care Services had contract

3

with the DOC, Plaintiff was on cronic care. Plaintiff believes these are serious medical conditions without medication, Plaintiff esophagus close up, and the pressure in his eyes goes up and blood vessels burst in the Plaintiff's eyes causing Plaintiff to go blind sooner. from August 18, 2007 thur September 8, 2007 Plaintiff received "NO" medication.

Plaintiff constantly went to KOP (Keep on person) for medication during this time, filed a sick call slip on 8/24/07, but was refused to see Dr. Pleasent on 8/29/07. See exhibits# __B__ Also see inmate grievance form exhibit# __C__ it was not until Septembet 8, 2007 did Plaintiff receive medication (1) bethmol & Prilosec. there is a widespread of abuse which Ms. Burks as the responsible supervisor has been put on notice to correct the alleged deprivations. It is there supervisory custom or policy which is a result in "deliberate indifference' to plaintiff 8th amendment violations. see **Farmer, 511 U.S. at 837, 114 S. Ct. at 1979** (stating that an individual may be held liable under the Eighth Amendment only if the Official knows of and disregards an excessive risk to inmates health or safty; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [he] or [she] must also draw the inference; Ms Burks is denying Plaintiff of "the minimal civilized measure of life's necessities" **Chandler, 379 F.3d at 1289-90**. Nurse Burks knows Plaintiff has surgery scheduled for september 27, 2007 because of a esophageal stricture caused by these very things Acid reflux and constantly taking pain medication as recommended to do whatever is necessary to take care of Plaintiff's dental problems. See, exhibits # _____ This is why preliminary injunction is needed to correct "an unreasonable risk of serious damage to Plaintiff's future health."

Moon would show several request stating this problem. Dr. Sherily also stated; that there had been "NO" damage done, this is not true. On September 27, 2007 Plaintiff had another Balloon Dilation done due to Acid Reflux, because Plaintiff was not receiving his medication and taking

4

to much pain medication. See Ms. Burks answer dated November 15, 2007 ← _C_ exhibit
exhibits# _D_ will show that Plaintiff was in HCU under observation after surgery. That since transfer, Plaintiff has been without medication for two weeks. Plaintiff still has not had partial plates made by dentist or seen the doctor after (2) request stating; Plaintiff has been throwing up at night, and need his medications, that by not having said medication severe damage is being done to esophagus that Plaintiff has already lost 69% of his esophagus, also Plaintiff need to be put back on cronic care for his glycoma, where he goes weeks without medication and the pressure inhibited in his right eye gets so <u>high</u> that the blood vessels burst. Plaintiff would show the documents that prove he has a genuine issues of material facts.

8]. In the 11th Circuit, courts have interpreted the "prevailing professional standard of care" to be the "level of care, skill, and treatment, in light of all relevant surrounding and appropriate by reasonably prudent similar prison health services providers" see, <u>Nelson v. Prison Health Service, Inc.,</u> 991 F. Supp. 1452, 1466 Plaintiff would come forward with sufficient "evidence that [their] alleged actions.... did represented a breach of the prevailing professional standard of care."

## CONCLUSION

The Plaintiff request for relief is with merit, and furthermore, Plaintiff would ask this Honorable Court to order the defendants to put Plaintiff back on acid reflux cronic care and cronic care for glycoma to insure that he receives proper care and medications and appointments made by cronic care to make pertial plates somewhere, for there is a lack of staff here at Staton, and put Plaintiff on soft food diet for he is now missing fourteenth (14) teeth with a stricture in esophagus for Plaintiff only has 40% of a normal opening to swallow his food.

Plaintiff has demonstrated both substantial evidence, and appropriate precedent that there is genuine issue of facts relating to constitutional violations by the defendants, and that Plaintiff is therefore, entitled to judgment in his favor as a matter of Law. The Plaintiff has clearly met his required burden.

Accordingly, the Plaintiff request this answer and rebuttal to the defendants special report be treated and denominated as a Motion for Summary Judgment, and that this Court enter judgment in his favor.

Done on this the 22 day of November, 2007.

Respectfully  Submitted,

*James C. Moon*
James Charley Moon       pro  se
AIS# 212228     Unit # B-__-__A
Staton Correctional Facility
Post  Office  Box   5 6
Elmore, Alabama    3 6 0 2 5


## CERTIFICATE  OF  SERVICE

I hereby certify that I have served a copy of the foregoing on the defendants by placing a copy of the same in the United States mail stamped and address to:

RUSHTON, STAKELY, JOHNSON & GARRETT, P.A.
POST    OFFICE    BOX    2 7 0
MONTGOMERY,    ALABAMA    36101-0270

done on this the 22 day of November, 2007.

*James C. Moon*
James Charley Moon, Plaintiff

James Charley Moon 212228 B-32
Staton Corr. Fac.
P.O. Box 56
Elmore, AL 36025

9577




Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, AL 36101-0711