IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHER DIVISION

'08 JAN 23 A 9:37

James Charley Moon #212228    *
    Petitioner,         *

vs.                           *     Case No.#2:06-CV-384-WKW
                              *
Samuel Rayapati.MD.Etal.,     *
    Defendants.

MOTION FOR ORDER OF PRECEDURAL DEFAULT
THROUGH FRAUDULENT AND DECEIVING DOCUMENTS
SEE-DOCUMENT #96-1 DATED: 11/29/07 ORDER

Comes Now James Charley Moon, #212228, Plaintiff in the above styled cause, acting Pro Se, and moves this Honorable Court pursuant to Rule 55(b)(2) Federal Rules of Civil Procedure, for an ORDER of Procedural Default be entered AGAINST DEFENDANTS ADOC and further, AN ORDER OF SUMMARY JUDGEMENT be entered in favor of the plaintiff pursuant to Rule 56(A) of the Federal Rules of Civil Procedure. As grounds for said orders to enter, the Plaintiff shows the following:

1) On November 29, 2007, this Honorable Court ENTERED AND ORDERED document #96-1 for good cause it is ORDERED that on or before December 13, 2007 the ADOC defendants file a Supplemental Special Report in responce to Plaintiff's

1

allegations that he was placed on RESTRICTION for 45 days and during such time he was denied Toothpaste and/or the ability to purchase toothpaste. Defendants Supplemental Special Report should also include any and all documents, regulations records, ET., regarding Plaintiff's violation of Administrative Regulation 403 and the subsequent FREEZE placed on his inmate account. As a result of his involvement in the Rules Violation. It is further ORDERED that Plaintiff may file a response to the Supplemental Special Report within fifteen (15) days of the filing of the Supplemental Special Report and said responce shall be filed in accordance with the provisions contained in the Court's October 23, 2006 order (See Doc. No. 37).

2) On December 12, 2007 the Defendants filed a Motion For Extension of Time (Doc. No. 101) However, Plaintiff did not receive this motion until AFTER the court GRANTED an extension December 13, 2007 to January 16, 2008 to file their Supplemental Special Report. I did not think much about why I did not receive this motion till AFTER dead line had expired. This Motion from ADOC was sent to another Institution in which Plaintiff has never been This was

2

their "INTENTIONAL PLAN" to set up Plaintiff so he would PROCEDURALLY default himself by not rebutting the Defendants answer making whatever they said TRUE.

3) Plaintiff shows the ADOC Defendants has procedurally defaulted themselfs. That their Supplemental Special Report ORDERED by this Court on or about by January 16, 2008 has not been SATISFIED See Document #102-1 Dated 12/12/2007. The Plaintiff calls the court's ATTENTION to A.R.CIV.PRO. Rule 8(d) **"AVERMENTS IN PLEADING TO WHICH A RESPONSIVE PLEADING IS REQUIRED, OTHER THAN THOSE AS TO THE AMOUNT OF DAMAGE, ARE ADMITTED WHEN NOT DENIED IN THE RESPONSIVE PLEADING."** This is the Defendants second (2) time the ADOC has been giving chance since the original filings in May. of 2006 TO ANSWER THE SUPPLEMENTAL SPECIAL REPORT. The defendants ADOC have never addressed Moon's Supplemental Special Pleading, therefore, they must be considered admitted and this would twarted any GRANT OF Summary Judgement in the future, pursuant to MANDATES of Rule 55(b)(2) F.R.CIV. Pro., has "Failed to Plead." As to this date Jan. 22, 2008 Plaintiff has not received a RESPONSIVE Pleadings as ORDERED in Doc. No. 96-1 Date filed

3

11/29/2007.

4) The ANSWER is Simple: PLAINTIFFS ALLEGATIONS ARE TRUE, AND they do not know how to ANSWER them. The Defendants ADOC and their ATTORNEYS ARE FORCED to send FRAUDULENT and deceiving documents to the court and Plaintiff in an ATTEMPT to hide the facts and document's the Plaintiff would produce in his RESPONCE to their Supplemental Special Report "if" Plaintiff receives in the fifteen (15) days ALOTTED by the court, would prove his ALLEGATIONS.

5) Plaintiff believes that Defendant ADOC and their ATTORNEYS sent the Plaintiff's copy of their Supplemental Special Report went to ST. Clair Correctional Facility 1000 St. Clair Road, Springville, AL 35146 and Plaintiff will not receive his copy at Staton Correctional Facility until after his fifteen (15) days have past for his responce to their Supplemental Special Report. Thus making their UNDISPUTED ALLEGATIONS be treated AS TRUE.

Plaintiff REALIZED this: When he looked at document No.# 101 Motion For Extension Of Time See address on the Certificate of Service were the Defendants ATTORNEYS changed the address to suit their purposes. These type of

4

TACTICS should not be tolerated. Plaintiff would show that on Oct. 31, 2007 Plaintiff filed a Motion to the Defendants and their ATTORNEYS a Motion For RETALIATION CLAIM for being transferred to STATON CORRECTIONAL FACILITY and three (3) days prior to that on Oct. 29, 2007 filed a change of address with this Honorable Court and ALL defendants were sent a change of address.

Therefore, it is CLEAR FROM the records that defendants have been noticed up as to Plaintiff's correct address, and are now entering into further nuesence Litigation. Wherefore, Plaintiff now moves this Honorable Court to STRIKE Defendant's Pleadings as Untimely and inappropriate. And now moves for Judgement on the Pleadings pursuant to Rule 55(B)(2) F.R.CIV.Pro.

Done this _22_ second day of January 2008.

*James C. Moon*
James Charley Moon, pro se
AIS#212228 Dorm B-32A
Staton Correctional Facility
P. O. Box 56
Elmore, AL 36025

5

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this the 22nd day of January, 2008, served a copy of the foregoing upon the Defendants by placing same in the United States Mail, Postage Prepaid and properly addressed as follows:

cc: Honorable s/Benjamin H. Albrittion
    Office of the Attorney General
    11 South Union Street
    Montgomery, AL 36103-0152

James Charley Moon 212228 B-32A
Staton Corr. Facility
P.O. Box 56
Elmore, Alabama 36025



MONTGOMERY AL 36
22 JAN 2008 PM 2

Office of the Clerk
United States District Court
P.O. Box 711
Montgomery, Alabama 36101-0711