IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

James Charley Moon
    Plaintiff,

v.                                              Civil Action No. 2:06-CV-384-WKW

Samuel Rayapati, M.D., et al
    Defendant.

## AFFIDAVIT OF JAMES MOON, PLAINTIFF

Before me, __Jeff C. Burnett__, a Notary Public in and for said County and the State of Alabama, personally appeared James Charley Moon, and being duly sworn, deposed and says on oath that the averments contained in the foregoing are true to the best of his ability, information, knowledge and belief, as follows:

My name is James Charley Moon. I am over the age of twenty-one and personally familiar with all of the facts set forth in this Affidavit.

Plaintiff asserts that L.P.N. Marsh's supplemental affidavit of April 10, 2008 amounts to an admission that she did not apply due diligence in reviewing the medical records and is an attempt to further cloud the issue, and cover up the absolute fact that Ms. Marsh's mistreatment of the Plaintiff was for the specific purpose of inflicting punishment (pain and misery).

First and foremost, Moon points out that in her original affidavit Ms. Marsh attempts to assert that Moon's complaint was that she took his food tray from him not allowing Moon to eat.

1

When in fact, and in essence, the complaint is just the opposite. Ms. Marsh deliberately gave Moon a food tray knowing that Moon was not supposed to eat!... Then, she deliberately attempts to shift the blame to Moon for eating when he was not supposed to the clear and unambiguous record shows that Ms. Marsh had read the medical orders, and knew that Moon had an I.V. installed in lieu of food by mouth, and that eating would make him extremely sick, which it did.

Next, Ms. Marsh revisits the issue of Tylenol and attempts to cloud the issue once again. Moon's claim is not that he has an order for Tylenol, but that Moon had his own Tylenol and Ms. Marsh refused to let him have it. When the record clearly shows that Tylenol was the medication which Moon could have. The record clearly shows that Moon was given Tylenol before and after his encounter with Ms. Marsh.

The record further shows that when Moon attempted to assert his need for Tylenol Ms. Marsh retaliated against Moon, and ordered him out of the hospital to the shift office, for disciplinary action. But still Ms. Marsh claims she did nothing wrong. Moon was to be kept under observation due to internal bleeding. Ms. Marsh's malicious actions put Moon's life in jeopardy.

Ms. Marsh's statements are in direct conflict with the medical record,

and Moon's pleadings, therefore, creating a genuine issue of material fact for a jury determination.

*James Charley Moon*
James Charley Moon

Dated this 7th day of MAY, 2008

## AFFIRMATION

The Affiant affirms the foregoing to be true to the best of his information, knowledge and belief.

Dated this 7th day of MAY, 2008.

Sworn and subscribed before me this 7th day of May 2008.

_____            2-5-12
NOTARY PUBLIC                      MY COMMISSION EXPIRES