IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JAMES CHARLEY MOON, #212 228,      )
                                   )
            Plaintiff,             )
                                   )
v.                                 )      CASE NO. 2:06-CV-384-WKW
                                   )             (WO)
SAMUEL RAYAPATI, M.D., *et al.*,   )
                                   )
            Defendants.            )

## <u>ORDER</u>

On August 11, 2008, the Magistrate Judge filed a Recommendation (Doc. # 120) that

Plaintiff James Moon's ("Mr. Moon") 42 U.S.C. § 1983 ("§ 1983") claims, alleging

inadequate medical and dental care, be dismissed without prejudice for failure of Mr. Moon

to exhaust an available administrative remedy and that, as to the remaining § 1983 claims,

Defendants' motions for summary judgment be granted.  Having received an extension of

time to file objections to the Recommendation (Doc. # 123), and another extension to comply

with Federal Rule of Civil Procedure 11's requirement that he sign his objections (Doc.

# 126), Mr. Moon timely filed his objections on September 25, 2008.  (Doc. # 128.)

Mr. Moon's objections can be organized into three categories.  First, Mr. Moon

challenges certain matters related to the discovery phase of this case and the Magistrate

Judge's rulings.  Contrary to Mr. Moon's assertion (Doc. # 128 at 3), the Magistrate Judge

ruled on all of Mr. Moon's motions pertaining to discovery requests.  (*See, e.g.*, Docs. # 15,

32, 39, 63, 66 & 68.)  In particular, as to the Order entered on October 10, 2007 (Doc. # 68),

the Magistrate Judge did not "postpone[] a ruling until a later date" (Doc. # 128 at 3), but, rather, he denied the motion "subject to reconsideration pending [Mr. Moon's] compliance with the directives outline[d] . . . regarding issuance of a subpoena to a non-party." (*Id.*) Mr. Moon has not pointed to any entry in the record which reflects that he complied with the Magistrate Judge's directives. Moreover, Mr. Moon did not object to the Magistrate Judge's discovery rulings at the time the orders were entered. Not only are his present objections to those orders untimely, but Mr. Moon also fails to demonstrate that the Magistrate Judge's rulings on these pretrial matters are either clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A). Moreover, Mr. Moon's request "for relief" pursuant to Rule 56(f) of the Federal Rules of Civil Procedure (Doc. # 128 at 16) is untimely and, in any event, is not accompanied by an affidavit setting forth his reasons for needing further discovery as contemplated by Rule 56(f). *See* Fed. R. Civ. P. 56(f).

Second, Mr. Moon reasserts that the administrative remedies were ineffectual and that, consequently, he exhausted all remedies available to him. The court finds, however, that the Magistrate Judge correctly rejected Mr. Moon's subjective assertions, finding them unsupported by objective evidence. (Doc. # 120 at 11-12.) Moreover, as accurately discussed by the Magistrate Judge, exhaustion requires *proper* exhaustion, and Mr. Moon cannot replace the established procedures with his own methods and devices. (*Id.* at 9-11.) Finally, as to Mr. Moon's exhaustion argument, the majority of exhibits filed in support of his objections consist of information already a part of the record. Some of the exhibits,

2

however, purport to be grievances and grievance appeals which he allegedly submitted to healthcare personnel after his transfer to Staton Correctional Facility. (*See* Doc. # 81.) The latter documents, though, are not pertinent to the claims presented in Mr. Moon's complaint.

Third, Mr. Moon challenges the Magistrate Judge's recommended disposition of his Eighth Amendment claim predicated on the denial of an adequate supply of toothpaste and other hygiene products. The court, however, finds that the Magistrate Judge correctly analyzed the claim as presented to him by Mr. Moon in his complaint and summary judgment response (Doc. # 42). (Doc. # 120 at 20-22.) To the extent that Mr. Moon seeks to raise new theories of liability in his objections, the court rejects those attempts. *See Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief opposing summary judgment.").

Bottom line, having conducted an independent and *de novo* review, the court finds that Mr. Moon's objections fail to undermine the proposed findings and recommendations of the Magistrate Judge. Mr. Moon simply has failed to carry his burden to defeat Defendants' properly supported motions for summary judgment; he has not demonstrated that a genuine issue of material fact exists for trial on any of his claims.

Accordingly, it is the ORDER, JUDGMENT and DECREE of the court that:

1.    Mr. Moon's Objection (Doc. # 128) is OVERRULED.

2.    The Magistrate Judge's Recommendation (Doc. # 120) is ADOPTED.

3.      The motions for summary judgment filed by Defendants PHS, Inc., Dr. Samuel Rayapati, Dr. Travis Miers, Dr. Marvin West, Dr. William Shirley, Nurse Anthonette Marsh and Nurse Nettie Burk (Docs. # 24, 26, 33, 113) are GRANTED to the extent that the claims against these Defendants are DISMISSED without prejudice, in accordance with the provisions of 42 U.S.C. § 1997e(a), for failure of Mr. Moon to exhaust an available administrative remedy.

4.      The motions for summary judgment filed by Defendants Commissioner Richard Allen, Associate Commissioner Ruth Naglich, Warden J.C. Giles, Captain Larry Monk and Sergeant Sherwin Carter (Docs. # 10, 105) are GRANTED and Mr. Monk's claims against these Defendants are DISMISSED with prejudice.

5.      The costs of this proceeding are TAXED against Mr. Moon for which let execution issue.

An appropriate judgment will be entered.

DONE this 29th day of September, 2008.

        /s/  W.  Keith Watkins        
UNITED STATES DISTRICT JUDGE